

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

February 24, 2015

By ECF and By Hand
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    ***United States v. Sheldon Silver*, 15 Cr. 93 (VEC)**

Dear Judge Caproni:

      The Government respectfully submits this letter on behalf of the parties to jointly request that the Court enter the enclosed proposed Protective Order On Consent pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure to govern the use and disclosure of certain discovery materials in this action.

      The discovery the Government intends to provide includes numerous records belonging to individuals and entities other than the defendant, and includes bank account records, e-mail accounts, law firm client records, and patient medical and related records. Many of these records contain sensitive and personal information that is not otherwise publicly available including account numbers, social security numbers, dates of birth, addresses, telephone numbers, information related to legal representation, and information related to medical issues, including records potentially protected by the Health Insurance Portability and Accountability Act.

      Rule 16(d)(1) addresses the Court's ability to regulate discovery through protective orders. The Rule provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." *Id.* The Supreme Court has long approved protective orders under this Rule, directing that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969); *see also, e.g., United States v. D'Souza*, No. 14 Cr. 34 (RMB) (granting protective order on consent covering produced documents that were not otherwise publicly available); *United States* v. *Kats et al.*, No. 13 Cr. 368 (S.D.N.Y.) (DLC) (granting protective order covering disclosure of personal identification information).

      There is good cause for the proposed protective order. The individuals whose personal information is at issue have privacy and other rights that could be violated if their personal

information was disclosed beyond the confines of discovery in this case. Because of the nature of the materials at issue, the defendant is entitled to certain of these materials in unredacted form, and as to other materials, it is not feasible for the Government to individually redact sensitive and personal information from its discovery production on a document-by-document basis.

The proposed protective order also would not restrict unreasonably the defendant's right to prepare a vigorous defense. Under the proposed protective order, the defendant would have full access to and use of discovery material, including discovery material reflecting personal identification and other sensitive information. The defendant simply would not be able to distribute the material to others outside the confines of the order. Moreover, the order applies only to information that implicates legitimate privacy concerns, and specifies that it shall not be construed to prevent in any way the disclosure of such information in any motion, hearing, trial, or sentencing proceeding held in this action.

Accordingly, the Government respectfully requests on behalf of the parties that the Court enter the proposed Protective Order On Consent to safeguard the sensitive and personal information contained in the discovery to be produced by the Government.

Respectfully,

PREET BHARARA
United States Attorney

By: _____
Carrie H. Cohen (212-637-2264)
Howard S. Master (212-637-2248)
Andrew D. Goldstein (212-637-1559)
Assistant United States Attorneys
Southern District of New York

cc:     Joel Cohen, Esq.
        Steven Molo, Esq.
        Justin Shur, Esq.

Encl.

2