UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
:
UNITED STATES OF AMERICA
:
                    - v. -
:
SHELDON SILVER,
:

                    Defendant.
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

APPLICATION OF THE UNITED STATES
OF AMERICA FOR A POST-INDICTMENT
RESTRAINING ORDER AND ASSET
TRANSFER ORDER PURSUANT TO 18
U.S.C. § 981, 28 U.S.C. § 2461, and
21 U.S.C. § 853

15 Cr. 093 (VEC)

The Government respectfully submits this application (the "Application"), pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Sections 853(e) & (f), for the issuance of a post-indictment restraining order and asset transfer order (the "Restraining Order") that would restrain SHELDON SILVER and others with knowledge of the Restraining Order from disposing of or dissipating assets identified in the Indictment in this matter as being subject to forfeiture, and for certain of those assets, ordering the entities and/or individuals that control them to transfer the assets to the United States Marshals Service ("USMS") Seized Asset Fund pending the outcome of this case.

Specifically, the Government seeks to restrain and/or transfer the following assets (collectively, the "Subject Assets") in order to preserve them for forfeiture in the event of a conviction:

                    a.      Any and all funds and assets on deposit in Fidelity Investments, Account Number 614856932, held in the name of SHELDON SILVER (the "Fidelity 6932 Account");

1

b.      Any and all funds and assets on deposit in Fidelity Investments, Account Number 613438626, held in the name of SHELDON SILVER (the "Fidelity 8626 Account");

c.      Any and all funds and assets on deposit at Bank of New York Mellon, Account Number 980215084245, held in the name of SHELDON SILVER (the "BNY Mellon 980 Account");

d.      Any and all funds and assets on deposit at Morgan Stanley Smith Barney, Account Number 901010095, held in the name of SHELDON SILVER (the "Morgan Stanley 0095 Account");

e.      Any and all assets, notes, or other financial instruments held or managed by Counsel Financial Holdings LLC ("Counsel Financial") for or on behalf of SHELDON SILVER and/or Rosa Silver (the "Counsel Financial Assets");

f.      Any and all assets held or managed by JoRon Management LLC ("JoRon") for or on behalf of SHELDON SILVER, including but not limited to SILVER's interests in Alpha Orbit LLC, Clover Communities Fund I LP, Clover Communities Fund II LP, Clover Communities Fund III LP, Lerer Ventures II LP, and NewSat Limited (the "JoRon Assets");

g.      Any and all assets held or managed by Michael Joseph for or on behalf of SHELDON SILVER, including but not limited to SILVER's interests in Clover I and Clover – Brighton Square (the "Michael Joseph Assets");

h.      Any and all share certificates or other ownership interest held by SHELDON SILVER in Synacor, Inc. (the "Synacor Assets");

2

i.      Any fees that would otherwise be or have been paid to SHELDON SILVER from Weitz & Luxenberg, P.C. ("Weitz & Luxenberg") based on referrals from Doctor-1, as identified in the Indictment; and

j.      Any fees that would otherwise be or have been paid to SHELDON SILVER from Goldberg & Iryami, P.C. ("Goldberg & Iryami").[1]

In support of this Application, the Government attaches as exhibits hereto (a) the declaration of Special Agent Richard K. Wilfling (the "Wilfling Declaration"); (b) the proposed Restraining Order; (c) a copy of the Indictment; (d) a copy of the Government's prior application for Seizure Warrants in this matter, which was submitted to U.S. Magistrate Judge Frank Maas on January 21, 2015 (the "Seizure Warrant Application"); and (e) a copy of the seizure warrants issued by Judge Maas on January 21, 2015 (the "Seizure Warrants") based on the Seizure Warrant Application.  The Government further respectfully submits the following:

## The Indictment

On or about February 19, 2015, a grand jury sitting in this District returned a three-count Indictment charging SHELDON SILVER, the defendant, with honest services mail fraud, in violation of Title 18, United States Code, Sections 1341 and 1346 (Count One); honest services wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346 (Count Two); and extortion under color of official right, in violation of Title 18, United States Code, Section 1951 (Count Three).

---

[1]      Goldberg & Iryami is identified in the Indictment as the "Real Estate Law Firm"; the Government has named the firm in this Application because Goldberg & Iryami would be subject to the proposed Restraining Order.

The Indictment, attached hereto as Exhibit C and incorporated by reference, includes forfeiture allegations as to the offenses alleged in Counts One through Three.  The forfeiture allegations allege that SHELDON SILVER shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the said offense(s). The Indictment also identified all of SILVER's right, title, and interest in the Subject Assets, among other assets and properties, as being subject to forfeiture as constituting or being derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment.

## Prior Seizure Warrants

Prior to the return of the Indictment, on or about January 21, 2015, United States Magistrate Judge Frank Maas signed a complaint (the "Complaint") charging SHELDON SILVER with honest services wire fraud, honest services mail fraud, extortion under color of official right and conspiracies to commit honest services fraud and extortion.  That same day, the Government submitted to Judge Maas the Seizure Warrant Application, which was based in part on the Complaint, and is attached hereto as Exhibit D and is incorporated as if fully set forth herein.  Based on the Seizure Warrant Application, Judge Maas signed the Seizure warrants (attached hereto as Exhibit E), which authorized the United States to seize and/or restrain certain of the Subject Assets based on a finding that there is probable cause to believe that such assets are subject to seizure and forfeiture to the United States as property that constitutes or is derived

from proceeds obtained directly or indirectly as a result of the honest services fraud and extortion

offenses alleged against SILVER, or property traceable thereto.

Specifically, the Seizure Warrants authorized the Government to seize any and all funds

and assets in the following accounts that are included in the proposed Restraining Order (listed

above as Subject Assets (a) – (d)): the Fidelity 6932 Account; the Fidelity 8626 Account; the

BNY Mellon 980 Account; and the Morgan Stanley 0095 Account (collectively, the "Asset

Management Accounts").  In addition, Judge Maas issued Seizure Warrants authorizing the

Government to seize funds in four additional accounts:

a.      Any and all funds on deposit in HSBC Bank, Account Number

646014943, held in the name of SHELDON SILVER, Counselor at Law (the "HSBC 4943

Account");

b.      Any and all funds on deposit in Synchrony Bank, Account Number

5005138390, held in the name of SHELDON SILVER (the "Synchrony 8390 Account");

c.      $340,000 on deposit in HSBC Bank, Account Number 761883860, held in

the name of JoRon Management LLC (the "JoRon HSBC Account"); and

d.      $100,000 on deposit in Bank of America, Account Number

483025986924, held in the name of Counsel Financial Holdings LLC (the "Counsel Financial

BoA Account").

As set forth in the Wilfling Declaration (attached hereto as Exhibit A), the Government

has taken the following steps pursuant to the Seizure Warrants:

(a)      *The HSBC 4943 Account and the Synchrony 8390 Account*:  The Government is in the process of seizing the assets in the HSBC 4943 Account and the Synchrony 8390 Account and depositing the monies that were held in those accounts into the USMS Seized Asset Fund pending the outcome of this case.  As a result of such seizure, there is no reason to subject these funds to further restraint and accordingly they are not included in the proposed Restraining Order.

(b)      *The Asset Management Accounts*:  Because the Asset Management Accounts (the Fidelity 6932 Account, the Fidelity 8626 Account, the BNY Mellon 980 Account, and the Morgan Stanley 0095 Account) contain securities or other non-cash assets, the Government has chosen not to liquidate those accounts and instead has served the Seizure Warrants on the applicable financial institutions and asked that the accounts be restrained pending further instruction from the Government.  Because the assets in these accounts remain in the possession of their respective financial institutions, the Government has included these accounts in this Application to ensure they remain subject to Court-ordered restraint.

(c) *The JoRon HSBC Account and the Counsel Financial BoA Account*:  As set forth in the Wilfling Declaration, the monies paid by SILVER into the JoRon HSBC Account and the Counsel Financial BoA Account were moved out of those accounts and used to pay for or secure other investments and assets that are included in the proposed Restraining Order, including the Counsel Financial Assets, the JoRon Assets, the Michael Joseph Assets, and the Synacor Assets.  The proposed Restraining Order releases the JoRon HSBC Account and the Counsel Financial BoA Account from further restraint.

6

## The Assets Sought To Be Restrained and/or Transferred

The Subject Assets consist of the following categories of assets:

(a) *Assets that were subject to the Seizure Warrants (Subject Assets (a) – (d)).*  As set forth above and in the Wilfling Declaration, Judge Maas signed Seizure Warrants authorizing the Government to seize the Asset Management Accounts on the basis that there was probable cause to believe that the assets in those accounts consisted of proceeds of the alleged schemes or are traceable thereto.

(b) *Investments held by third parties (Subject Assets (e) - (g)).*  The Counsel Financial Assets, the JoRon Assets, and the Michael Joseph Assets consist of assets or financial instruments currently being held by third parties for the benefit of or on behalf of SILVER, and, as set forth in the Wilfling Declaration, are traceable to the proceeds of the schemes charged in the Indictment.  Certain of these assets pay out periodic distributions that, if not subject to restraint or seizure, would be paid to SILVER.  Counsel Financial, JoRon, and Michael Joseph have informed the Government that they consent to the terms of proposed Restraining Order affecting assets under their control or in their possession.

(c) *Investments held by SILVER (Subject Asset (h)).*  As set forth in the Wilfling Declaration, monies traceable to the proceeds of the schemes charged in the Indictment were used to purchase the Synacor Assets, which were then turned over to SILVER.

(d) *Ongoing payments by law firms to SILVER (Subject Assets (i) and ( j)).*  As alleged in the Complaint and the Indictment, SILVER was paid kickbacks in the form of referral fees from Weitz & Luxenberg, based on referrals to SILVER from Doctor-1, and Goldberg &

Iryami, based on SILVER's use of his official authority to cause and induce real estate developers to retain and continue to use Goldberg & Iryami for tax certiorari work.  As set forth in the Wilfling Declaration, SILVER was and is scheduled to receive further payments from Weitz & Luxenberg, based on referrals to SILVER from Doctor-1, and Goldberg & Iryami, absent any restraint on such payments.  Weitz & Luxenberg and Goldberg & Iryami have informed the Government that they consent to the terms of proposed Restraining Order affecting assets under their control or in their possession.

### <u>Authority for the Proposed Restraining Order</u>

Section 981(a)(1)(C) of Title 18, United States Code, subjects to civil forfeiture "Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title)." Section 1956(c)(7)(A) of Title 18, United States Code, in turn, provides that the term "specified unlawful activity" includes, among other things, "any act or activity constituting an offense listed in section 1961(1)" of Title 18.  Section 1961(1) of Title 18, United States Code, includes, among other things, violations of Section 1341 (relating to mail fraud), Section 1343 (relating to wire fraud), and Section 1951 (relating to extortion).

Although Section 981 is a civil forfeiture provision, Title 28, United States Code, Section 2461 provides that criminal forfeiture is mandated in criminal cases where federal law provides for civil forfeiture but there is no parallel criminal forfeiture provision.  *See* 28 U.S.C. § 2461(c). Section 2461 further provides that "[t]he procedures [in 21 U.S.C. § 853] apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section [relating to burdens of

proof and presumptions] applies only in cases in which the defendant is convicted of a violation of such Act." *Id.*

District courts have authority to enter restraining orders and injunctions to preserve the availability of property subject to forfeiture. Under Title 21, United States Code, Section 853(e)(1)(A), a protective order may be obtained upon the filing of an indictment charging a violation for which criminal forfeiture may be ordered and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture.[2] Notice and a hearing need not occur before an *ex parte* restraining order is entered pursuant to 21 U.S.C. § 853(e)(1)(A).[3] *See United States* v. *Monsanto*, 924 F.2d 1186, 1193 (2d Cir. 1991).

Courts in this District have entered restraining orders pursuant to Section 853(e) to ensure

---

[2]     Title 21, United States Code, Section 853(e)(1)(A) provides:

> Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section --
> (A)     upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section[.]

[3]     While Sections 853(e) and (f) authorize the Government to seek a restraining order and seizure warrants *ex parte*, the Government has served this Application on the defendant because the Government has previously been in discussions with counsel for the defendant (and with counsel for the third parties affected by the proposed Restraining Order) about the restraint of the Subject Assets, and counsel for the defendant is aware that the Government would be making this Application.

9

that the forfeiture penalty mandated by numerous criminal statutes, including fraud statutes, will not be frustrated by dissipation of the defendant's assets. *See, e.g.*, *United States* v. *Madoff*, No. 09 Cr. 213 (DC), 2009 WL 1055792 (S.D.N.Y. Apr. 20, 2009); *United States* v. *Ajemian*, No. 11 Cr. 1091 (VM) (S.D.N.Y. Oct. 12, 2012); *United States* v. *Kats*, No. 13 Cr. 368 (DLC) (S.D.N.Y. May 28, 2013).

By entering a restraining order and asset transfer order, the Court can preserve the *status quo* pending the jury's verdict and a forfeiture order.  Moreover, because certain of the assets at issue consist of monies, securities, or other instruments controlled by or in the possession of third parties, the proposed Order can ensure that such assets are not dissipated or intermingled with other assets pending the outcome of this matter. *See, e.g., United States* v. *Regan*, 858 F.2d 115, 119-121 (2d Cir. 1988) (holding in context of RICO forfeiture that restraining orders may be entered against non-defendant third parties in criminal forfeiture cases).

Furthermore, Title 21, United States Code, Section 853(f) provides that:

> The Government may request the issuance of a warrant authorizing the seizure of property subject to forfeiture under this section in the same manner as provided for a search warrant.  If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) of this section may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

Here, because certain of the Subject Assets consist of payments that, absent restraint, would be made directly to SILVER – namely, the ongoing law firm payments and any distributions from the Counsel Financial Assets, the JoRon Assets, and the Michael Joseph Assets – a protective

10

order under subsection (e) of Title 21, United States Code, Section 853 would not be sufficient to assure the availability of the property for forfeiture, because, *inter alia*, a protective order alone would not provide for the applicable law firms or financial parties to transfer the Subject Assets to the USMS Seized Asset Fund.  The deposit of such ongoing payments and distributions into the USMS Seized Asset Fund will ensure that (a) such funds remain available for forfeiture, and (b) a proper accounting of such funds is made pending the outcome of this case.

### The Proposed Restraining Order

The proposed Restraining Order, attached hereto as Exhibit B, provides that SHELDON SILVER, Weitz & Luxenberg, Goldberg & Iryami, JoRon, Counsel Financial, Michael Joseph, Fidelity Investments, Bank of New York Mellon, and Morgan Stanley Smith Barney, and their attorneys, agents, employees, and anyone acting on their behalf, and all persons or entities acting in concert or participation with any of the above, and all persons and entities with knowledge of the Order, shall not, directly or indirectly, transfer, sell, assign, pledge, hypothecate, encumber, or dispose of in any manner; cause to be transferred, sold, assigned, pledged, hypothecated, encumbered, disposed of in any manner; or take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of the Subject Assets, except as set forth in the Order.

The Restraining Order further provides that Weitz & Luxenberg, Goldberg & Iryami, JoRon, Counsel Financial, and Michael Joseph shall (a) transfer any ongoing payments or distributions of the Subject Assets that would otherwise be paid to SILVER into the USMS Seized Asset Fund, and (b) provide to the United States Attorney's Office and the USMS notice at the time that each deposit of Subject Assets is made into the USMS Seized Asset Fund, and an accounting of the amount of each deposit.

The proposed Restraining Order is reasonable in that it seeks to restrain and have transferred only assets to which the Government will become entitled upon the entry of a judgment of forfeiture.  The Government seeks only to maintain the *status quo* and avoid the dissipation of assets that would be forfeited to the United States upon conviction.

## <u>Conclusion</u>

Based on the foregoing, the United States respectfully requests the entry of the proposed

Restraining Order concerning the Subject Assets pursuant to 18 U.S.C. § 981, 28 U.S.C. § 2461,

and 21 U.S.C. §§ 853(e)(1)(A) and 853(f).

Dated:   March 31, 2015
         New York, New York

Respectfully submitted,

PREET BHARARA
United States Attorney

By:   _____/s/_____
      Andrew D. Goldstein
      Carrie H. Cohen
      Howard S. Master
      Assistant United States Attorneys

13