**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHELDON SILVER,<br><br>Defendant. | No. 15 Cr. 93 (VEC)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNRELATED PUBLIC CORRUPTION CASES**


Joel Cohen
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5644
Facsimile: (212) 806-6006

Steven F. Molo
Robert K. Kry
Justin V. Shur
MOLO LAMKEN LLP
540 Madison Avenue
New York, New York 10022
Telephone: (212) 607-8160
Facsimile: (212) 607-8161

*Attorneys for Defendant*


September 11, 2015

## INTRODUCTION

Defendant Sheldon Silver respectfully moves for an order *in limine* excluding all evidence of other corruption cases involving other New York State legislators or public officials. This Court has already warned, in response to the U.S. Attorney's earlier press campaign, that it was "troubled by remarks by the U.S. Attorney that appeared to bundle together unproven allegations regarding the Defendant with broader commentary on corruption and a lack of transparency in certain aspects of New York State politics." Dkt. 31 at 10. But the Government now seeks to pursue that same strategy yet again by injecting evidence of other New York legislators' criminal prosecutions into Mr. Silver's trial, all but daring the jury to find Mr. Silver guilty by association.

The Federal Rules of Evidence simply do not allow that approach. "[G]uilt by association is a philosophy alien to the traditions of a free society." *NAACP v. Overstreet*, 384 U.S. 118, 122 (1966). Mr. Silver is entitled to be tried on the merits of his ***own*** conduct. This motion should accordingly be granted.

## BACKGROUND

The Government has informed Mr. Silver that it may introduce certain statements that Mr. Silver made about five New York state legislators who had been charged with federal public corruption offenses. Two of the statements were press releases. On April 4, 2013, Mr. Silver's office issued a press release about the corruption charges against Assemblyman Eric Stevenson. Ex. 1. That press release stated that Mr. Stevenson's "alleged actions as outlined by the federal charges against him are a clear violation of the public trust and cannot be tolerated," and suggested that Stevenson resign. *Id.* Similarly, on March 10, 2011, Mr. Silver's office issued a press release about corruption charges against Assemblyman William Boyland, Jr. and Senator Carl Kruger. Ex. 2. That press release stated that their actions, "if true, are deplorable" and

"insulting" to the citizens and legislature, and expressed hope that the cases will be "prosecuted . . . to the fullest extent of the law." *Id.*

The Government has also indicated that it may introduce two recordings that appear to contain audio from press interviews Mr. Silver gave. First, in an October 29, 2009 interview, Mr. Silver made statements about ethics reform and his financial disclosures in the context of the sentencing of Assemblyman Anthony Seminerio on corruption charges. Ex. 3 at 1:00:58-1:04:56. And second, in a recording dated December 15, 2009, Mr. Silver was asked questions about Senator Joseph Bruno's (later overturned) conviction for corruption as well as Mr. Silver's financial disclosures and proposals for ethics reform. Ex. 4 at 8:01-11:48.[1]

Apart from those specific statements, the Government also plans to offer broader evidence about New York public-corruption cases for two purposes. The Government stated in a September 3, 2015 letter that it may offer "testimony about arrests and convictions of state officials more broadly" as background to the Moreland Commission investigation. The Government also stated that, if Mr. Silver argues at trial that his alleged actions were taken in good faith, it will introduce evidence of other legislators' criminal cases involving outside income to show that Mr. Silver knew his conduct was illegal.

Each of the five legislators who is the subject of Mr. Silver's prior statements had been accused of corruptly earning illegitimate outside income. *See* Superseding Indictment, *United States v. Rosen*, No. 11 Cr. 300, Dkt. 35, ¶¶1, 26 (S.D.N.Y. Apr. 7, 2011) (accusing Kruger and Boyland of receiving improper payments from a consulting firm); Indictment, *United States v. Bruno*, 09 Cr. 29, Dkt. 1, ¶18 (N.D.N.Y. Jan. 29, 2009) (charging Bruno with "financial

---

[1] Unofficial transcripts of the recordings are attached as exhibits. Mr. Silver is submitting copies of the recordings themselves with the courtesy copy of this motion provided to the Court.

relationships" with persons doing business before the state); *United States v. Seminerio*, No. 08 Cr. 1238, Dkt. 16, ¶3 (S.D.N.Y. Mar. 23, 2009) (accusing Seminerio of receiving improper income from a consulting firm); Superseding Indictment, *United States v. Stevenson*, No. 13 Cr. 161, Dkt. 34, ¶¶ 3-4 (S.D.N.Y. Aug. 15, 2013) (accusing Stevenson of taking bribes). Of course, the fact that each of the five was ***charged*** did not make them guilty: Messrs. Boyland and Bruno were acquitted by a jury, *see United States v. Bruno*, No. 09 Cr. 29, Dkt. 475 (N.D.N.Y. May 16, 2014); *United States v. Rosen*, No. 11 Cr. 300 (S.D.N.Y. Nov. 29, 2011); the charges against Mr. Seminerio were dismissed after he died during appeal, *United States v. Seminerio*, No. 10-614, Dkt. 88 (2d Cir. Feb. 27, 2011); and Mr. Stevenson's appeal remains pending, *United States v. Stevenson*, No. 14-1862 (2d Cir. docketed May 30, 2014). Nonetheless, the Government plans to place all of these statements before the jury.

## ARGUMENT

The Court should exclude any evidence of other New York legislators' criminal prosecutions. Other criminal cases have no bearing on any of the issues in this case and should be excluded as irrelevant under Rule 402. Even if the cases did have some slight relevance, that relevance is far outweighed by the unfair prejudice and risk of jury confusion their introduction would cause. The evidence should therefore be excluded under Rule 403.

### I. The Evidence Is Irrelevant

To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence," and that fact must be "of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (citing Fed. R. Evid. 401 adv. comm. note (1972)). "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

The other criminal prosecutions that the Government seeks to introduce fail Rule 401's test. The fact that other New York state legislators have been charged with, or even convicted of, federal crimes does not make it any more likely that Mr. Silver is guilty of any of the charges against ***him***. There is no suggestion that Mr. Silver ever participated in those other legislators' alleged crimes, or even knew about the crimes before their arrests.

The only conceivable link between those other legislators' convictions and Mr. Silver is the theory that others' misconduct proves that Mr. Silver must be guilty as well. That fallacy plainly cannot support admission of the evidence. "Little discussion is needed to demonstrate that prior similar acts of misconduct performed by one person cannot be used to infer guilty intent of another person who is not shown to be in any way involved in the prior misconduct, unless it be under a 'birds of a feather' theory of justice. Guilt, however, cannot be inferred merely by association." *United States v. DeCicco*, 435 F.2d 478, 483 (2d Cir. 1970). Such "guilt by association evidence" is "not relevant as that term is defined in Rule 401 and hence is inadmissible under Rule 402." *United States v. Polasek*, 162 F.3d 878, 885 n.2 (5th Cir. 1998).

Moreover, Bruno and Boyland were ultimately ***acquitted***. *See United States v. Rosen*, No. 11 Cr. 300 (S.D.N.Y. Nov. 29, 2011); *United States v. Bruno*, No. 09 Cr. 29, Dkt. 475 (N.D.N.Y. May 16, 2014). In those cases, the only purported link between the accused legislators and Mr. Silver are ***allegations*** that the Government ultimately failed to prove. "Allegations in pleadings are not evidence." *In re Grand Jury Subpoena*, 419 F.3d 329, 336 (5th Cir. 2005); *see also Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 810 (7th Cir. 2003) (similar); *Bd. of Trs. of AFTRA Ret. Fund v. JPMorgan Chase Bank, N.A.*, 860 F. Supp. 2d 251, 254-55 (S.D.N.Y. 2012) (excluding evidence of unproven allegations in pleadings and "s[eeing] little

probative value in allegations only"). There is no probative value whatsoever in tarring Mr. Silver with criminal cases the Government failed to prove.

The discussion of ethics reform in Mr. Silver's public statements likewise has no logical link to the issues in this case. Mr. Silver is not accused of manipulating New York ethics laws to hide his outside income. Rather, Mr. Silver's ethics reforms ***increased*** transparency by requiring lobbyists to disclose contracts with legislators – reforms that were ultimately enacted into law. *See* Public Integrity Reform Act of 2011, pt. A, §§ 7-a, 7-b, 8, 2011 N.Y. Laws ch. 399 (Aug. 15, 2011). Mr. Silver's successful support of ethics reform does not somehow show that he attempted to hide his outside income from the public. Tellingly, the Government has elsewhere taken the position that New York disclosure laws are irrelevant to this case. The prosecution cannot have it both ways by using Mr. Silver's efforts to ***strengthen*** New York ethics laws against him.

Nor should the Government be allowed to introduce "testimony about arrests and convictions of state officials more broadly" as "background" to the Moreland Commission's investigation. The Second Circuit has made clear that evidence of other wrongdoing is admissible as "background" evidence only where it is "***necessary*** to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (citing *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)) (emphasis added); *see also United States v. Rittweger*, 524 F.3d 171, 180 (2d Cir. 2008) (admission of background evidence was "highly questionable" where evidence was "not strictly necessary to understanding" the charged crime); *United States v. Williams*, 585 F.3d 703, 707-08 (2d Cir. 2009) (court abused its discretion by admitting background evidence that was "not particularly helpful to explain the crime" and

where "the Government did not need" the evidence to explain its theory of the case). That test is not met here.

The reasons why Governor Cuomo may have formed the Moreland Commission, or the factors that prompted the Commission's investigation into outside income, are not "necessary" to establish any contested issue in this case. The Government's allegations here focus on how Mr. Silver supposedly "took actions to conceal his corrupt sources of outside income from the Moreland Commission." Dkt. 32 ¶27 (superseding indictment). Evidence about ***that*** allegation requires no proof about Governor Cuomo's motives in forming the Commission, any historical events that may have informed those motives, and – most certainly – sordid (and often unproven) allegations about misconduct by other specific legislators. Details about those other criminal cases thus are not admissible as background evidence.

Finally, the Government should not be allowed to introduce evidence of other criminal cases to rebut a potential good-faith defense by Mr. Silver. Nothing about those other cases has anything to do with the conduct alleged here or Mr. Silver's state of mind concerning that conduct. Whether Mr. Silver knew that the U.S. Attorney sometimes charged state legislators in connection with their outside income does not show he knew that ***his*** conduct violated the law.

In its twisted argument, the Government claims that, by making public statements criticizing alleged misconduct that, if true, could amount to public corruption, Mr. Silver revealed himself to be corrupt. The total lack of logic makes clear that the only reason for offering the evidence is to hold up the allegations against other legislators and have the jury conclude that "Albany," as the U.S. Attorney has publicly proclaimed, "is a cauldron of corruption." Dkt. 12-1 at 18. To the extent the Government wishes the jury to be informed on Mr. Silver's views on public corruption, the defense will stipulate – he is against it. Evidence of

accusations against other legislators lacks any logical link to a good-faith defense and should therefore be excluded.

## II. The Evidence's Unfair Prejudice Substantially Outweighs Its Probative Value

Even if evidence about other criminal cases had any probative value – and it does not – that probative value is overwhelmed by the danger of unfair prejudice to Mr. Silver, confusion of the jury, and waste of time. This Court should therefore exclude the evidence under Rule 403. Fed. R. Evid. 403.

Prejudice is unfair when it "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). As explained above, lumping Mr. Silver together with other prosecuted New York legislators runs the obvious risk of guilt by association. "Guilt by association is just what Fed. R. Evid. 403 was intended to exclude." *United States v. Wassner*, 141 F.R.D. 399, 405 (S.D.N.Y. 1992); *see also United States v. Ferguson*, 246 F.R.D. 107, 119 (D. Conn. 2007) (excluding evidence to "prevent the risk" that one defendant "will be unduly prejudiced through guilt by association" with a third party). The Government seeks to paint Mr. Silver as merely the latest example of a long line of corrupt Albany politicians, implying that Mr. Silver must be corrupt because of his job. That is precisely the "birds of a feather" approach the Second Circuit has condemned. *DeCicco*, 435 F.2d at 483.

Evidence about other legislators' criminal cases would also impermissibly inject an "adverse fact not properly in issue." *United States v. Massino*, 546 F.3d 123, 132-33 (2d Cir. 2008) (citing *United States v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980)); *see also United States v. Price*, No. 05 Cr. 492, 2009 WL 973370, at *2 (E.D.N.Y. Apr. 10, 2009), *as clarified*, 2009 WL 1010483 (E.D.N.Y. Apr. 14, 2009) (a "trial court must be vigilant" when evidence may raise adverse facts not in issue). The indictment against Mr. Silver is based on what he

***personally*** did, not on whether New York State government is corrupt. The Government does not claim that Mr. Silver was at all involved in other legislators' crimes, let alone that he is somehow responsible for the "cauldron of corruption" that the U.S. Attorney has professed to see. Dkt. 12-1 at 18. Introducing evidence about other scandals threatens to turn this case into a trial about the merits of New York state politics generally.

Evidence of other corruption cases would also threaten a needless waste of time by provoking a "mini-trial on collateral issues." *United States v. Ulbricht*, 79 F. Supp. 3d 466, 492-493 (S.D.N.Y. 2015); *see United States v. James*, 609 F.2d 36, 46 n.11 (2d Cir. 1979) (exclusion under Rule 403 warranted where evidence "might have bogged down the court in a 'mini-trial'"). Injecting other legislators' actions into the case will inevitably prompt debates over what each legislator did, whether the legislator was ultimately acquitted or convicted, the merits of various ethics-reform proposals, and the extent of the evidence allowed to prove up those other acts. This Court should not allow such pointless forays into side issues that have nothing to do with Mr. Silver's guilt.

## CONCLUSION

The Court should grant Mr. Silver's motion and exclude all evidence of other corruption cases involving other New York State legislators or public officials under Rules 402 and 403.

Dated: September 11, 2015
New York, New York

Respectfully submitted,

/s/ Joel Cohen
Joel Cohen
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5644
Facsimile: (212) 806-6006

/s/ Steven F. Molo
Steven F. Molo
Robert K. Kry
Justin V. Shur
MOLO LAMKEN LLP
540 Madison Avenue
New York, New York 10022
Telephone: (212) 607-8160
Facsimile: (212) 607-8161

*Attorneys for Defendant*