```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                      :     S1 15 Cr. 93 (VEC)

SHELDON SILVER,                     :

            Defendant.              :

- - - - - - - - - - - - - - - - - - x
```

**<u>GOVERNMENT'S REQUESTS TO CHARGE</u>**

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Carrie H. Cohen
Howard S. Master
Andrew D. Goldstein
James M. McDonald
Assistant United States Attorneys
     -Of Counsel-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :

       - v. -                       :     S1 15 Cr. 93 (VEC)

SHELDON SILVER,                     :

         Defendant.              :

- - - - - - - - - - - - - - - - - - x

<u>GOVERNMENT'S REQUESTS TO CHARGE</u>

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its instructions to the jury.

TABLE OF CONTENTS

General Requests........................................................ 1
The Indictment.......................................................... 2
Summary of the Indictment............................................ 3
Counts One through Four: Honest Services Mail and Wire Fraud...... 5
Counts Five and Six: Extortion Under Color of Official Right..... 17
Dual Intent No Defense................................................ 24
Lawfulness of Official Acts No Defense........................... 25
Count Seven:  Monetary Transactions Involving Crime Proceeds..... 26
Willfully Causing..................................................... 31
Venue.................................................................... 33
Variance in Dates and Amounts....................................... 35
Law Enforcement Witnesses............................................ 36
Informal Immunity and Immunized Witnesses........................ 37
Preparation of Witnesses............................................. 40
False Exculpatory Statements........................................ 41
Use of Audio and Video Recordings................................. 42
Transcripts of Recordings........................................... 43
Particular Investigative Techniques............................... 44
Charts and Summaries: Admitted as Evidence....................... 45
Charts and Summaries: Not Admitted as Evidence................... 46
Stipulations of Testimony........................................... 47
Stipulations of Fact................................................. 48
Redaction of Evidentiary Items...................................... 49
Uncalled Witness: Equally Available To Both Sides............... 50
Persons Not on Trial................................................. 51
Character Witnesses.................................................. 52
Defendant's Testimony............................................... 54
Defendant's Right Not To Testify.................................. 55
Improper Considerations: Race, Religion, National Origin,
     Sex, or Age..................................................... 56
Conclusion............................................................ 57

REQUEST NO. 1

<u>General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.  Function of Court and Jury
b.  Jury's Recollection Governs
c.  Note-Taking by Jurors
d.  Duty to Base Verdict on Evidence
e.  Improper Considerations
f.  Statements of Court and Counsel Not Evidence
g.  Duty to Weigh Evidence Without Prejudice
h.  Government as a Party
i.  Indictment Not Evidence
j.  Burden of Proof
k.  Presumption of Innocence
l.  Reasonable Doubt
m.  Guilt is Personal
n.  Direct and Circumstantial Evidence
o.  Inferences
p.  Credibility of Witnesses
q.  Sympathy:  Oath as Jurors
r.  Punishment Is Not to Be Considered by the Jury
s.  Right to See Exhibits and Have Testimony Read During Deliberations

REQUEST NO. 2

The Indictment

The defendant SHELDON SILVER is formally charged in an Indictment.  Before you begin your deliberations, you will be provided a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each offense.

REQUEST NO. 3

<u>Summary of the Indictment</u>

As I instructed you at the outset of this case, the Indictment consists of charges or accusations.  It is not evidence. I will not read the entire Indictment to you at this time.  I am briefly going to summarize each count, and then will give you the law in greater detail.

The Indictment contains seven counts.  The defendant is charged in each count with a separate crime.  Although there are facts in common to each of the different counts, each count must be considered separately.  You must return a separate verdict as to each count.

Count One charges SHELDON SILVER, the defendant, with honest services mail fraud.  Specifically, it alleges that SHELDON SILVER participated in a scheme to defraud the public of its intangible right to SILVER's honest services in connection with his receipt of millions of dollars in asbestos-related payments.  Count Two charges SHELDON SILVER with honest services wire fraud in connection with the same alleged scheme.

Count Three also charges SHELDON SILVER with honest services mail fraud.  Specifically, it alleges that SHELDON SILVER participated in a scheme to defraud the public of its intangible right to SILVER's honest services in connection with his receipt of

3

hundreds of thousands of dollars in real estate-related payments. Count Four charges SHELDON SILVER with honest services wire fraud in connection with the same alleged scheme.

Count Five charges SILVER with committing extortion under color of official right in connection with his receipt of asbestos-related payments, and Count Six charges SILVER with committing extortion under color of official right in connection with his receipt of real estate-related payments.

Count Seven charges SILVER with engaging in monetary transactions involving the proceeds of the schemes charged in Counts One through Six.

Now, let me explain to you the law on each of these counts.[1]

---

[1] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-1 and 3-5.

REQUEST NO. 4

Counts One through Four: Honest Services Mail and Wire Fraud

As I just mentioned earlier, Count One charges honest services mail fraud and Count Two charges honest services wire fraud in connection with SHELDON SILVER's alleged corrupt receipt of asbestos-related payments, while Count Three charges honest services mail fraud and Count Four charges honest services wire fraud in connection with SILVER's alleged corrupt receipt of real estate-related payments.  Counts One through Four of the Indictment in this case read, in relevant part, as follows:

[*The Government requests that the Court read the relevant parts of the Indictment to the Jury.*]

Mail fraud and wire fraud are similar but distinct offenses.  Honest services mail fraud involves the use of the U.S. mails or private carrier to further a scheme to defraud the public of its right to a public official's honest services, while honest services wire fraud involves the use of interstate wire communications to further a scheme to defraud the public of its right to a public official's honest services.  The elements of honest services mail fraud are the same as honest services wire fraud with this one exception, which I will explain in greater detail shortly.

Elements of the Offense

To sustain the charge that SHELDON SILVER committed honest services mail fraud or honest services wire fraud, the Government must prove beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud the State of New York and its citizens of their intangible right to the defendant SHELDON SILVER's honest services through bribery or kickbacks;

*Second*, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

*Third*, that in the execution of that scheme, the defendant used or caused the use of the mails, or a private or commercial interstate carrier (in the case of Counts One and Three – the honest services mail fraud charges), or interstate wire communications (in the case of Counts Two and Four – the honest services wire fraud charges).[2]

First Element – Existence of a Scheme or Artifice to Defraud

The first element of honest services mail fraud or honest services wire fraud that the Government must prove beyond a

---

[2] Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-3, Title 18, United States Code, Sections 1341, 1343, and 1346, and from The Honorable Loretta A. Preska's Instruction in United States v. Eric Stevenson, 13 Cr. 151 (LAP) ("Stevenson"), and The Honorable Colleen McMahon's Instruction in United States v. Sandy Annabi, et al., 10 Cr. 7 (CM) ("Annabi").

reasonable doubt is that there was a scheme or artifice to defraud the State of New York and its citizens of the intangible right to the honest services of SHELDON SILVER, the defendant, through bribery or kickbacks.   A public official owes a duty of honest and faithful service to the public he serves and to his public employer.   When a public official obtains a corrupt payment in exchange for official action taken, the official has breached his duty of honest and faithful disinterested service.   This is because although the public official is outwardly purporting to be exercising independent judgment in taking official action, in fact, the official's actions have been paid for.   Thus, the public is not receiving what it expects and is entitled to, namely, its right to the public official's honest and faithful service.[3]

A "scheme or artifice" is merely a plan for the accomplishment of an object.

"Fraud" is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

_____

[3] See, e.g., United States v. Middlemiss, 217 F.3d 112, 120 (2d Cir. 2000); The Honorable Loretta A. Preska's Instruction in Stevenson.

7

Thus, a "scheme to defraud" in this context is merely a plan to deprive the State of New York and its citizens of their right to SHELDON SILVER's honest services through bribery or kickbacks.

The scheme to defraud is alleged to have been carried out by making false and fraudulent statements, representations, or omissions.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.

Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained, may also constitute false or fraudulent statements.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance. In the context of honest services fraud, the deceit may consist of the concealment of the things of value that the public official has solicited, or the public official's implicit false pretense to his Government employer and the public that the public official has not solicited things of value in return for official action.  If there is deception, the manner in which it is accomplished is immaterial.

The false or fraudulent representation or omission must relate to a material fact or matter.  A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision.  The same principle applies to fraudulent half-truths or omissions of material facts.

The Government need not prove that the scheme was successful, only that it existed.  Also, a scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

To prove that a defendant has committed the particular scheme to defraud charged here – that is, honest services fraud – the Government must show that the defendant received corrupt payments – that is, a bribe or a kickback – in a *quid pro quo*.  A bribe or kickback is any thing of value, which is provided directly or indirectly to a public official, in exchange for official action.[4]

The defendant need not have initiated the payments, but he must have known that the payment was made in exchange for official action he took or agreed to take.  You do not have to determine whether the defendant could or did actually perform the services, or whether he actually had a duty to do so.

---

[4] <u>Skilling</u> v. <u>United States</u>, 561 U.S. 358, 408-09 (2010); <u>United States</u> v. <u>Rosen</u>, 716 F.3d 691, 698 n.3, 700 (2d Cir. 2013).

9

The Government does not have to prove an explicit promise to perform a particular act made at the time of payment.  Few individuals actually say "I will exchange official act X for payment Y."  Rather, the understanding may be implied from the participants' words and actions because otherwise the law's effect could be frustrated by knowing winks and nods.

In addition, the Government does not need to show a direct link between the payment and a specifically identified official act.  Rather, it is sufficient if SHELDON SILVER intended or understood that he was expected as a result of the payment to exercise particular kinds of acts or influence on an "as needed" basis or as specific opportunities arose, or that he accepted the payment in exchange for action he previously took.[5]

The improper benefit may consist of money and other financial benefits whether given on a one-time basis or as a stream of payments to the public official.  The specific transactions comprising the illegal scheme need not match up this for that.

If you find beyond a reasonable doubt that the defendant has violated the duty to provide honest services by soliciting or

---

[5] See Rosen, 716 F.3d at 698 n.3, 700 (2d Cir. 2013); United States v. Ganim, 510 F.3d 134, 141 (2d Cir. 2007); United States v. Garcia, 992 F.2d 409, 414 (2d Cir. 1993) (quoting Evans v. United States, 504 U.S. 255, 275 (1992) (Kennedy, J., concurring)).

receiving corrupt payments, as defined here, alone or with the help of others, then you may find this element satisfied.[6]

<u>"Official Action" Defined</u>

The term "official action" as I have just used it includes any act taken under color of official authority.  These decisions or actions do not need to be specifically described in any law, rule, or job description, but may also include acts customarily performed by a public official with a particular position.  In addition, official action can include actions taken in furtherance of longer-term goals, and an official action is no less official because it is one in a series of steps to exercise influence or achieve an end.[7]

---

[6] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-4, The Honorable Loretta A. Preska's Instruction in <u>Stevenson</u>, The Honorable Kenneth M. Karas's Instruction in <u>United States</u> v. <u>Malcolm Smith</u>, 13 Cr. 297 (KMK) ("<u>Smith</u>"), and The Honorable George B. Daniels's Instruction in <u>United States</u> v. <u>Mark Mazer et al.</u>, 11 Cr. 121 (GBD).

[7] Adapted from The Honorable Kenneth M. Karas's Instruction in <u>Smith</u>; <u>see</u> <u>United States</u> v. <u>Birdsall</u>, 233 U.S. 223, 230-31 (1914) ("To constitute it official action, it was not necessary that it should be prescribed by statute . . . . Nor was it necessary that the requirement should be prescribed by a written rule or regulation. It might also be found in an established usage which constituted the common law of the Department and fixed the duties of those engaged in its activities."); <u>Rosen,</u> 716 F.3d at 700 (official action "generally includes any act taken 'under color of official authority'") (quoting <u>Ganim</u>, 510 F.3d at 142 n.4); <u>United States</u> v. <u>Biaggi</u>, 853 F.2d 89, 99 (2d Cir. 1988) ("'[o]fficial acts are not limited to those set forth in a written job description, but may include as well those duties and activities customarily associated with a particular position'"); <u>see also</u> <u>United States</u> v. <u>Middlemiss</u>,

11

Second Element – Participation In Scheme With Intent To Defraud

The second element of honest services mail fraud or honest services wire fraud is that the defendant participated in the scheme to defraud knowingly, willfully, and with specific intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something that the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of depriving another of the intangible right of honest services.

---

217 F.3d 112 (2d Cir. 2000) (public affairs officer for the Port Authority of New York and New Jersey who recommends to another Port Authority official that a contract be awarded to the bribe payor takes "official action"); United States v. McDonough, 56 F.3d 381, 389 (2d Cir. 1995) (victims reasonably believed defendant, a New York State Assemblyman, could use position as Chairman of Rensselaer County Democratic Committee to control or influence local officials in award of town insurance contracts); United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993) (County Executive who contacted a county legislator on behalf of a bribe payor takes "official action"); United States v. Biaggi, 909 F.2d 662, 684 (2d Cir. 1990), cert. denied, 499 U.S. 904 (1991) (Congressman's attempts to make introductions and to lobby local City officials constitutes "official action"); see also United States v. McDonnell, 792 F.3d 478, 509–510 (4th Cir. 2015) (approving of instruction that official action "'can include actions taken in furtherance of longer-term goals'" and that "'an official action is no less official because it is one in a series of steps to exercise influence or achieve an end'").

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom. Circumstantial evidence, if believed, is of no less value than direct evidence.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of honest services mail or wire fraud.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent

intent and the consequent lack of good faith beyond a reasonable doubt.[8]

Third Element – Use of the Mails or Wires

The third and final element of crimes charged in Counts One through Four of the Indictment is the use of the mails (in the case of Counts One and Three, the honest services mail fraud charges) or interstate wire transmissions (in the case of Counts Two and Four, the honest services wire fraud charges) in furtherance of the scheme to defraud.  The use of the mails includes material sent through the United States Postal Service or a private commercial interstate carrier.  The use of the "wires" includes telephone calls and e-mails.  The wire transmissions must travel interstate.

The mailed matter or wire transmission need not contain a fraudulent representation or purpose or request for money.  It must, however, further or assist in the carrying out of the scheme to defraud.  It is not necessary for the defendant to be directly or personally involved in the mailing or interstate wire, as long as the use of the mails or interstate wires was reasonably foreseeable in the execution of the alleged scheme to defraud.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant

---

[8] Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-6, The Honorable Loretta A. Preska's Instruction in Stevenson, and The Honorable Kenneth M. Karas's Instruction in Smith.

caused the mailing or use of interstate wires by others.  This does not mean that the defendant must specifically have authorized others to send the mail or wire communications.  When one does an act with the knowledge that the use of the mails or wires will follow in the ordinary course of business or where such use of the mails or wires can reasonably be foreseen, even though not actually intended, then he causes the mails or wire communication to be used.

The use of the mails can be from one state to another, or just within a state or even a single city; it doesn't matter, as long as the mails were used.  Wire communications must be interstate, although you do not have to find that the defendant knew or intended that a particular transmission crossed state lines.  In addition, the mailed or wired matter need not itself be fraudulent.  For example, the matter need not contain any fraudulent representations and indeed may be completely innocent.[9]

The Government has provided the defendant with bills of particulars specifying particular mailings and wires that it alleges satisfy the third element of Counts One through Four.  The specific mailings and wires listed in the bills of particulars are as follows:

[*The Government requests that the Court read the relevant parts of the bills of particulars to the Jury.*]

---

[9] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-6, 44-7.

You must unanimously agree that a specific mailing or wire set forth in the bills of particulars for each count satisfies the third element of that count.  For example, you must find unanimously that a specific alleged mailing set forth in the bill of particulars concerning Count One satisfies the third element of Count One – that is, that the particular mailing constituted a use of the mails in furtherance of the scheme.  You must do the same for Counts Two through Four.[10]

---

[10] See United States v. Dupre, 462 F.3d 131, 143-44 (2d Cir. 2006).

REQUEST NO. 5

<u>Counts Five and Six: Extortion Under Color of Official Right</u>

Counts Five and Six charge the defendant with committing extortion under color of official right:  Count Five alleges extortion under color of official right in connection with SHELDON SILVER's receipt of asbestos-related payments, and Count Six alleges extortion under color of official right in connection with SILVER's receipt of real estate-related payments.  Counts Five and Six of the Indictment in this case read, in relevant part, as follows:

> [*The Government requests that the Court read the relevant parts of the Indictment to the Jury.*]

Extortion under color of official right is the use of one's position as a public official, or the authority of public office, to obtain money or services not due the official or his public office.

As commonly used, the term "extortion" implies coercion by means of actual or threatened force, violence, or fear.  In the context of extortion under color of official right, however, it is the public official's misuse of his office to obtain money for himself or for another person that supplies the element of coercion.  Thus, the wrongful use of official power does not need to be accompanied by actual threats or fear to constitute extortion under color of

17

official right.  The use of public office, with its authority to grant or withhold benefits, takes the place of pressure or threats.[11]

Elements of the Offense

To meet its burden of proof, the Government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant, SHELDON SILVER, was a public official or held public office;

*Second*, that the defendant obtained property not due him or his office;

*Third*, that this property was given with the consent of the giver because of SHELDON SILVER's official position, and that SHELDON SILVER knew that the property was given because of the power of his official position.

*Fourth*, that interstate commerce, or an item moving in interstate commerce, was delayed, obstructed, or affected in any way or degree.[12]

---

[11] Sand, Modern Federal Jury Instructions, Instr. 50-18; see United States v. Margiotta, 688 F.2d 108, 130-32 (2d Cir. 1982), overruled on other grounds by McNally v. United States, 483 U.S. 350 (1987) ("The public officer's misuse of his office supplies the necessary element of coercion, and the wrongful use of official power need not be accompanied by actual or threatened force, violence, or fear. . . . The use of public office, with the authority to grant or withhold benefits, takes the place of pressure or threats."); United States v. Butler, 618 F.2d 411, 418 (6th Cir. 1980), cert. denied, 447 U.S. 927 (1980) ("The coercive element on the part of the official, and the 'duress' or 'fear' element on the part of the 'victim' are implied from the public official's position of authority over the victim.").

First Element – The Defendant Was a Public Official

The first element that the Government must prove beyond a reasonable doubt is that at the time of the events charged in the Indictment, the defendant SHELDON SILVER was a public official or held public office.[13]

Second Element – The Defendant Obtained Property

The second element the Government must prove beyond a reasonable doubt is that defendant SHELDON SILVER obtained property that was not owed to SHELDON SILVER's office, that is, that was not legitimately owed to SHELDON SILVER in his capacity as a New York State Legislator.

The property that is extorted must be transferable – that is, capable of being passed from one person to another.  Intangible property – like economically valuable information – is covered by this definition so long as it is capable of being passed from one person to another.[14]

SHELDON SILVER need not have initiated the transfer of property.  The giver or some other third-party may have initiated the exchange, and the parties may be on friendly terms.

The Government also does not have to prove that the obtained property was given to SHELDON SILVER directly or that the

---

[12] Sand, Modern Federal Jury Instructions, Instr. 50-19.
[13] Sand, Modern Federal Jury Instructions, Instr. 50-20.
[14] Sekhar v. United States, 133 S. Ct. 2720, 2725 (2013).

19

property personally benefited SHELDON SILVER.  Rather, the
Government may satisfy this element by proving that SHELDON SILVER
obtained property for or from a third party knowing that the property
was given in return for SHELDON SILVER's official actions.[15]

Third Element – Use of Office or Position to Obtain Property

       The third element the Government must prove beyond a
reasonable doubt is that the defendant SHELDON SILVER used the
authority of his office or position to obtain property.

       To satisfy this element, the Government must prove that
defendant SHELDON SILVER obtained property to which he was not
entitled by use of his office, knowing that the property was given
in return for official acts rather than being given for a reason
wholly unrelated to the defendant's official position.  Thus, the
Government must prove beyond a reasonable doubt that the extorted

---

[15] Adapted from Sand, Modern Federal Jury Instructions, Instr. 50-21;
see United States v. Margiotta, 688 F.2d 108, 133 (2d Cir. 1982),
overruled on other grounds by McNally v. United States, 483 U.S. 350
(1987) (Hobbs Act prosecution may lie where extorted payments are
transferred to third party rather than public official); United
States v. Green, 350 U.S. 415, 420 (1956) (extortion, as defined in
Hobbs Act, "in no way depends upon having a direct benefit conferred
on the person who obtains the property"); United States v. Haimowitz,
725 F.2d 1561, 1577 (11th Cir. 1984) ("[A] Hobbs Act prosecution is
not defeated simply because the extorter transmitted the extorted
monies to a third party."); United States v. Clemente, 640 F.2d 1069,
1079–80 (2d Cir. 1981) ("[W]hether a Hobbs Act defendant personally
receives any benefit from his alleged extortion is largely irrelevant
for the purpose of determining guilt under that Act."); see also Evans
v. United States, 504 U.S. 255, 257 (1992) (affirmative act of
inducement by a public official is not an element of the offense of
extortion under color of official right).

parties were motivated, at least in part, by SHELDON SILVER's control or influence over official action, and that the defendant was aware of this motivation.  SHELDON SILVER need not have actual or final authority over the end result sought by the extorted party, so long as the extorted party reasonably believed the public official had influence, power, or authority over a means to the end sought by the extorted party.  The official action can either be actually performing an act himself or exerting influence over an act performed by another person or persons.

You also do not have to determine whether SHELDON SILVER could or did actually perform the acts or exercise influence on behalf of the payor, or whether he actually had a duty to do so.  It is enough that the payor was motivated to make payments as a result of SHELDON SILVER's official power or influence and that the defendant was aware of this motivation.[16]

Such an understanding does not need to be explicit.  Few individuals actually say "I will exchange official act X for payment Y."  Rather, the understanding may be implied from the participants' words and actions because otherwise the law's effect could be frustrated by knowing winks and nods.

---

[16] See United States v. McDonough, 56 F.3d 381, 388 (2d Cir. 1995) (explaining that "[i]n order for a jury to find a defendant guilty of extortion under color of official right, the [G]overnment must prove beyond a reasonable doubt," among other things, "that the victims were motivated to make payments as a result of the defendant's control or influence").

21

The Government also need not prove an explicit promise to perform a particular act was made at the time the property was transferred.  In other words, the Government does not need to show a direct link between the property given and a specifically identified official act.  Rather, it is sufficient if SHELDON SILVER understood that he was expected as a result of the property given to exercise particular kinds of acts or influence on behalf of the extorted party on an "as needed" basis or as specific opportunities arose, or that he accepted the payment in exchange for action he previously took.[17]

I will instruct you again on the definition of "official act."  The term "official action" in this context has the same meaning as in the context of honest services mail and wire fraud, which were the subject of my prior instructions.  That is, an "official act" includes any act taken under color of official authority.  These decisions or actions do not need to be specifically described in any law, rule, or job description, but may also include acts customarily performed by a public official with a particular position.  In addition, official action can include actions taken in furtherance of longer-term goals, and an official action is no less official because it is one in a series of steps to exercise influence or achieve an end.

---

[17] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-22, and The Honorable Kenneth M. Karas's Instruction in <u>Smith</u>.

<u>Fourth Element – Interstate Commerce Affected</u>

If you find that the Government has met its burden on the first three elements of this offense, you must then decide whether this action would affect interstate commerce in any way or degree.

If you decide that there was any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.  For example, a successful robbery of money would prevent the use of those funds to purchase articles that travel through interstate commerce, that would be a sufficient effect on interstate commerce.  Even a potential or subtle effect on commerce will suffice.

You do not have to decide whether the effect on interstate commerce was harmful or beneficial to a particular business, or to commerce in general.  Moreover, the defendant need not have intended or anticipated an effect on interstate commerce.  You may find that this element is satisfied if the effect on interstate commerce would have been a natural consequence of the actions he agreed to undertake.

If you find beyond a reasonable doubt that the target of the extortion related to something that moved in interstate or foreign commerce, then this element will have been met.[18]

---

[18] Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-24.

REQUEST NO. 6

Dual Intent No Defense

[*If Applicable*]

During this trial the defendant has contended that SHELDON SILVER's actions were motivated by considerations that were not unlawful.  It is no defense that the defendant was motivated by both proper and improper motives.  A defendant may be found to have the requisite corrupt intent or intent to defraud even if he possesses a dual intent -- that is, an unlawful intent and partly a proper or neutral intent.[19]

---

[19] Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-4, and The Honorable Colleen McMahon's Instruction in Annabi; see also United States v. Coyne, 4 F.3d 100, 113 (2d Cir. 1993) (a valid purpose that partially motivates a transaction that is corrupt in part "does not insulate participants in an unlawful transaction from criminal liability").

24

REQUEST NO. 7

<u>Lawfulness of Official Acts No Defense</u>

*[If Applicable]*

It is not a defense to extortion under color of official right or honest services fraud that, had there been no corrupt payment, the defendant might have performed the same act, or that the actions taken by the defendant were desirable or beneficial to the public, or that the actions taken by the defendant as a result in whole or in part of the bribes, kickbacks, or extortion payments were only the first step in an otherwise lawful process.  A public official is guilty of accepting a bribe or kickback even if he would have and should have taken, in the public interest, the same action for which the bribe or kickback was paid.  The honest services and extortion laws are not concerned with the wisdom or results of a public official's actions, but rather with the manner in which officials make their decisions.[20]

---

[20] Adapted from The Honorable Colleen McMahon's Instruction in <u>Annabi</u>; <u>see</u>, <u>e.g.</u>, <u>United States</u> v. <u>Alfisi</u>, 308 F.3d 144, 151 (2d Cir. 2003)(a public official acts "corruptly" even where the official's actions were legally correct and benefitted the public), <u>citing</u> <u>United States</u> v. <u>Manton</u>, 107 F.2d 834, 845 (2d Cir. 1939); <u>see also</u> <u>City of Columbia</u> v. <u>Omni Outdoor Advertising, Inc.</u>, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); <u>United States</u> v. <u>Lopez-Lukis</u>, 102 F.3d 1164, 1169 n.13  (11th Cir. 1997) ("Sections 1341 and 1346 do not address the wisdom or results of legislative decision; rather, they concern the manner in which officials make their decisions.").

REQUEST NO. 8

<u>Count Seven:   Monetary Transactions Involving Crime Proceeds</u>

Count Seven charges the defendant with engaging in monetary transactions involving the proceeds of the crimes charged in Counts One through Six.  Count Seven reads, in relevant part, as follows:

> [*The Government requests that the Court read the relevant parts of the Indictment to the Jury.*]

<u>Elements of the Offense</u>

In order to prove the crime charged in Count Seven of the indictment, the Government must establish beyond a reasonable doubt each of the following elements:

*First*, that the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce;

*Second*, that the monetary transaction involved criminally derived property of a value greater than $10,000;

*Third*, that the property was derived from specified unlawful activity;

*Fourth*, that the defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense; and

*Fifth*, that the transaction took place in the United States (or that the defendant is a United States person, as I will define

26

that term for you).[21]

First Element – Engaging in a Monetary Transaction

The first element that the Government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The Government has set forth in Count Seven several alleged monetary transactions.  You must unanimously agree that a specific transaction set forth in Count Seven satisfies Count Seven.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal.  This effect on interstate commerce can be established in several ways.  First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that a financial institution involved in the transaction was insured by the FDIC, that is enough to establish that the transaction affected interstate commerce.

---

[21] Sand, Modern Federal Jury Instructions, Instr. 50A-26.

Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well.  Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.[22]

Second Element – Transaction Involved Criminally Derived Property

The second element that the Government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.  The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The Government is not required to prove that all of the property involved in the transaction was criminally derived property.  But the Government must prove that more than $10,000 of the property involved was criminally derived property.[23]

Third Element – Property Derived From Specified Unlawful Activity

The third element that the Government must prove beyond a reasonable doubt is that the property was derived from specified unlawful activity.  In this case, the Government has alleged that the property involved in the monetary transactions at issue in Count

---

[22] Sand, Modern Federal Jury Instructions, Instr. 50A-27.
[23] Sand, Modern Federal Jury Instructions, Instr. 50A-28.

Seven was derived from SHELDON SILVER's participation in the honest services fraud and extortion schemes charged in Counts One through Six of the Indictment.   I instruct you as a matter of law that the offenses charged in Counts One through Six, on which I have just instructed you, meet the definition of "specified unlawful activity."[24]

Fourth Element – Knowledge

The fourth element that the Government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction as defined above.

I instruct you that in a prosecution for an offense under this section, the Government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.   But the Government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the Government has established beyond a reasonable doubt that the defendant knew that the transaction involved property derived from a criminal offense, then this element

_____

[24] Sand, Modern Federal Jury Instructions, Instr. 50A-29.

is satisfied.[25]

## Fifth Element – Transaction Took Place in the United States

The fifth element that the Government must prove beyond a reasonable doubt is that the transaction took place in the United States (or that the defendant is a United States person).

A "United States person" is a citizen or national of the United States or an alien lawfully admitted to permanently reside in the United States.[26]

---

[25] Sand, Modern Federal Jury Instructions, Instr. 50A-30.
[26] Sand, Modern Federal Jury Instructions, Instr. 50A-31.

REQUEST NO. 9

<u>Willfully Causing</u>

Section 2(b) of Title 18, United States Code, provides that:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Under Section 2(b), SHELDON SILVER can be held liable for willfully causing the commission of the crimes set forth in Counts One through Seven of the Indictment not only as a principal, but as someone who willfully caused others to commit acts that constitute the offenses charged in the Indictment.

Now, what does the term "willfully caused" mean?  The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant take some action without which the crime would not have occurred?  Second, did the defendant intend that the crime would be actually committed by another?  If the answer to both of these questions is "yes," then the defendant is guilty of the crimes charged in Counts One through Seven of the Indictment just as if he had actually committed the crime.

To find the defendant liable under this provision of the statute, the Government need not prove that he acted through a guilty intermediary.  That is, the defendant can be found liable even if

31

he acted through someone who is entirely innocent of the crimes

charged in the Indictment.[27]

---

[27] Sand, <u>Modern Federal Jury Instructions</u>, Instr. 11-1 and 11-2.

REQUEST NO. 10

<u>Venue</u>

In addition to all the elements of the charged crimes that I have described for you, you must decide whether any act in furtherance of each crime occurred within the Southern District of New York, referred to as "venue."  You are instructed that the Southern District of New York includes the following counties: The Bronx, Manhattan, or New York County, Dutchess, Orange, Putnam, Rockland, Sullivan, and Westchester Counties.  In addition, the Southern District of New York includes the water surrounding Long Island and Manhattan, as well as the air space above the district or the waters in the District.  It is sufficient to satisfy this element if any act in furtherance of the crime occurred within this District.

I should note that on this issue, and this issue alone, the Government need not prove venue beyond a reasonable doubt but only by a mere preponderance of evidence.  Thus, the Government has established its venue obligation if you conclude that it is more likely than not that any act in furtherance of the crimes charged in each count occurred in the Southern District of New York.  If you find that the Government has failed to prove this venue requirement by a preponderance of evidence, then you must acquit the defendant

33

you are considering of that charge because he has a right to be tried only in the district where venue is proper.[28]

---

[28] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-11; <u>see</u> <u>United States</u> v. <u>Rutigliano</u>, 790 F.3d 389 (2d Cir. 2015) (venue proper where wire in furtherance of scheme traveled through or over waters of Eastern District of New York, which are statutorily defined to be part of the Southern District); <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir. 1991) (affirming that venue is governed by a preponderance standard).

34

REQUEST NO. 11

Variance in Dates and Amounts

The Indictment refers to various dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or a certain month, but the evidence indicates that in fact it was a different date or a different month.  Nor does it matter if the Indictment alleges that a transaction involved a specific amount of money but the evidence indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment, and the dates, months, and amounts established by the evidence.[29]

---

[29] Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-12, 3-13, and The Honorable Valerie E. Caproni's Instruction in United States v. David Riley, 13 Cr. 339 (VEC) ("Riley").

REQUEST NO. 12

<u>Law Enforcement Witnesses</u>

You have heard the testimony of [a] law enforcement witness[es].  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.[30]

---

[30] Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

REQUEST NO. 13

Informal Immunity and Immunized Witnesses

You have heard the testimony of [a] witness[es] who has been promised by the Government that in exchange for cooperating and testifying truthfully, completely, and fully, he or she will not be prosecuted for any crimes in which he may have participated.   You have also heard the testimony of [a] witness[es] who has testified under a grant of immunity from this Court, which in this case means that the Government cannot use the witness's testimony against him or her in a future prosecution, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this Court.   Let me say a few things that you should consider during your deliberations on the subject of the testimony of cooperating and immunized witnesses.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.   It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.   For those very reasons, the law allows the use of testimony from cooperating witnesses and immunized witnesses.   Indeed, it is the law in federal courts that the testimony of even one such witness may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

37

On the other hand, it is also the case that testimony from cooperating witnesses or witnesses who have been immunized is of such a nature that it must be scrutinized with great care and viewed with particular caution when you decide how much, if any, of the testimony to believe.

In evaluating the testimony of cooperating and immunized witnesses, you should ask yourselves whether the witness would benefit more by lying, or by telling the truth. Was his or her testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely? Or did he or she believe that his or her interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him or her to lie, or was it one that would cause him or her to tell the truth? Did this motivation color his or her testimony?

Like the testimony of any other witness, the testimony of a cooperating or immunized witness should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence in the case.

38

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury. Additionally, I must caution you that it is no concern of yours why the government made an agreement with a witness or why a witness was granted immunity.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.[31]

---

[31] Adapted from Sand, Modern Federal Jury Instructions, Instrs. 7-5, 7-8, and The Honorable Richard J. Sullivan's Instructions in United States v. Khalif Phillips, 13 Cr. 723 (RJS), and in United States v. Adony Nina, 13 Cr. 322 (RJS); see United States v. Ramirez, 973 F.2d 102, 104-06 (2d Cir. 1992).

REQUEST NO. 14

<u>Preparation of Witnesses</u>

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. Indeed, it would be unusual and surprising for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[32]

---

[32] Adapted from The Honorable Richard J. Sullivan's Instruction in <u>United States</u> v. <u>Peirce</u>, 06 Cr. 1032 (RJS) ("<u>Peirce</u>").

REQUEST NO. 15

<u>False Exculpatory Statements</u>

*[If Applicable]*

You have heard testimony that the defendant made statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.  If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.[33]

---

[33] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-11.

REQUEST NO. 16

<u>Use of Audio and Video Recordings</u>

You have seen evidence of recordings of telephone conversations and meetings.  There is nothing illegal about the Government's use of recordings in this case, and you may consider the conversations contained in the recordings along with all of the other evidence in this case.  Whether you approve or disprove of the recording of conversations or meetings may not enter into your deliberations.  You must, therefore, regardless of any personal opinions, give this evidence full consideration, along with all of the other evidence in the case, in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.[34]

---

[34] Adapted from The Honorable Valerie E. Caproni's Instruction in <u>Riley</u>.

REQUEST NO. 17

<u>Transcripts of Recordings</u>

[*If Applicable*]

The Government has been permitted to hand out a typed document which it prepared containing the Government's interpretation of what appears on the recordings which have been received as evidence.  Those were given to you only as an aid or guide to assist you in listening to the recordings.  That is why I advised you to listen very carefully to the recordings themselves when they were played in Court.  You alone should make your own interpretation of what appears on the recordings based on what you heard.  If you think you heard something differently than appeared on the transcript then what you heard is controlling.[35]

---

[35] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-9, and The Honorable Valerie E. Caproni's Instruction in <u>Riley</u>.

43

REQUEST NO. 18

<u>Particular Investigative Techniques</u>

*[If Applicable]*

You have heard reference, [in the arguments of defense counsel in this case,] to the fact that certain investigative techniques were or were not used by law enforcement authorities. There is no legal requirement that law enforcement agents investigate crimes in a particular way or that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented, you need not speculate as to why law enforcement used the techniques they did, or why they did not use other techniques.  The Government is not on trial and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.[36]

---

[36] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 4-4, and The Honorable Valerie E. Caproni's Instruction in <u>Riley</u>.

44

REQUEST NO. 19

<u>Charts and Summaries: Admitted as Evidence</u>

*[If Applicable]*

Some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.[37]

---

[37] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-12, and The Honorable Valerie E. Caproni's Instruction in <u>Riley</u>.

45

REQUEST NO. 20

<u>Charts and Summaries: Not Admitted as Evidence</u>

*[If Applicable]*

There have also been a number of summary charts and exhibits introduced merely as a summaries or analyses of testimony and documents in the case.  The charts and exhibits act as visual aids for you.  They are not, however, evidence in themselves.  They are graphic demonstrations of underlying evidence.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.[38]

---

[38] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-13, and The Honorable Richard J. Sullivan's Instruction in <u>Peirce</u>.

46

REQUEST NO. 21

Stipulations of Testimony

*[If Applicable]*

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.[39]

---

[39] Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-7.

REQUEST NO. 22

Stipulations of Fact

*[If Applicable]*

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed-upon facts as true.[40]

---

[40] Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-6.

REQUEST NO. 23

<u>Redaction of Evidentiary Items</u>

*[If applicable]*

Among the exhibits received in evidence, there are some documents that are redacted.  "Redacted" means that part of the document was taken out.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been redacted.[41]

---

[41] Adapted from The Honorable Kimba M. Wood's Instruction in <u>United States</u> v. <u>Cespedes-Pena</u>, 14 Cr. 520 ("<u>Cespedes-Pena</u>").

REQUEST NO. 24

<u>Uncalled Witness: Equally Available To Both Sides</u>

*[If Applicable]*

There are several persons whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what such witnesses would have said had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[42]

_____

[42] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 6-7, and The Honorable Valerie E. Caproni's Instruction in <u>Riley</u>.

50

REQUEST NO. 25

<u>Persons Not on Trial</u>

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendant from the fact that those persons are not named as defendants in the Indictment, or are not present at this trial.  In addition, you may not speculate as to the reasons why other persons are not defendants in this trial. Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.[43]

---

[43] The Honorable Kimba M. Wood's Instruction in <u>Cespedes-Pena</u>.

REQUEST NO. 26

<u>Character Witnesses</u>

*[If Applicable]*

There has been testimony that the defendant [the Court is respectfully requested to describe the testimony, such as, has a good reputation for honesty and integrity in the community].  This testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense, and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness' opinion as to the guilt or innocence of the defendant. [Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]   The guilt or innocence of the defendant is for you alone to determine

52

and that should be based on all the evidence you have heard in the case.[44]

---

[44] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-15; <u>see</u> <u>United States</u> v. <u>Pujana-Mena</u>, 949 F.2d 24, 27-32 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

REQUEST NO. 27

<u>Defendant's Testimony</u>

*[Requested Only If the Defendant Testifies]*

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

In this case, defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate his testimony just as you would the testimony of any witness with an interest in the outcome of the case.[45]

---

[45] Adapted from The Honorable Kimba M. Wood's Instruction in <u>Cespedes-Pena</u>; <u>see</u> <u>United States</u> v. <u>Brutus</u>, 505 F.3d 80, 87-88 (2d Cir. 2007) (discussing appropriate charge when a defendant testifies).

REQUEST NO. 28

<u>Defendant's Right Not To Testify</u>

*[If Requested by the Defendant]*

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.[46]

---

[46] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

REQUEST NO. 29

<u>Improper Considerations: Race, Religion,
National Origin, Sex, or Age</u>

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.  It would be improper for you to consider any personal feelings you have about the defendant's race, religion, national origin, gender, sexual orientation, or age.  Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any other witness or anyone else involved in this case.  The defendant is entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.[47]

---

[47] Adapted from the Honorable Kimba M. Wood's Instruction in <u>Cespedes-Pena</u>.

56

REQUEST NO. 30

Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges in the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict as to the defendant must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk you will

57

not come to a just result.  Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for her or himself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.  Do not deliberate unless all twelve of you are in the jury room.

Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

58

You are free to select any foreperson you like.  The foreperson will preside over your deliberations, and will be your spokesperson here in court.  That is simply for convenience, and it gives him or her no greater authority, and his or her vote has no greater weight than that of any other juror.

I will give each of you a verdict form for your convenience; the foreperson will have a verdict form on which you should record any verdict you reach unanimously.

Members of the jury, I am going to ask you to remain seated briefly while I confer with counsel to see if there are any additional instructions that they would like to have me give to you.  Because there is a possibility that I might find it proper to give you such additional instructions, I ask that you not discuss the case while seated in the jury box.

Dated:    New York, New York
          October 1, 2015


                    Respectfully submitted,

                    PREET BHARARA
                    United States Attorney for the
                    Southern District of New York
                    Attorney for the United States of America


          By:  _____/s/_____
                    Carrie H. Cohen/Howard S. Master/
                    Andrew D. Goldstein/James M. McDonald
                    Assistant United States Attorneys
                    (212) 637-2264/2248/1559/2405

                              59