```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/20/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
UNITED STATES OF AMERICA,                :
                                                                              :           15-CR-93 (VEC)
            -against-                                              :
                                                                              :           MEMORANDUM
                                                                              :                ORDER
SHELDON SILVER,                                        :
                                                                              :
                              Defendant.                  :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

The Court assumes familiarity with the facts and posture of this case. Defendant Sheldon Silver moved *in limine* to preclude the Government from offering any evidence of campaign contributions from the real estate developer Glenwood Management ("Glenwood") to Silver, to others in New York State government or to political action committees. Dkt. 53. For the following reasons, the Defendant's motion is DENIED.

## DISCUSSION

Silver argues that evidence of Glenwood's campaign contributions should be excluded under Rules 402 and 403 because they are irrelevant and because they are substantially more prejudicial than probative. Def. Mot. at 2. The Government alleges in its Superseding Indictment ("SI") that Silver engaged in a kickback scheme pursuant to which he used his position as Speaker of the New York Assembly to steer tax certiorari business from Glenwood to the real estate law firm Goldberg & Iryami. SI ¶¶ 10-13. In furtherance of the scheme, Silver supported legislative proposals favorable to Glenwood and received a percentage of the tax certiorari fees Goldberg & Iryami generated from its work for Glenwood. *Id.* ¶¶ 13(d)-14. Silver argues that Glenwood's campaign contributions are irrelevant because the Superseding Indictment does not allege that the contributions were themselves part of the alleged unlawful

*quid pro quo* relationship. Def. Mot. at 4. Moreover, Silver argues that evidence of the contributions is unfairly prejudicial because, although campaign contributions are routine and lawful, the introduction of contributions into evidence in this case "is calculated to portray New York politics as awash in money." Def. Mot. at 6. Silver's arguments fail on both grounds.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. In this case, Glenwood's campaign contributions are relevant to Glenwood's motive to enter into an alleged *quid pro quo* relationship with Silver, even if the contributions themselves were not part of the *quid pro quo* exchange. The fact that Glenwood's contributions to New York State politicians and political action committees were purportedly the largest of any company or individual during the relevant time period is circumstantial evidence that Glenwood believed at the time that favorable action by New York State was critical to Glenwood's business success. Gov't. Opp. at 14. From that fact, a jury could conclude that Glenwood was motivated to curry favor with Silver. *See*, *e.g.*, *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (holding that, where the defendant was charged with honest services fraud, testimony about lawful campaign contributions was relevant to understanding the relationship between the defendant and public officials). In addition, because Silver was himself a substantial beneficiary of Glenwood's lawful largesse, evidence of the contributions tends to prove that Silver knew of the importance Glenwood placed on favorable New York State action. That knowledge, in turn, is relevant to whether Silver entered into an unlawful *quid pro quo* relationship with Glenwood.[1]

---

[1] Of course, the mere fact that a politician knows that state action is important to a constituent is not proof, standing alone, that there is a *quid pro quo* relationship between the politician and the constituent. That knowledge is, however, *relevant* because it is more likely that a *quid pro quo* relationship will develop between a politician and

Silver argues that even if the evidence of Glenwood's contributions is relevant, it should nonetheless be excluded under Rule 403[2] because it is unfairly prejudicial. He argues that the controversial nature of political contributions will inflame the jury, encouraging them to assume that money in politics is generally "evil." Def. Reply at 5. Silver is concerned that the jury will believe that if Silver received lawful contributions from Glenwood, then he must also have been involved in the allegedly illicit *quid pro quo* arrangement with Glenwood. *Id.* While that is a possibility, that rather remote risk does not substantially outweigh the probative value of the evidence and can be mitigated with a limiting instruction. *See United States v. Ring*, 760 F.3d at 473 (The limiting instruction that campaign contributions were not illegal mitigated the potential for unfair prejudice.). Moreover, that risk is substantially lower than the risk in *United States v. Ring,* 760 F.3d 460, the case on which Silver relied heavily during oral argument on this motion. In *Ring,* there was a substantial risk that the jury would confuse the lawful contributions as being part of the *quid pro quo* because political action was taken in exchange for relatively small personal benefits, such as sporting tickets, and because there was evidence that the defendant "had a 'running joke' in which he would hold up a client's campaign check and ask, 'Hello quid. Where's the pro quo?'" *See id.* at 472. In contrast, here the Government alleges that Silver took political action in favor of Glenwood in exchange for approximately $700,000 in kickbacks, and there is no suggestion that anyone expressly tied legal contributions to illegal kickbacks. SI ¶ 8(a).

---

a constituent who believes that state action is important to its business than between a politician and a constituent who is indifferent to the machinations of government.

[2] Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issue, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

## CONCLUSION

For the above-stated reasons, the Defendant's motion *in limine* to exclude evidence of Glenwood's campaign contributions is DENIED.

**SO ORDERED.**

**Dated: October 20, 2015**
　　　　**New York, NY**

　　　　　　　　　　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**