RECEIVED
OCT 23 2015
CHAMBERS OF
VALERIE CAPRONI
U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| -v.- | : | S1 15 Cr. 093 (VEC) |
| | : | |
| SHELDON SILVER, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DR. ROBERT TAUB'S NOTICE OF MOTION TO QUASH SUBPOENA

**PLEASE TAKE NOTICE** that, upon the accompanying Memorandum of Law, dated

October 23, 2015, non-party Dr. Robert Taub, by and through his counsel, will move this Court

at such time as the Court designates, before the Honorable Valerie E. Caproni, United States

District Judge for the Southern District of New York, located at 40 Foley Square, New York,

New York, at a time and date to be set by the Court for an Order pursuant to Federal Rule of

Criminal Procedure 17(c)(2) quashing Defendant Sheldon Silver's subpoena served upon Dr.

Taub on October 7, 2015, and such other relief as the Court deems just and proper.

Dated: October 23, 2015
     New York, New York

                                Respectfully Submitted,
                                Lankler Siffert & Wohl LLP

                    By: *Lisa Zornberg*
                                Lisa Zornberg
                                lzornberg@lswlaw.com
                                500 Fifth Avenue, 34th Floor
                                New York, NY 10110
                                (212) 921-8399

                                *Attorneys for Non-Party Dr. Robert Taub*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -v.- | : | S1 15 Cr. 093 (VEC) |
| SHELDON SILVER, | : | |
| Defendant. | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DR. ROBERT TAUB'S
## MOTION TO QUASH RULE 17(c) SUBPOENA DUCES TECUM

LANKLER SIFFERT & WOHL LLP
Lisa Zornberg
500 Fifth Avenue, 34th Floor
New York, NY 10110
(212) 921-8399
lzornberg@lswlaw.com

*Attorneys for Non-Party Dr. Robert Taub*


## TABLE OF CONTENTS

Preliminary Statement ............................................................................................ 1

Background ............................................................................................................. 2

Argument ................................................................................................................ 3

    A.    Applicable Legal Standard ............................................................... 3

    B.    Discussion ....................................................................................... 4

        Requests 1, 3, 5, 6, 8, and 12 ........................................................ 4

        Requests 7, 9, 11, 14, and 15 ........................................................ 5

        Request 4 ........................................................................................ 8

        Request 13 ...................................................................................... 10

        Request 2 ........................................................................................ 10

        Request 10 ...................................................................................... 11

Conclusion .............................................................................................................. 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951)..............................................................3

*In re Irving*, 600 F.2d 1027 (2d Cir. 1979) ..................................................................................4

*United States v. Arias*, 373 F. Supp. 2d 311 (S.D.N.Y. 2005).....................................................3, 5

*United States v. Boyle*,
   No. 08 CR 523 (CM), 2009 WL 484436 (S.D.N.Y. Feb. 24, 2009) ...........................3, 5, 7,10

*United States v. Cherry*,
   876 F. Supp. 547 (S.D.N.Y. 1995)...........................................................................................10

*United States v. Dupree*,
   No. 10-CR-627 KAM, 2011 WL 2006295 (E.D.N.Y. May 23, 2011).................................5, 9

*United States v. Ferguson*,
   3:06 CR 137 CFD, 2008 WL 113663 (D. Conn. Jan. 2, 2008)...........................................5, 10

*United States v. Hutchinson*,
   97 Cr. 1146, 1998 WL 1029228, at *2 (E.D.N.Y. Dec. 23, 1998) ...........................................6

*United States v. Jasper*,
   No. 00 CR 825, 2003 WL 1107526 (S.D.N.Y. March 13, 2003) ............................................10

*United States v. Louis*,
   No. 04 Cr. 203, 2005 WL 180885 (S.D.N.Y. Jan. 27, 2005)...........................................4, 6, 8

*United States v. Nektalov*,
   No. S203 CR 828, 2004 WL 1574721 (S.D.N.Y. July 14, 2004)...........................................10

*United States v. Nixon*,
   418 U.S. 683 (1974).........................................................................................................*passim*

*United States v. RW Prof'l Leasing Servs. Corp.*,
   228 F.R.D. 158 (E.D.N.Y. 2005).......................................................................................3, 5, 7, 8

*United States v. Salvagno*,
   267 F. Supp. 2d 249 (N.D.N.Y. 2003).......................................................................................5

*United States v. Sawinski*,
   No. 00 CR 499, 2000 WL 1702032 (S.D.N.Y. Nov. 14, 2000)...............................................10

*United States v. Shanahan,*
    No. S1-4:07 CR 175 JCH, 2008 WL 619213 (E.D. Mo. Mar. 3, 2008) ..............................5, 10

*United States v. Weisberg,*
    No. 08 CR 347, 2011 WL 1327689 (E.D.N.Y. Apr. 5, 2011) ........................................4, 6, 10

*United States v. Yian,*
    No. 94 Cr. 719, 1995 WL 614563 (S.D.N.Y. Oct. 19, 1005) ....................................................4

## Other Authorities

2 Charles Alan Wright and Peter J. Henning, Federal Practice and Procedure § 275
    (4th ed. 2010) ...........................................................................................................................8

Dr. Robert Taub, by and through counsel, respectfully submits this memorandum of law in support of his motion to quash the Rule 17(c) subpoena *duces tecum* served on October 7, 2015 ("Subpoena") by counsel for defendant Sheldon Silver ("Defendant") in this case.

## Preliminary Statement

The Subpoena served on Dr. Taub should be quashed in its entirety because it fails to satisfy the requirements of Federal Rule of Criminal Procedure 17(c). As the Supreme Court has held, for a Rule 17(c) subpoena to be proper, the Defendant must be able to make a threshold showing of specificity, relevance and admissibility. In addition, the Defendant must show that the subpoena is not intended "as a general 'fishing expedition,'" and that the documents are not otherwise reasonably procurable in advance of trial. *United States v. Nixon*, 418 U.S. 683, 700 (1974).

The Subpoena fails to meet those requirements.

The Subpoena for the most part seeks nothing specific, and there is no indication that it seeks anything relevant, let alone admissible at trial. The Subpoena uses overbroad language about a multitude of categories without any date restriction, limitation as to subject, or particularization of what information Defendant seeks or why it is relevant -- exactly the kind of "general fishing expedition" that the Supreme Court has said is improper. Moreover, the Subpoena unreasonably seeks documents that Dr. Taub previously produced to the government -- and which we understand Defendant has already received from the government through Rule 16 discovery.

1

## Background

It is expected that Dr. Taub will be called by the government to testify at the trial in this case.

Dr. Taub, through counsel, previously produced to the government all documents in his possession relating to the Defendant and relating to the matters and events specifically alleged in the Superseding Indictment ("Indictment").[1]  We have been informed that the government turned over the entirety of the materials Dr. Taub produced to Defendant during Rule 16 discovery.

Defendant has now served an incredibly broad trial subpoena on Dr. Taub.  The subpoena reads like an expansive civil discovery request.  It contains 15 requests, each calling for the production of "all documents relating in any way" to 15 different categories.  Many of those 15 categories are massively broad, and contain no date restriction, no limitation by subject, no particularization of what information the Defendant seeks, and no indication of how the documents sought are relevant, let alone admissible.[2]

---

[1] Dr. Taub has produced all non-privileged documents in his possession relating to Defendant and to the matters and events enumerated in Paragraph 23(a) through (e) of the Indictment, including: New York State grants awarded to Columbia in or about 2005 and 2006 for mesothelioma research conducted by the Mesothelioma Center that Dr. Taub directed; state funding given in 2008 to Shalom Task Force, a not-for-profit organization on which a family member of Dr. Taub served as a board member; a May 2011 cancer organization event honoring Dr. Taub in which Defendant participated; and employment assistance by Defendant for a family member of Dr. Taub in or about 2012.  *See* Indictment ¶ 23(a) through (e).

[2] The Subpoena also seeks production of a privilege log.  A privilege log is not admissible evidence and in no event should a privilege log be required.  This is a textbook fishing expedition in which Defendant, without legal basis, wants to see what else exists without knowing what exists in the first place.

## Argument

### A. Applicable Legal Standard

Documents sought under Rule 17(c) must satisfy the standard adopted by the Supreme

Court in *United States v. Nixon*, 418 U.S. 683 (1974). The moving party must show:

> (1) that the documents are evidentiary and relevant;
>
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
>
> (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
>
> (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699–700.

This is a "strict standard" because the purpose of Rule 17(c) is not to facilitate discovery

– which would allow parties to end-run the limitations of the Rule 16 discovery rules – but rather

to enable a party to obtain specific, evidentiary material prior to trial. *United States v. Boyle*, No.

08 CR 523 (CM), 2009 WL 484436, at *2 (S.D.N.Y. Feb. 24, 2009); *United States v. Arias*, 373

F. Supp. 2d 311, 313 (S.D.N.Y. 2005) ("[defendant] may not subpoena a co-defendant or related

party to make an end-run around the discovery limitations of Rule 16"); *Bowman Dairy Co. v.*

*United States*, 341 U.S. 214, 220–21 (1951) ("Rule 17(c) was not intended to provide an

additional means of discovery.").

Courts, therefore, "must be careful that [R]ule 17(c) is not turned into a broad discovery

device." *United States v. RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. 158, 161–62 (E.D.N.Y.

2005) (citing cases).

3

Under Rule 17(c), the fact that documents "are *potentially* relevant or *may* be admissible is not sufficient." *Id.* at 162 (emphasis added).  The party seeking documents must be able to "reasonably specify the information contained or believed to be contained in the documents sought," and establish relevancy and admissibility. *United States v. Louis*, No. 04 Cr. 203 (LTS), 2005 WL 180885, at *5 (S.D.N.Y. Jan. 27, 2005) (internal punctuation and citation omitted).

Under Rule 17(c)(2), courts may quash or modify subpoenas that are "unreasonable or oppressive," and where the party seeking production has not met its burden of demonstrating that the threshold requirements for issuance have been met. *United States v. Weisberg*, No. 08 CR 347 (NGG), 2011 WL 1327689, *4 (E.D.N.Y. Apr. 5, 2011) (citing *Nixon*, 418 U.S. at 701; *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979)).

When a request may accurately be described as a fishing expedition, it "deserves to be quashed" on that basis alone. *United States v. Yian*, No. 94 Cr. 719 (DLC), 1995 WL 614563, at *2 (S.D.N.Y. Oct. 19, 1995).

**B.   Discussion**

The Subpoena runs afoul of the requirements of Rule 17(c) and should be quashed.  To aid the Court's review of this matter, we address the Subpoena requests in groups.

<u>**Requests 1, 3, 5, 6, 8, and 12**</u>

These requests call for the production of "all documents relating in any way to the following":

1. A private dinner attended by you at the restaurant "Sòlo" on or around May 12, 2011 in New York, New York.

3. Employment for Jonathan Taub at OHEL.

5. Referrals provided to law firms, including, without limitation, Weitz & Luxenberg, P.C.

6. Sheldon Silver.

8. The American Cancer Society's Reception for Awards in Medical Excellence held on or around May 12, 2011 in New York, New York.

12. The New York City Miles for Meso Run/Walk.

Dr. Taub has previously produced to the government all non-privileged documents in his possession that are responsive to these requests for the time-period alleged in the Indictment.[3] Defendant has received these documents from the government.  Nothing further should be required, and these requests should be deemed moot and quashed.  *See RW Prof'l Leasing*, 228 F.R.D. at 163-64 (quashing subpoena of non-party as unreasonable and unnecessary where the information could be readily obtained from the government, stating: "[I]it is unreasonable to burden [non-party] to re-produce documents that were already given to [defendant].");  *Boyle*, 2009 WL 484436, at *3 (same);  *see also United States v. Arias*, 373 F. Supp. 2d 311, 313 (S.D.N.Y. 2005) (Rule 17(c) subpoena cannot be used to end-run Rule 16 discovery).

### Requests 7, 9, 11, 14, and 15

These requests call for production of "all documents relating in any way to the following":

7. Simmons Hanly Conroy LLC.

---

[3] To the extent the Subpoena seeks documents outside the time-frame of the events in the Indictment, it fails the specificity, relevancy, and admissibility requirements of *Nixon*, and Dr. Taub should not be required to search for them. *See United States v. Dupree*, No. 10-CR-627 KAM, 2011 WL 2006295, at *4 (E.D.N.Y. May 23, 2011) (quashing defendant's subpoenas to the extent they sought documents outside the time-frame of the charged conduct because those documents "would not be relevant to his defense on those counts" and would be "inadmissible"); *United States v. Ferguson*, 3:06 CR 137 CFD, 2008 WL 113663, at *1 n.1 (D. Conn. Jan. 2, 2008) (enforcing subpoenas only for the period during which "many of the events alleged in the indictment occurred"); *United States v. Salvagno*, 267 F. Supp. 2d 249, 253 (N.D.N.Y. 2003) (quashing subpoena that sought documents for a time period exceeding the conduct charged by the indictment); *see also United States v. Shanahan*, No. S1-4:07 CR 175 JCH, 2008 WL 619213, at *2 (E.D. Mo. Mar. 3, 2008) (limiting document request to the relevant time period "covered by the superseding indictment").

9. The Columbia University Mesothelioma Center.

11. The Mesothelioma Applied Research Foundation.

14. The Shalom Task Force.

15. The Simmons Mesothelioma Foundation.

These requests fail the specificity, relevancy and admissibility prongs of *Nixon*. The requests seek documents related to broad categories without limitations. The requests are non-specific, overbroad, and burdensome, and are classic "fishing expeditions." *Nixon*, 418 U.S. at 700.

Dr. Taub has interacted with the five entities named in these requests for many years. Dr. Taub directed the Columbia University Mesothelioma Center for approximately 15 years; he has participated in the Mesothelioma Applied Research Foundation ("MARF") for more than 15 years; his interactions with Simmons Hanly Conroy LLC and The Simmons Mesothelioma Foundation (collectively, "the Simmons entities") date back at least to 2009; and Dr. Taub has had interactions with the Shalom Task Force, a non-profit charity that helps victims of domestic abuse, for over two decades.

It is unreasonable and oppressive for Defendant to subpoena "all documents relating in any way to" these entities without making any attempt to pinpoint the documents sought, or even to limit the requests by subject matter or date. Courts routinely quash Rule 17(c) subpoenas for this kind of defect, because the party seeking documents must be able to "reasonably specify the information contained or believed to be contained in the documents sought" – something Defendant has not done here. *Louis*, 2005 WL 180885, at *5.

These requests should be quashed, just as in *United States v. Weisberg*, in which the district court quashed a subpoena request that sought "all documents and material in any way

6

relating to [an] Escrow Account." 2011 WL 1327689, at *6. The district court ruled that such a broad, unfocused, categorical request "fail[ed] to meet the *Nixon* requirements of relevancy, specificity, and admissibility." *Id.* The same conclusion is warranted here, because the requests fail to specify what is sought and thus fail even to allow for an assessment of relevance or admissibility. *See RW Prof'l Leasing*, 228 F.R.D. at 163–64 (quashing non-specific request for all documents relating to defendant's customers: such request did "not meet the specificity requirement because [it was] too generalized; fail[ed] to adequately specify the information sought; and demand[ed] from [the subpoenaed non-party] each and every document ever generated . . . ."); *United States v. Hutchinson*, 97 Cr. 1146, 1998 WL 1029228, at *2 (E.D.N.Y. Dec. 23, 1998) (quashing "blanket request[]" that lacked "specificity," and as to which defendant "'[could not] reasonably specify the information contained or believed to be contained'" in the subpoenaed records) (quoting *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)).

Requests 7, 9, 11, 14 and 15 should additionally be quashed because Defendant can procure documents relating to these five entities from the government or the entities themselves. *See Nixon*, 418 U.S. at 699-700 (burden is on party seeking Rule 17(c) subpoena to show that documents "are not otherwise procurable reasonably in advance of trial by exercise of due diligence"); *Boyle*, 2009 WL 484436, at *3 (refusing to issue a Rule 17(c) subpoena, in part, because "[i]t is also likely that many of the documents that defendant seeks in his subpoena are obtainable from another source . . . ."); *RW Prof'l Leasing*, 228 F.R.D. at 164 (same). In that regard, it is our understanding – and the parties can confirm – that Columbia University, the Simmons entities, MARF and Shalom Task Force were previously subpoenaed for documents by the government, and that Defendant received copies of the entities' responsive documents from

7

the government during Rule 16 discovery.  We further understand (and Defendant can confirm),

that Defendant has served trial subpoenas directly on some or all of those five entities, which

may have responded to Defendant.  Accordingly, Defendant appears to already be in possession

of a substantial number of documents from the entities themselves.  If anything, the fact that

Defendant's Subpoena requests to Dr. Taub relating to those five entities are so non-specific,

even *after* Defendant received documents from those entities, indicates that Defendant's requests

are fishing expeditions.

<div align="center">**Request 4**</div>

Request 4 calls for production of "all documents relating in any way to":

4.  Grants received, awarded, or applied for from 2000 through the present,
    including, without limitation, grants received, awarded, or applied for under
    the Health Care Reform Act ("HCRA").

This request should be quashed because Dr. Taub has already produced to the

government all documents in his possession relating to the state grants alleged in the Indictment.

He possesses no other documents regarding any HCRA grants or applications.  *See RW Prof'l*

*Leasing*, 228 F.R.D. at 164.

The remainder of Request 4 – which seeks production of "all documents relating in any

way to … grants received, awarded, or applied for from 2000 through the present" – should be

quashed because it is an overbroad, non-specific fishing expedition.  It is unclear, and

Defendant's burden to demonstrate, why grant documents unrelated to the charges in the

Indictment (or even the time period alleged in the Indictment) would be relevant or admissible at

trial.  *See Louis*, 2005 WL 180885, at *3 (burden on defendant to show that subpoena seeks

relevant and admissible evidence); *See* 2 Charles Alan Wright and Peter J. Henning, Federal

Practice and Procedure § 275 (4th ed. 2010) ("[C]ourts will not allow general requests for

<div align="center">8</div>

categories of only arguably relevant documents that indicate the subpoena falls in the category of the much maligned 'fishing expedition.'").

Furthermore, Dr. Taub has been associated with Columbia University for over 30 years and at all times since 2000.  Accordingly, any grant documents (including those unrelated to the grants at issue in this case) are procurable from Columbia University.

### Request 13

Requests 13 calls for production of "all documents relating in any way to":

13. The official resolution issued by the New York State legislature honoring you and any other resolutions, proclamations, or awards that you received.

This request should be quashed because Dr. Taub has already produced to the government all documents in his possession relating the official resolution and proclamation by the New York State legislature honoring him on the occasion of his receipt of a 2011 award from a cancer-fighting organization.  Defendant thus has these documents already.

The remaining portion of Request 13 – seeking production of all documents relating to any resolutions, proclamations or awards that Dr. Taub received at any time in his life from any person and for any reason – is overbroad and burdensome, and fails the *Nixon* prongs of specificity, relevance and admissibility.  Dr. Taub is 79 years old and his work in the medical profession has been recognized at various points during a career spanning approximately 54 years.  Request 13 fails to seek any specific awards, even though Dr. Taub previously produced to the government – and Defendant thus already has – a copy of his curriculum vitae, which includes a section listing Dr. Taub's Fellowships and Awards.  The fact that Request 13 fails to list any specific Fellowship or Award demonstrates that the request is a classic fishing expedition.  In any event, it stretches the imagination to consider whether documents regarding any such awards would be relevant or admissible in this case.

9

### Request 2

Request 2 calls for production of "all documents relating in any way to":

2. Any internal investigation and/or disciplinary action by Columbia University or any related entity.

The sole purpose of this request is to seek impeachment material on Dr. Taub – an impermissible use of a Rule 17(c) subpoena . *See Nixon*, 418 U.S. at 701 (observing that Rule 17(c) subpoenas generally may not be used to obtain pre-trial discovery into impeachment material); *United States v. Nektalov*, No. S203 CR 828, 2004 WL 1574721, at *2 (S.D.N.Y. July 14, 2004) ("documents sought solely for impeachment purposes are not the proper subject of a Rule 17(c) subpoena"); *Weisberg*, 2010 WL 5027537, at *1 (same); *Boyle,* 2009 WL 484436, at *2 (same); *United States v. Sawinski*, No. 00 CR 499, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) (same); *United States v. Cherry*, 876 F. Supp. 547, 552-53 (S.D.N.Y. 1995) (same). *See also United States v. Jasper*, No. 00 CR 825, 2003 WL 1107526, at *2 (S.D.N.Y. March 13, 2003) (quashing defendant's subpoena for personnel files of government witnesses where documents were sought for impeachment and would constitute inadmissible hearsay).

Furthermore, Columbia's recent efforts to terminate Dr. Taub *followed* the government's arrest of the Defendant.  Accordingly, this request seeks documents outside of time-period relevant to the government's allegations, and those documents are neither relevant nor admissible at trial.  Indeed, Defendant does not and cannot demonstrate how Columbia's actions after the Defendant was arrested are relevant to whether the Defendant committed the acts charged. *See Dupree*, 2011 WL 2006295, at *4 (quashing defendant's subpoenas to the extent they sought documents outside the time frame of the charged conduct because those documents "would not be relevant to his defense on those counts" and would be "inadmissible"); *Ferguson*, 2008 WL 113663, at *1 n.1 (enforcing subpoenas only for the period during which "many of the

events alleged in the indictment occurred"); *Shanahan*, 2008 WL 619213, at *2 (limiting document request to the relevant time period "covered by the superseding indictment"); *supra* note 2.[4]

## **Request 10**

This request calls for production of "all documents relating in any way to":

10. The investigation by the U.S. Attorney's Office and/or the Grand Jury in connection with this matter.

This is another fishing expedition that should be quashed.  Defendant already has all documents produced by Dr. Taub to the government in the course of the government's investigation.  To the extent Defendant seeks records beyond that, this request is so non-specific that it is essentially meaningless.

## **Conclusion**

For the foregoing reasons, non-party Dr. Taub respectfully requests that the Court quash the Subpoena in its entirety.

Dated:   New York, New York          LANKLER SIFFERT & WOHL LLP
       October 23, 2015

                      By: _Lisa Zornberg_
                      Lisa Zornberg (lzornberg@lswlaw.com)
                      500 Fifth Avenue, 34th Floor
                      New York, New York  10110
                      (212) 921-8399

                      *Attorneys for Non-Party Dr. Robert Taub*

---

[4] Moreover, termination letters that Columbia sent to Dr. Taub in late January 2015 are exhibits filed in pending state court litigation, so Defendant can easily procure them from the court (if he has not done so already).  The mere fact that these letters are procurable from a public database means that the Defendant should not be permitted to subpoena them from Dr. Taub.

11