UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHELDON SILVER,<br><br>Defendant. | No. 15 Cr. 93 (VEC)<br><br>**ORAL ARGUMENT REQUESTED** |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DRAFTS AND OTHER COMMUNICATIONS REGARDING DR. TAUB'S NON-PROSECUTION AGREEMENT**

Joel Cohen
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, New York  10038
Telephone:  (212) 806-5644
Facsimile:   (212) 806-6006

Steven F. Molo
Robert K. Kry
Justin V. Shur
MOLO LAMKEN LLP
540 Madison Avenue
New York, New York  10022
Telephone: (212) 607-8160
Facsimile:  (212) 607-8161

*Attorneys for Defendant*

November 2, 2015

Defendant Sheldon Silver respectfully moves the Court to compel the Government to produce any drafts of the non-prosecution agreement between Dr. Robert Taub and the Government and any communications regarding the fact basis contained therein. From the beginning, the Government has made clear that Dr. Taub will be its star witness. Despite that, the Government elected not to bring Dr. Taub before a grand jury. Nor has it provided a single typed interview report memorializing Dr. Taub's statements to the Government (except for a single half-page report from a 6:15 AM surprise visit to his residence more than a year ago). The Government has only produced handwritten scribbles, which were generated from six different interviews of Dr. Taub. The only clear, decipherable statement by Dr. Taub regarding the alleged offenses the Government has provided is the fact basis contained in Dr. Taub's non-prosecution agreement. On its face, this fact basis appears to contain language that was heavily negotiated between Dr. Taub and the Government. Disclosure of communications regarding the negotiation of that language—including earlier drafts of the agreement—may contain evidence that is material to the impeachment of the Government's star witness. The Court should thus compel the Government to produce them.

## BACKGROUND

On January 12, 2015, the Government and Dr. Taub executed a non-prosecution agreement. Ex. 1. The agreement contains a fact basis which carefully delineates acts to which Dr. Taub "previously admitted," all of which directly concern the Government's allegations against Mr. Silver. *Id.* at 1. In particular, the fact basis portion of Dr. Taub's non-prosecution agreement states that:

> Dr. Taub has previously admitted, and hereby affirms, that (a) after learning that Silver wanted patient referrals, Dr. Taub knowingly referred numerous patients to Silver; (b) Dr. Taub was aware that Silver that Silver would personally benefit through such referrals; and (c) by making and continuing to make such referrals,

> Dr. Taub intended to create and maintain a relationship with Silver through which Dr. Taub could, and did, make requests of and receive benefits from Silver in his official capacity as Speaker of the Assembly, including requests for and receipt of State funding for his research and other benefits to himself and his family.

*Id.* Based on this careful wording, it appears this was not the first draft of the fact basis but the culmination of a negotiation between Dr. Taub and the Government. As a result, Mr. Silver specifically requested that the Government produce "any documents relating to the [non-prosecution agreement] . . . , including any earlier drafts of the agreement or communications between the Government and Dr. Taub or his counsel regarding the terms, conditions, or language contained in the agreement." Ex. 2 at 2. The Government refused to do so. Ex. 3. Its "response" was telling:

> ***To the extent there were additional communications*** between the Government and counsel for Dr. Taub concerning the 'terms, conditions, or language' of the NPA, the defense is not entitled to such communications under any applicable statute, rule, or case law.

*Id.* (emphasis added). The Government thus did not deny the existence of earlier drafts or communications relating to the non-prosecution. Nor did it offer any explanation for why Mr. Silver was not entitled to those documents. Accordingly, Mr. Silver now moves to compel the Government to produce such material.

## ARGUMENT

Mr. Silver should be entitled to any drafts of Dr. Taub's non-prosecution agreement and any correspondence regarding what Dr. Taub "previously admitted" to the Government as described in the fact basis portion of that agreement. Due process requires the Government to disclose all "evidence favorable to an accused upon request . . . [that] is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). Material evidence includes evidence that is "useful for impeachment, *i.e.*,

2

having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *Leka v. Portuondo*, 257 F.3d 89, 98 (2d Cir. 2001) (quotation marks omitted). Consistent with those principles, Mr. Silver is entitled to the requested materials.

Previous drafts of the non-prosecution agreement, and written communications between Dr. Taub and the Government about what it was Dr. Taub "previously admitted" to and how the scope of those admissions evolved, may contain material highly relevant to the impeachment of Dr. Taub's credibility as a witness.

Judge Kaplan's decision in *United States v. Stein*, 488 F. Supp. 2d 350 (S.D.N.Y. 2007), is on all fours. That case was a criminal prosecution of certain individual partners of the accounting firm KPMG. The firm itself had entered into a "Deferred Prosecution Agreement" that included an "agreed Statement of Facts . . . that contained a detailed account of alleged wrongdoing on the part of the firm." *Id.* at 353. The defendants sought to compel production of any drafts of the agreement. *Id.* at 359.

Judge Kaplan granted the motion. *Id.* "The Statement of Facts that was filed publicly with the DPA," he explained, "was not the first draft, but the culmination of a negotiation between KPMG and the USAO." *Id.* "***Disclosure of the give and take as to what KPMG was prepared to admit and what the government unsuccessfully sought is likely to shed light on matters at issue in this case***." *Id.* (emphasis added). "Disclosure therefore is likely to 'play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal.'" *Id*.

That reasoning applies directly to this case. Just like in *Stein*, the non-prosecution agreement is surely "not the first draft, but the culmination of a negotiation" between Dr. Taub and the Government. And just as in *Stein*, "[d]isclosure of the give and take as to what [the

witness] was prepared to admit and what the government unsuccessfully sought is likely to shed light on matters at issue in this case." *Id.*  This is particularly so where the Government has not produced a clear statement of what Dr. Taub "previously admitted."  Accordingly, as in *Stein*, the Court should order the Government to produce these crucial documents to the defense.

## CONCLUSION

The Court should compel the Government to produce all documents relating to Dr. Taub's non-prosecution agreement, including any drafts of the agreement and any communications regarding the fact basis contained therein.

Dated:   November 2, 2015                          Respectfully submitted,
         New York, New York


  /s/  Joel Cohen                                    /s/  Steven F. Molo
Joel Cohen                                         Steven F. Molo
STROOCK & STROOCK & LAVAN LLP                      Robert K. Kry
180 Maiden Lane                                    Justin V. Shur
New York, New York  10038                          MOLO LAMKEN LLP
Telephone:  (212) 806-5644                         540 Madison Avenue
Facsimile:   (212) 806-6006                        New York, New York  10022
                                                   Telephone:  (212) 607-8160
                                                   Facsimile:   (212) 607-8161

*Attorneys for Defendant*