

Steven F. Molo
MoloLamken LLP
540 Madison Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

November 17, 2015

Honorable Valerie E. Caproni
  United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *United States v. Sheldon Silver*, No. 15 Cr. 93 (VEC)

Dear Judge Caproni:

      We write to request that the Court exclude irrelevant and prejudicial evidence relating to Mr. Silver's investments. The Government apparently intends to introduce evidence, including testimony from Paul Cody and Jordan Levy, about Mr. Silver's investment of funds in a private investment vehicle managed by Mr. Levy. The Government has alleged that the vehicle was a "private, high-yield investment opportunit[y] . . . not available to the general public" that "promised a high annual rate of return with little risk." Superseding Indictment ¶¶ 29, 30. Mr. Silver allegedly "did not pay any fee or remuneration" in connection with the investment and did not "disclose . . . the source and origin of the funds." *Id.* ¶ 31. All that evidence is wholly irrelevant to any of the charges and should be excluded.

      To be relevant, evidence must have a "tendency to make a fact more or less probable than it would be without the evidence," and that fact must be "of consequence in determining the action." Fed. R. Evid. 401(a)-(b); *see Huddleston v. United States*, 485 U.S. 681, 689 (1988). Evidence of Mr. Silver's investments does not remotely meet that standard. The investments have nothing whatsoever to do with the principal charges in this case – Hobbs Act extortion and honest services fraud. Mr. Silver's investment decisions do not make it any more or less likely that Mr. Silver agreed to a corrupt quid pro quo agreement to exchange official acts for referral fees – a necessary element of both counts.

      Nor is the evidence relevant to the money laundering charge. The statute under which Mr. Silver is charged requires only "a monetary transaction in criminally derived property of a value greater than $10,000 . . . derived from specified unlawful activity." 18 U.S.C. § 1957(a). Even if the ***mere existence*** of Mr. Silver's "monetary transaction[s]" were relevant to that charge, inflammatory details about the ***nature and circumstances*** of the investments are not. Under the statute, it does not matter whether Mr. Silver invested his funds in a private, high-yield investment vehicle or in government bonds, index funds, or penny stocks. Nor does it matter what, if anything, Mr. Silver paid or disclosed in connection with the investment. Mr. Silver has ***already stipulated*** to the identification of financial records reflecting that the transactions occurred. The additional inflammatory details the Government wants to elicit are irrelevant.

The evidence also is not relevant on the theory that it shows Mr. Silver's consciousness of guilt.  No reasonable juror could infer that Mr. Silver's mere decision to invest in a high-yield, low-risk private investment vehicle shows anything improper at all about his motives.  A desire to maximize profits and reduce risk are common to virtually any investor.  The same is true for the allegation that Mr. Silver paid no fees.  A motive to reduce or forgo investment fees is again common to virtually any investor, and simply does not make it any more likely that Mr. Silver knew he was investing criminally derived proceeds.[1]

Even if this evidence were somehow relevant, it should be excluded under Rule 403.  Prejudice is unfair under Rule 403 when evidence may "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."  *Old Chief v. United States*, 519 U.S. 172, 180 (1997).  Those risks are obvious here:  The only conceivable purpose of referring to Mr. Silver's "high-yield investment opportunities" with "little risk" for which he paid no "fee or remuneration" is to paint Mr. Silver as some sort of wealthy aristocrat who enjoys financial privileges and perks not available to the average juror.  The evidence is calculated to incite the same class-based resentment that courts have admonished against in other cases.  *See, e.g.*, *United States v. Stahl*, 616 F.2d 30, 33 (2d Cir. 1980) (reversing bribery conviction where prosecutor "intend[ed] to arouse prejudice against the defendant because of his wealth").

The evidence should also be excluded to avoid distraction and waste of time.  *See United States v. Ulbricht*, 79 F. Supp. 3d 466, 492-93 (S.D.N.Y. 2015) (excluding evidence that threatened a "mini-trial on collateral issues").  Evidence of Mr. Silver's investments threatens to inject a wide array of tangential issues into the case, including the nature of the investment vehicle, the circumstances of the investments, and whether there was anything atypical about the information Mr. Silver did or did not disclose.  The Court should not allow the Government to sidetrack the trial on those collateral issues.

                Respectfully submitted,

                /s/ Steven F. Molo

                Steven F. Molo
                Justin V. Shur

cc: all counsel via CM/ECF

---

[1] That the investment vehicle was "private" rather than public does not show concealment of wrongdoing.  The private or public nature of an investment vehicle refers to whether the vehicle is open to the public generally – not to whether the identity of investors is publicly disclosed, much less the source of their funds.  Likewise, the fact that Mr. Silver did not disclose the source of funds upon investing them cannot be evidence of concealment absent some evidence that Mr. Silver was required or expected to disclose the information.