

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 20, 2015

By ECF and E-Mail

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   **Re:** *United States* **v.** *Sheldon Silver*, **S1 15 Cr. 93 (VEC)**

Dear Judge Caproni:

  Pursuant to the Court's direction at yesterday's charge conference, the Government respectfully submits this letter containing the Government's proposed language to certain instructions requested by the defense.

<u>The Government's proposed language regarding a "generalized goodwill" instruction</u>

  Insert at page 19 after line 12 (that ends with "the public good") of the Court's Draft Jury Instructions of November 17, 2015 ("Draft Instructions"):

> If you find that Mr. Silver accepted payments intending solely to provide generalized goodwill to the payor or to foster a relationship with the payor unconnected to any exchange for official action, either in the past or at some unspecified later time, then you must find that this element has not been met.  On the other hand, if you find that Mr. Silver accepted payments intending, at least in part, to exchange official action for those payments as the opportunities arose, then this element has been met.

  Insert at page 24 after line 13 (that ends with "that Mr. Silver was aware of their motivation") of the Draft Instructions:

> As I instructed you before, if you find that Mr. Silver accepted payments intending solely to provide generalized goodwill to the payor or to foster a relationship with the payor unconnected to any exchange for official action, either in the past or at some unspecified later time, then you must find that this element has not been met.  On the other hand, if you find that Mr. Silver accepted

payments intending, at least in part, to exchange official action for those payments as the opportunities arose, then this element has been met.

The Government's proposed revisions (in redline) to the defendant's suggested instructions

The Government respectfully submits that its proposed instructions on generalized goodwill should be given instead of the defendant's proposed instruction below. To the extent, however, that the Court is inclined to include the defendant's proposed instruction, the Government proposes the revisions below. The Government submits that any instruction on generalized goodwill should be inserted at page 19 after line 12 (that ends with "the public good") of the Draft Instructions and at page 24 after line 13 (that ends with "that Mr. Silver was aware of their motivation") of the Draft Instructions.

The defense contends that the government has failed to prove a quid pro quo and that any alleged benefits Mr. Silver received were lawful and were not received by Mr. Silver in exchange for official acts. To the extent any alleged benefits were provided to Mr. Silver based on his official position, the defense contends that Mr. Silver ~~understood~~ accepted those benefits ~~to be merely an~~ solely with the intention to provide ~~effort on behalf of~~ the giver with ~~to buy favor or~~ generalized goodwill ~~from a public official who either is, has been, or will be at some later time in a position to act favorably to the giver's interest~~ or to cultivate a purely personal relationship with the giver ~~Mr. Silver~~. If you find that Mr. Silver accepted ~~understood~~ the alleged benefits solely with the intention to provide the giver ~~to be merely an effort to buy favor or~~ with generalized goodwill or to cultivate a purely personal relationship, then the Government has failed to prove a quid pro quo, and you must find Mr. Silver not guilty. On the other hand, if you find that Mr. Silver accepted payments intending, at least in part, to exchange official action for those payments as the opportunities arose, then this element has been met.

The Government respectfully submits that these proposed instructions can be inserted either in the charge or as stand-alone instructions.

Mr. Silver has not been charged with any crime based on the way in which he filled out his state financial disclosure forms. You may not find Mr. Silver guilty merely because you believe he should have disclosed more information or different information on those forms. However, if you find that Mr. Silver did not fully disclose his financial circumstances on the forms, you may consider that as evidence ~~the forms as evidence relevant to the crimes charged, for example, if you determine that they show~~ of Mr. Silver's state of mind and intent to ~~that Mr. Silver intentionally made a false statement or material omission to~~ mislead the public and/or conceal the nature or source of his income from the public.

*   *   *

2

The statute of limitations for the charges here is five years. If you find that Mr. Silver engaged in a scheme to commit honest services fraud, extortion, or money laundering, but <ins>no aspect of</ins> the scheme <del>ended before</del> <ins>took place after</ins> February 19, 2010, then the charge is barred by the statute of limitations and you must find Mr. Silver not guilty. <ins>If, on the other hand, you find that any aspect of the scheme continued on or after February 19, 2010, then the charge falls within the statute of limitations.</ins>

                                                Respectfully submitted,

                                                PREET BHARARA
                                                United States Attorney

                                  By:       /s/
                                                Carrie H. Cohen (212-637-2264)
                                                Howard S. Master (212-637-2248)
                                                Andrew D. Goldstein (212-637-1559)
                                                James M. McDonald (212-637-2405)
                                                Assistant United States Attorneys
                                                Southern District of New York

cc by ECF and E-Mail:  Defense Counsel