

Steven F. Molo
MoloLamken LLP
540 Madison Avenue
New York, NY 10022
T: 212.607.8170
F: 212.607.8161
smolo@mololamken.com
www.mololamken.com

November 22, 2015

Honorable Valerie E. Caproni
  United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 240
New York, NY 10007

      Re:    *United States v. Sheldon Silver*, No. 15 Cr. 93 (VEC)

Dear Judge Caproni:

      We write to respectfully request that, in an effort to avoid having to object and interrupt the Government's summation, the Court admonish the Government from making improper arguments about inadmissible hearsay statements from Dan Chill to Dr. Taub.

      The Government elicited a double hearsay statement from Dr. Taub: that Mr. Chill told Dr. Taub that Mr. Silver told Mr. Chill that he wanted referrals from Dr. Taub. This testimony was admitted for the very limited purpose of showing the effect on the listener: Dr. Taub. Nov. 4, 2015 Trial Tr. at 271:9-272:19. Nevertheless, during the recent Rule 29 conference, the Government proclaimed that "Sheldon Silver is the one *who said that he wanted cases*." Nov. 19, 2015 Hr'g Tr. 2656:9-13 (emphasis added).

      The Government should be not permitted to make arguments at summation that imply this statement was offered for its truth. As an initial matter, Dr. Taub never testified that Mr. Silver "*said* that he wanted cases." The Court sustained defense counsel's objection to that very line of questioning. In any event, Dr. Taub's subsequent testimony that Mr. Silver "wanted" cases was admitted for the limited purpose of revealing Dr. Taub's state of mind. Nov. 4, 2015 Trial Tr. 271:9-272:19. All for good reason: Mr. Chill's purported statement to Dr. Taub is hearsay within hearsay and clearly inadmissible. *See Gilligan v. Town of Moreau*, 234 F.3d 1261, 2000 WL 1608907, at *3 n.4 (2d Cir. 2000) ("The testimony of witnesses as to what someone else told them a party said is inadmissible hearsay.").

      The Government's recent statement in court, however, suggests that they intend to argue to the jury that Mr. Silver *did in fact request cases from Dr. Taub* – a violation of the hearsay rule. The Government should not be permitted to do so, particularly here given that Mr. Silver's state of mind is a significant issue for the jury and the Government could have—but chose not to—call Mr. Chill to testify as a witness. *See, e.g.*, *United States v. Kaiser*, 609 F.3d 556, 572

(2d Cir. 2010) (testimony of defendant's second-hand statement to another declarant excluded as inadmissible hearsay and under Rule 403 because it went directly to an important issue and "could not be tested by cross-examination"). In an effort to avoid having to object and interrupt the Government's summation, we respectfully request that the Court admonish the Government from making such improper arguments.

        Respectfully submitted,

        /s/ Steven F. Molo

        Steven F. Molo
        Justin V. Shur

cc: all counsel via CM/ECF