

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

November 22, 2015

By ECF and E-Mail

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States* v. *Sheldon Silver*, S1 15 Cr. 93 (VEC)**

Dear Judge Caproni:

The Government respectfully submits this letter in response to the defendant's request that the Court "admonish the Government from making improper arguments about inadmissible hearsay statements from Dan[iel] Chill to Dr. Taub" during closing statements. (Def. Ltr. 1).

As an initial matter, the defendant falsely claims that the Government "elicited a double hearsay statement from Dr. Taub: that Mr. Chill told Dr. Taub that Mr. Silver told Mr. Chill that he wanted referrals from Dr. Taub." (Def. Ltr. 1). The transcript pages to which the defendant cites to support this claim are based on the Government's statements to the Court *at sidebar, not Dr. Taub's testimony*. In fact, the Government never elicited any testimony from Dr. Taub that Mr. Chill told Dr. Taub that the defendant wanted referrals.[1] Accordingly, the entire premise of the defendant's letter is fatally flawed.

Based on the testimony and evidence that actually was introduced at trial, the Government intends to argue in summation that Dr. Taub sent cases to the defendant at the defendant's request. That argument is supported directly by Dr. Taub's testimony at trial, which was not offered for any limited purpose, and to which the defense did not

[1] The sidebar was the result of the defense belief that in response to a question by the Government, Dr. Taub might include in his answer the fact that the request for cases came through Daniel Chill. As stated at sidebar, the parties had a prior agreement under which the defense made a strategic decision not to object to testimony that the defendant sent the message to Dr. Taub that he wanted cases in exchange for the Government's agreement not to elicit that such request came through Mr. Chill. (*See* Tr. 271:1-272:19). Accordingly, the Government did not seek to prove at trial and will not argue in summation that Mr. Chill was the individual who passed on the defendant's request to Dr. Taub.

object. (Tr. 269:20-25 ("Q: At some point after that encounter with Sheldon Silver did you come to learn that Sheldon Silver wanted you to send him mesothelioma cases? A. Yes. Q. Was that a specific request made to you? A. Yes.")). Based on this testimony, the Government will make the entirely permissible argument during summation that the defendant sent the message to Dr. Taub that he wanted cases.

The jury also can infer that the defendant requested and received cases from Dr. Taub based on the following evidence adduced at trial: (1) Dr. Taub's testimony that it initially was not Dr. Taub's idea to refer patients to the defendant (Tr. 610:7-12 ("Q: That wasn't your idea? A. No, it was not.")); (2) Dr. Taub's understanding that the defendant wanted cases (Tr. 273:5-7 ("Q: Dr. Taub, you came to testify that Sheldon Silver wanted cases? A. Yes.")); (3) Silver's reaction when Dr. Taub referred cases to him, which was to thank Dr. Taub (Tr. 287:25-288:2 ("Q: What did Silver say to you after you provided him with this information? A. He generally thanks me for the referral.")); and (4) the fact that the defendant received and kept referral fees based on Dr. Taub's referrals.

Accordingly, the defendant's request and any related objections during summation should be rejected.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: /s/
Carrie H. Cohen (212-637-2264)
Howard S. Master (212-637-2248)
Andrew D. Goldstein (212-637-1559)
James M. McDonald (212-637-2405)
Assistant United States Attorneys
Southern District of New York

cc by ECF and E-Mail: Defense Counsel