USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/24/15____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

UNITED STATES OF AMERICA,                          :

                                                   :          JURY  INSTRUCTIONS

                         -v-                       :          15-CR-93 (VEC)

                                                   :

SHELDON SILVER,                                    :

                                    Defendant.     :

----------------------------------------------------------------------X

**VALERIE CAPRONI, UNITED STATES DISTRICT JUDGE:**

## Table of Contents

1   I.   **INTRODUCTION** ................................................................................ **3**

2   II.  **GENERAL INSTRUCTIONS** ............................................................... **3**

3        A.   ROLE OF THE COURT ............................................................................ 3

4        B.   ROLE OF THE JURY ................................................................................ 4

5        C.   ROLE OF COUNSEL / OBJECTIONS ....................................................... 4

6        D.   SYMPATHY OR BIAS ............................................................................. 5

7        E.   PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF ...................... 5

8        G.   WHAT IS AND IS NOT EVIDENCE .......................................................... 6

9        H.   DIRECT AND CIRCUMSTANTIAL EVIDENCE .......................................... 8

10       I.   WITNESS CREDIBILITY ......................................................................... 9

11       J.   UNCALLED WITNESSES ...................................................................... 11

12       K.   SUMMARY CHARTS ............................................................................ 12

13       L.   DEFENDANT'S RIGHT NOT TO TESTIFY .............................................. 12

14  **III. SUBSTANTIVE INSTRUCTIONS** ..................................................... **13**

15       A.   SUMMARY OF THE INDICTMENT / MULTIPLE COUNTS ....................... 13

16       B.   COUNTS ONE THROUGH FOUR – HONEST SERVICES MAIL AND WIRE FRAUD .................. 14

17            1.   Element One – A Scheme to Defraud the Public of Honest Services .......................... 15

18            2.   Element Two – Knowing and Willful Participation in the Scheme ............................ 16

19            3.   Element Three – Receipt of Bribes or Kickbacks ............................................ 17

20            4.   Element Four – Use of Mails or Interstate Wire Communications ........................... 19

21       C.   COUNTS FIVE AND SIX – EXTORTION UNDER COLOR OF OFFICIAL RIGHT ........................ 20

22            1.   Element One – Defendant was Public Official ............................................... 21

23            2.   Element Two – Property Not Due That Office ............................................... 21

24            3.   Element Three – Misuse of Official Position ................................................ 23

25            4.   Element Four – Affecting Interstate Commerce ............................................. 25

26       D.   COUNT SEVEN – MONETARY TRANSACTIONS INVOLVING CRIME PROCEEDS .................... 26

27            1.   Element One – Engaging in a Monetary Transaction ........................................ 26

28            2.   Element Two – Transaction Involved Criminally-Derived Property ......................... 27

29            3.   Element Three – Property Derived from Specified Unlawful Activity ....................... 28

30            4.   Element Four – Knowledge ................................................................... 28

1        5.   Element Five – Transaction Took Place in the United States ....................................... 28
2      E.  WILLFULLY CAUSING ................................................. 29
3      F.  VENUE ........................................................................ 29
4      G.  FALSE EXCULPATORY STATEMENT ......................... 30
5      H.  LAW ENFORCEMENT TECHNIQUES ........................ 31
6      I.   PERSONS NOT ON TRIAL ......................................... 31
7      J.   FINANCIAL DISCLOSURE FORM ............................ 31
8      K.  STATUTE OF LIMITATIONS ..................................... 32

9   **IV. FINAL INSTRUCTIONS** ......................................................... **32**

10     A.  RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT ......... 32
11     B.  NOTES .......................................................................... 33
12     C.  DUTY TO DELIBERATE / UNANIMOUS VERDICT .................... 33
13     D.  SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES ............................. 34
14     E.  VERDICT FORM AND RETURN OF VERDICT ..................... 34
15     F.  EXCEPTIONS ............................................................ 34
16     G.  OATH ......................................................................... 35
17

1    **I.**    **INTRODUCTION**

2            Members of the jury, you have heard all of the evidence.  I am now going to instruct you

3   on the law that governs the case.  There are three parts to these instructions:

4            ***First***, I will provide you with some general instructions about your role and about how

5   you are to decide the facts of the case.  These instructions would apply to just about any trial.

6            ***Second***, I will give specific instructions about the legal rules applicable to this particular

7   case.

8            ***Third***, I will give you instructions on the general rules governing your deliberations.

9            I will read most of this.  It's not my favorite way to communicate with a jury, but because

10  there is a need for precision, it's important that I get the words just right, and so that's why I will

11  be reading.

12           I have provided each of you with a copy of this charge.  If you find it easier to listen and

13  understand while you are reading along, please do so.  If you would prefer, you can just listen.

14  Either way, you will have a copy of the charge with you in the jury room so you can consult it if

15  you want to re-read any portion to facilitate your deliberations.  You will also have in the jury

16  room a verdict form on which to record your verdict.

17  **II.**    **GENERAL INSTRUCTIONS**

18        **A.**    **Role of the Court**

19           It is my duty to instruct you on the law, just as it has been my duty to preside over the

20  trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to

21  accept my instructions on the law and to apply them to the facts as you determine them.

22           On legal matters, you must take the law as I give it to you.  You may not substitute your

23  own notions or opinions of what the law is or ought to be.  You should not be concerned about

1   the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the

2   law may be – or should be – it would violate your sworn duty to base a verdict upon any view of

3   the law other than that which I give you.

4          If any attorney has stated a legal principle different from what I tell you, you must follow

5   my instructions.  You should not single out any particular instruction as alone stating the law.

6   You should consider my instructions as a whole as you deliberate.

7          You should not infer from anything I have said or done during this trial that I have any

8   view on the credibility of the witnesses or any view about how you should decide the case.  I

9   have no opinion as to the facts or the verdict that you should render in this case.

10      **B.      Role of the Jury**

11         You are the sole and exclusive judges of the facts.  You determine the credibility of the

12   witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever

13   reasonable inferences you decide to draw from the facts as you have determined them, and you

14   determine the weight to give the various pieces of evidence.

15         You must base your discussions and decisions solely on the evidence presented to you

16   during the trial and that evidence alone.  You may not consider or speculate on matters not in

17   evidence or matters outside the case.

18      **C.      Role of Counsel / Objections**

19         As I told you at the outset of the case, it is the duty of the attorneys to object when the

20   other side offers testimony or evidence that the attorney believes is not properly admissible.

21   Therefore, you should draw no inference if an attorney objected to evidence.  Nor should you

22   draw any inference from the fact that I might have sustained or overruled an objection.

1   **D.  Sympathy or Bias**

2   You are required to evaluate the evidence calmly and objectively, and you must be

3 completely fair and impartial.  Your verdict must be based solely on the evidence introduced at

4 this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from

5 prejudice or bias for or against either side.  Our judicial system only works if you reach your

6 verdict through a completely fair and impartial consideration of the evidence.

7   In deciding the facts of the case, it would be improper for you to consider any personal

8 feelings you may have about any party or any witness, or any other such irrelevant factor.  This

9 case must be decided by you as an action between parties of equal standing in the community

10 and of equal worth.  All parties are entitled to the same fair trial.  All parties stand equal before

11 the law and are to be dealt with as equals in this Court.

12   **E.  Presumption of Innocence and Burden of Proof**

13   The Defendant here, Sheldon Silver, is charged with several federal crimes about which I

14 will instruct you shortly.  Please bear in mind, however, that a charge is not itself evidence of

15 anything and that Mr. Silver is presumed innocent.

16   The Defendant has pled not guilty.  To prevail against the Defendant on a given charge,

17 the Government must prove each essential element of that charge beyond a reasonable doubt.  If

18 the Government succeeds in meeting its burden, your verdict must be guilty on that charge; if it

19 fails, your verdict must be not guilty on that charge.  The burden of proof never shifts to the

20 Defendant.  The law presumes a defendant to be innocent and therefore never imposes upon a

21 defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

1    In other words, as to each charge, Mr. Silver starts with a clean slate and is presumed

2    innocent until such time, if ever, that you as a jury are satisfied that the Government has proven

3    that he is guilty of that charge beyond a reasonable doubt.

4    **F.    Reasonable Doubt**

5    The question then becomes: what is a reasonable doubt?

6    The words almost define themselves.  It is a doubt based upon reason and common sense.

7    It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a

8    doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or

9    her personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so

10   convincing that a reasonable person would not hesitate to rely upon it in making an important

11   decision.

12   Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A

13   reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation

14   or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant

15   duty.

16   If, after fair and impartial consideration of the evidence, you have a reasonable doubt as

17   to Mr. Silver's guilt with respect to a particular charge against him, then you must find Mr.

18   Silver not guilty of that charge.  On the other hand, if after fair and impartial consideration of all

19   the evidence, you are satisfied beyond a reasonable doubt of Mr. Silver's guilt with respect to a

20   particular charge against him, you must find Mr. Silver guilty of that charge.

21   **G.    What Is and Is Not Evidence**

22   I want to take a moment to describe to you what is and is not evidence in this case.  As I

23   have said, you may rely only on evidence in your deliberations.  The evidence in this case is the

1   sworn testimony of the witnesses, the exhibits, and the stipulations that were received in

2   evidence.  Other things are not evidence.

3       1.      A question by a lawyer is not evidence.  The witnesses' answers are evidence, not

4               the questions.  Similarly, documents that lawyers provided to witnesses to refresh

5               their recollection are not evidence; only the witnesses' answers are evidence.

6       2.      Arguments by lawyers are not evidence.  What the attorneys said in their

7               opening statements and in their summations was intended to help you

8               understand the evidence and to reach a verdict.  If your recollection of the

9               facts differs from the lawyers' statements, it is your recollection that

10              controls.

11      3.      Statements that I may have made concerning the evidence are not

12              evidence.

13      4.      Testimony that has been stricken or excluded is not evidence, and it may

14              not be considered by you in rendering your verdict.

15      5.      Anything you may have seen or heard outside the courtroom is not

16              evidence.

17      Now I will discuss what is evidence.  Evidence may come in several forms:

18      1.      The sworn testimony of witnesses, regardless of who called the witness,

19              is evidence.  This is true of the witnesses' answers on both direct and

20              cross examination.

21      2.      The exhibits that were admitted during the trial are evidence.

22      3.      The stipulations that both parties agreed to and read during the trial are evidence.

23              You must accept as true the facts to which the parties stipulated.  Some of the

1          stipulations were about what witnesses would have said if they had been called to

2          testify.  You must accept as true the fact that those witnesses would have given

3          that testimony, but it is up to you to determine the weight or importance of that

4          testimony.

5    **H.      Direct and Circumstantial Evidence**

6          Generally, there are two types of evidence that you may consider in reaching your verdict

7    – direct and circumstantial.

8          Direct evidence is testimony by a witness about something he or she knows by virtue of

9    his or her own senses – something that he or she has done, seen, felt, touched or heard.  For

10   example, if a witness testified that on the day in question she was in her office and she could see

11   that it was raining all day, that would be direct evidence about the weather on that day.

12          Circumstantial evidence is evidence of one fact from which you may infer the existence

13   of other facts.  For example, assume that a witness testified that his office does not have a

14   window.  On the day in question, however, he saw numerous people coming into the office with

15   wet raincoats and carrying dripping umbrellas.  That testimony about the wet raincoats and

16   dripping umbrellas is circumstantial evidence that it was raining that day.  So even though you

17   have no direct evidence regarding the weather, you have circumstantial evidence that it was

18   raining.

19          With circumstantial evidence, you must be careful to draw reasonable inferences that

20   reflect all of the evidence.  For example, if you live in the city and wake up in the morning and

21   see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last

22   night.  Instead, a more reasonable inference is that the building staff has hosed down the

23   sidewalk.

1      That is all there is to circumstantial evidence.  You infer on the basis of reason and

2   common sense from one fact (in my first example, dripping rain coats and umbrellas) the

3   existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial

4   evidence is presented, it is of no less weight than direct evidence.

5      **I.      Witness Credibility**

6      You have had the opportunity to observe the witnesses.  You are the sole judges of the

7   credibility of each witness and of the importance of his or her testimony.  Decide what testimony

8   to believe and what not to believe.  Consider: each witness's demeanor and manner of testifying;

9   the witness's opportunity to see, hear, and know about the events described; the witness's ability

10  to recall and describe those things; and the reasonableness of the testimony in light of all the

11  other evidence in the case.  Consider whether part of a witness's testimony was contradicted or

12  supported by other testimony, by what the witness said or did on a prior occasion, or by the

13  testimony of other witnesses or by other evidence.

14     If you find that a witness has willfully testified falsely as to an important matter, you may

15  disregard the witness's entire testimony, or you may accept as much of the testimony as you find

16  to be true and disregard what you find to be false.  A witness may have been mistaken or may

17  have lied in part of his or her testimony while having been accurate and truthful in other parts.

18     You have heard from two cooperating witnesses and one immunized witness.  The

19  cooperating witnesses, Dr. Taub and Mr. Meara, have been promised by the Government that, in

20  exchange for testifying truthfully and fully, they will not be prosecuted for any crimes that they

21  may have admitted either here in court or in interviews with the Government.  This promise was

22  not a formal order of immunity by the Court but was arranged directly between the witness and

23  the Government.  The Government is permitted to make these kinds of promises and is entitled

1    to call cooperating witnesses.  You are instructed that you may convict the Defendant on the

2    basis of such a witness's testimony alone, if you find that his testimony proves the Defendant's

3    guilt beyond a reasonable doubt.

4          The immunized witness, Dara Iryami, testified under a grant of immunity from this

5    Court.  As I explained when she testified, Ms. Iryami was ordered to testify notwithstanding her

6    invocation of her Fifth Amendment right not to be required to incriminate herself.  Because I

7    ordered her to testify, her testimony cannot not be used against her in any criminal case, except

8    in a prosecution for perjury, giving a false statement, or otherwise failing to comply with the

9    order to testify.  The Government is entitled to call as a witness a person who has been granted

10    immunity by order of this Court, and you may convict the Defendant on the basis of such a

11    witness's testimony alone, if you find that the testimony proves the Defendant guilty beyond a

12    reasonable doubt.

13          I have already given you some general considerations on credibility, and I will not repeat

14    them all here.  Nor will I repeat all of the arguments made on both sides.  Nevertheless, let me

15    say a few things that you may want to consider during your deliberations on the subject of

16    cooperating and immunized witnesses.

17          The testimony of cooperating and immunized witnesses should be examined by you with

18    great care and caution.  You should ask yourselves whether the witness would benefit more by

19    lying or by telling the truth.  If you believe that the witness was motivated by hopes of personal

20    gain, was the motivation one that would cause the witness to lie, or was it one that would cause

21    the witness to tell the truth?  Did this motivation color the witness's testimony?

22          In sum, you should look at all of the evidence and decide what credence and what weight,

23    if any, you give to the testimony of the cooperating and immunized witnesses.

1    You have also heard the testimony of a law enforcement witness.  The fact that a witness

2    may be employed as a law enforcement official or employee does not mean that her testimony is

3    deserving of more or less consideration or greater or lesser weight than that of a witness who is

4    not employed by law enforcement.

5    You have heard evidence during the trial that witnesses have discussed the facts of the

6    case and their testimony with the Government lawyers before the witnesses appeared in court.

7    Although you may consider that fact when you are evaluating a witness's credibility, there is

8    nothing unusual or improper about a witness meeting with lawyers before testifying so that the

9    witness can be aware of the subjects he will be questioned about, focus on those subjects, and

10   have the opportunity to review relevant exhibits before being questioned about them.  Such

11   consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a

12   lawyer to call a witness without such consultations.

13   Going back to witnesses generally, you should consider whether a witness had an

14   opportunity to observe the facts he or she testified about.  You should also consider whether the

15   witness's recollection of the facts stands up in light of the other evidence in the case.  In other

16   words, what you must try to do in deciding credibility is to size up a person just as you would in

17   any important matter in your own life where you are trying to decide if a person is truthful,

18   straightforward, and accurate in his or her recollection.

19   **J.    Uncalled Witnesses**

20   There are several persons whose names you have heard during the course of the trial who

21   did not testify.  I instruct you that each party had an equal opportunity or lack of opportunity to

22   call those witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

1   to what such witnesses would have said had they been called.  Their absence should not affect

2   your judgment in any way.

3         You should, however, remember my instruction that the law does not impose on a

4   defendant in a criminal case the burden or duty of calling any witnesses or producing any

5   evidence.

6         **K.**     **Summary Charts**

7         The parties have presented exhibits in the form of charts and summaries.  These exhibits

8   purport to summarize the underlying evidence that was used to prepare them.  I decided to admit

9   these charts and summaries in order to save time and avoid unnecessary inconvenience.  You

10  should consider these charts and summaries as you would any other evidence.

11        **L.**     **Defendant's Right Not to Testify**

12        Mr. Silver did not testify in this case.  Under our Constitution, a defendant has no

13  obligation to testify or to present any evidence, because it is the Government's burden to prove a

14  defendant's guilt beyond a reasonable doubt.  A defendant is never required to prove that he is

15  innocent.  Therefore, you must not attach any significance to the fact that Mr. Silver did not

16  testify.  You may not draw any adverse inference against Mr. Silver because he did not testify,

17  and you may not consider it against Mr. Silver in any way during your deliberations.

1    **III.    SUBSTANTIVE INSTRUCTIONS**

2        **A.        Summary of the Indictment / Multiple Counts**

3        Let us now turn to the specific charges against Mr. Silver.  I will, at times, refer to each

4    count by the number assigned to it in the indictment.  You should know that there is no

5    significance to the order of the counts or the specific number of counts charged.

6        Counts One and Two charge that, starting in approximately 2000 through approximately

7    January 2015, Mr. Silver committed honest services fraud by engaging in a scheme in which he

8    received fees from the law firm Weitz & Luxenberg for Mesothelioma cases, the leads for which

9    were given to Mr. Silver by Dr. Taub, in exchange for official acts by Mr. Silver.  Count One

10   charges that the scheme was committed through the use of the mails; Count Two charges that the

11   scheme was committed through the use of interstate wire communications.

12       Counts Three and Four charge that, starting in approximately 2000 through

13   approximately January 2015, Mr. Silver committed honest services fraud by engaging in a

14   scheme in which he received fees from the law firm Goldberg & Iryami for tax certiorari

15   business, which business was given to Goldberg & Iryami by Glenwood and Witkoff, in

16   exchange for Mr. Silver's official acts.  As with Counts One and Two, Count Three charges that

17   the tax certiorari scheme was committed through the use of the mails, whereas Count Four

18   charges that the scheme was committed through the use of interstate wire communications.

19       Counts Five and Six charge that Mr. Silver committed extortion under color of official

20   right by engaging in the Mesothelioma and tax certiorari schemes.

21       Finally, Count Seven charges that Mr. Silver laundered money by transferring more than

22   $10,000 of criminally-derived money into various investments.

1    In a moment, I will instruct you on each of these charges in more detail.  You must

2  consider each charge separately and evaluate each on the evidence or lack of evidence that

3  relates to that charge.  Although the indictment will be sent into the jury room, the indictment is

4  not evidence.  It is merely an accusation, and it cannot be used by you as proof of anything.

5    **B.    Counts One through Four – Honest Services Mail and Wire Fraud**

6    As I have stated, Counts One and Three of the indictment charge Mr. Silver with honest

7  services mail fraud, and Counts Two and Four charge Mr. Silver with honest services wire fraud.

8  Honest services fraud involves a scheme to defraud the public of its right to a public official's

9  honest services.  Honest services mail and wire fraud are similar but distinct offenses.

10    In order to sustain its burden of proof with respect to the honest services mail fraud

11  charged in Counts One and Three, the Government must prove four elements beyond a

12  reasonable doubt:

13    First, that there was a scheme to defraud the State of New York and its citizens of their

14  intangible right to Mr. Silver's honest services as an elected legislator and Speaker of the

15  Assembly;

16    Second, that Mr. Silver knowingly and willfully participated in the scheme to defraud

17  with knowledge of its fraudulent nature and with a specific intent to defraud;

18    Third, that the scheme involved the receipt of bribes or kickbacks; and

19    Fourth, that in executing the scheme, Mr. Silver used or caused the use of the mails.

20    In order to sustain its burden of proof with respect to the honest services wire fraud

21  charged in Counts Two and Four, the Government must prove the same first three elements as

22  for honest services mail fraud.  The fourth element, however, is different.  As to the wire fraud

1  charges, the Government must prove as a fourth element that in executing the scheme Mr. Silver

2  used or caused the use of interstate wire communications.

3    **1.    Element One – A Scheme to Defraud the Public of Honest Services**

4    The first element that the Government must prove beyond a reasonable doubt is that there

5  was a scheme or artifice to defraud the State of New York and its citizens of their intangible right

6  to Mr. Silver's honest services.

7    A "scheme or artifice" is simply a plan to accomplish some goal.  For ease of reference, I

8  am going to just use the term "scheme."

9    A scheme to defraud is any scheme that makes false representations regarding material

10  facts if the falsity is reasonably calculated to deceive persons of average prudence.  A

11  representation is false if it is untrue when made and was known at the time to be untrue by the

12  person making the representation or causing it to be made.  A fact is material if the fact is one

13  which would reasonably be expected to be of concern to a reasonable and prudent person in

14  making a decision.  Deceitful statements of half-truths or the concealment of material facts may

15  also constitute false representations under the statute.

16    The Government must prove that the goal of the scheme was to deprive the State of New

17  York and its citizens of their right to Mr. Silver's honest services.  A public official owes a duty

18  of honest and faithful service to the public he serves and to his public employer.  When a public

19  official obtains a corrupt payment in exchange for official actions taken or to be taken, the

20  official has breached his duty of honest service.

21    It is not necessary that the Government prove that Mr. Silver realized any gain from the

22  scheme or that the State of New York and its citizens actually suffered any pecuniary loss.  It is

1    sufficient for the Government to prove that the State of New York and its citizens did not receive

2    the honest and faithful services of Mr. Silver.

3                    **2.        Element Two – Knowing and Willful Participation in the Scheme**

4            The second element that the Government must prove, beyond a reasonable doubt, is that

5    Mr. Silver participated in the scheme to defraud knowingly, willfully and with a specific intent to

6    defraud.  This element involves Mr. Silver's state of mind, which is a question of fact for you to

7    determine, like any other fact question.  "Knowingly" means to act voluntarily and deliberately,

8    rather than mistakenly or inadvertently.  "Willfully" means to act knowingly and purposely, with

9    an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or

10   to disregard the law.  "Intent to defraud" means to act knowingly and with the specific intent to

11   deceive for the purpose of depriving another of the intangible right of honest services.

12           Direct proof of knowledge and fraudulent intent is almost never available.  You cannot

13   look into a person's mind to see what his or her state of mind is or was, and it is the rare criminal

14   scheme where the participants write down or state expressly that they are acting with fraudulent

15   intent.  Such direct proof of knowledge and intent is not required.

16           In our everyday affairs, we are continuously called upon to decide from the actions of

17   others what they intend and what their state of mind is.  Experience has taught us that,

18   frequently, actions speak louder and more clearly than spoken or written words.  Therefore, the

19   ultimate facts of knowledge and criminal intent are frequently established by circumstantial

20   evidence, based upon what a person does and says, what he does not say and does not do, all the

21   surrounding circumstances, and the rational or logical inferences that may be drawn from them.

22   As I charged previously, circumstantial evidence is of no less value than direct evidence.

1    Because intent to defraud is an element of the crime, it follows that good faith on the part

2    of Mr. Silver is a complete defense to a charge of honest services mail or wire fraud.  Mr. Silver

3    has no burden to establish good faith.  The burden is on the Government to prove fraudulent

4    intent beyond a reasonable doubt.  In this regard, it is not necessary for the Government to prove

5    that Mr. Silver was motivated solely by improper considerations.  A defendant may be found to

6    have an intent to defraud even if he also has other intents.  The Government will have satisfied

7    its burden of proof on this element if you find that Mr. Silver had an intent to defraud, even if he

8    also had other proper or neutral intents for his actions.

9              **3.      Element Three – Receipt of Bribes or Kickbacks**

10   The third element that the Government must prove, beyond a reasonable doubt, is that

11   Mr. Silver received bribes or kickbacks as part of the scheme to defraud.

12   A bribe occurs when a public official corruptly seeks or accepts, directly or indirectly,

13   something of value from another person with the intent to be influenced in the performance of

14   his public duties.

15   A kickback is similar.  A kickback occurs when a public official corruptly seeks or

16   accepts, directly or indirectly, something of value from another person with the intent to be

17   influenced in the performance of his public duties, and the influenced public act itself provides

18   the source of funds to be "kicked back."

19   To satisfy this element, the Government must prove that there was a quid pro quo.  Quid

20   pro quo is Latin, and it means "this for that" or "these for those."  The Government must prove

21   that a bribe or kickback was sought or received by Mr. Silver, directly or indirectly, in exchange

22   for the promise or performance of official action.  Official action includes any action taken or to

23   be taken under color of official authority.  The Government does not have to prove that there was

1   an express or explicit agreement that official actions would be taken or that any particular action

2   would be taken in exchange for the bribe or kickback.

3        The payment and the receipt of a bribe are not interdependent offenses because the intent

4   of the party giving the thing of value may be different from the intent of the party receiving the

5   thing of value.  Therefore, the Government only has to prove that Mr. Silver—not the bribe

6   giver—understood that, as a result of the bribe or kickback, he was expected to exercise official

7   influence or make official decisions for the benefit of the payor and, at the time the bribe or

8   kickback was accepted, intended to do so as specific opportunities arose.

9        If you find that Mr. Silver understood that the benefits were provided solely to cultivate

10   goodwill or to nurture a relationship with the person or entity who provided the benefit, and not

11   in exchange for any official action, then this element will not have been proven.  On the other

12   hand, if you find that the Government has proven that Mr. Silver accepted payments or things of

13   value intending, at least in part, to take official action in return for those payments as the

14   opportunities arose, then this element will have been proven.

15        It does not matter who initiated the quid pro quo, or whether Mr. Silver ever actually

16   performed his part of the quid pro quo.  If Mr. Silver did perform his part of the quid pro quo, it

17   does not matter whether the actions he took were desirable or beneficial to the public or that his

18   action was only one in an otherwise lawful process.  This element can be proven if you find that

19   Mr. Silver would have taken the same action even if no bribe or kickback had been paid.  The

20   honest services fraud laws are concerned with the manner in which public officials take action,

21   not with whether the official's actions are good or bad or beneficial or detrimental to the public

22   good.

18

1     You heard some testimony about campaign contributions that were given to Mr. Silver

2     and to political campaign organizations associated with Mr. Silver.  A person, including a

3     company, has the Constitutional right to make campaign contributions to political candidates and

4     political organizations.  Contributors have the right to make contributions with the hope that the

5     candidate will support legislation or produce political outcomes that benefit the contributor.

6     Similarly, politicians have the right to receive contributions, including from people or entities

7     that hope the politicians will enact laws helpful to them.  The Government does not allege that

8     the campaign contributions made by Glenwood were unlawful, but you can consider its

9     contributions if you find those contributions are relevant to Glenwood's state of mind.

10          **4.     Element Four – Use of Mails or Interstate Wire Communications**

11     For Counts One and Three, the mail fraud counts, the final element that the Government

12     must prove, beyond a reasonable doubt, is the use of the mails to further the scheme to defraud.

13     Use of the mails includes material sent through the United States Postal Service or through a

14     private or commercial interstate carrier, like Federal Express.  To satisfy this element, it does not

15     matter if the mail travelled only within one state.

16     For Counts Two and Four, the wire fraud counts, the final element that the Government

17     must prove, beyond a reasonable doubt, is the use of interstate wire communications to further

18     the scheme to defraud.  The wire communication, such as a telephone call or an e-mail

19     transmission, must pass between two or more states.

20     The mailing or wire communication need not itself be fraudulent, but the Government

21     must prove that the mailing or wire communication was used in some way to further or advance

22     the scheme to defraud.

1    The Government has provided Mr. Silver with Bills of Particulars specifying particular

2    mailings and wire communications that it alleges satisfy the fourth element of Counts One

3    through Four.  The Bills of Particulars will be provided to you in the jury room.  As to Counts

4    One and Three, in order to find this element satisfied, you must unanimously agree  that at least

5    one specific mailing that is set forth in the Bills of Particulars occurred for each count.  You must

6    be unanimous on which mailing you find satisfies this element, but you need only agree on one

7    mailing for each count to find this element satisfied.  Similarly, as to Counts Two and Four, in

8    order to find this element satisfied, you must unanimously agree that at least one particular wire

9    communication set forth in the Bills of Particulars satisfies this element for that count.  As with

10   mailings, you must be unanimous on which wire communication the Government has proven,

11   beyond a reasonable doubt, but you only need to find one wire communication for each count.

12        The Government does not need to prove that the mailing or wire communication was

13   made on the exact date listed in the Bills of Particulars; it is sufficient if the evidence establishes,

14   beyond a reasonable doubt, that the mailing or wire communication was made on a date

15   substantially similar to the date listed in the Bills of Particulars.

16        **C.      Counts Five and Six – Extortion under Color of Official Right**

17        Counts Five and Six charge Mr. Silver with extortion under color of official right.  As

18   commonly used, the term "extortion" means coercing someone to voluntarily give up property as

19   the result of threats of force or violence – a classic example being the school bully forcing the

20   nice boy to give up his lunch money to avoid a punch in the nose.

21        Extortion under color of official right is a little different.  Extortion under color of official

22   right occurs when a person uses his position as a public official to obtain property not due to him

23   as a public official.  Counts Five and Six allege that from approximately 2000 to January 2015,

1   Mr. Silver engaged in two schemes in which he used his position as Speaker of the Assembly

2   and as an elected legislator to obtain things of value not due to him as a public official –

3   specifically, valuable leads for Mesothelioma lawsuits and tax certiorari business – in exchange

4   for official action.

5          To sustain its burden of proof on Counts Five and Six, the Government must prove,

6   beyond a reasonable doubt, each of the following four elements:

7          First, that Mr. Silver was a public official or held public office;

8          Second, that Mr. Silver obtained property not due to him as a public official;

9          Third, that the property was given to Mr. Silver with the consent of the giver and because

10  of Mr. Silver's official position and that Mr. Silver knew that the property was given because of

11  his official position; and

12         Fourth, that interstate commerce or an item moving in interstate commerce was delayed,

13  obstructed or affected in some way or degree.

14                  **1.      Element One – Defendant was Public Official**

15          The first element the Government must prove beyond a reasonable doubt is that, at the

16  time of the events charged in the indictment, Mr. Silver was a public official or held public

17  office.

18                  **2.      Element Two – Property Not Due That Office**

19          The second element the Government must prove, beyond a reasonable doubt, is that Mr.

20  Silver obtained property that was not legitimately owed to the public office Mr. Silver occupied.

21  The term "property" includes money and tangible and intangible things of value that are capable

22  of being transferred or given from one person to another.

1    In Count Five, the Government alleges that the property that was given was leads for

2  Mesothelioma cases.  Leads are information about the Mesothelioma patients that can be used by

3  attorneys to make contact with and possibly obtain the patients as clients of the firm.  If you find

4  (i) that Dr. Taub gave such information to Mr. Silver; and (ii) that the information had value; and

5  (iii) that such information can be transferred from one person to another, then you should

6  proceed to consider this element.  On the other hand, if you conclude (i) that Dr. Taub just

7  recommended Mr. Silver at Weitz & Luxenberg to his patients, or (ii) that Dr. Taub did not

8  provide leads regarding his Mesothelioma patients to Mr. Silver, or (iii) that the leads did not

9  have value, or (iv) that such leads are not transferrable from one person to another, then the

10  Government has not proven that "property" as required by this element was obtained.  In that

11  instance, you must find that Mr. Silver is not guilty of Count Five.

12    In Count Six, the Government alleges that the property was Glenwood and Witkoff's tax

13  certiorari business that was given to Jay Arthur Goldberg or Goldberg & Iryami.  If you find that

14  (i) Glenwood or Witkoff gave some of its tax certiorari business to Jay Arthur Goldberg or

15  Goldberg & Iryami; and (ii) that the developer's tax certiorari business had value; and (iii) that

16  such business could be transferred from one person to another, then you should proceed to

17  consider this element.  On the other hand, if you determine that (i) neither Glenwood nor Witkoff

18  gave any of their tax certiorari business to Jay Arthur Goldberg or Goldberg & Iryami; or (ii)

19  neither of the developer's tax certiorari business had value; or (iii) such business could not be

20  transferred from one person to another, then the Government has not proven that "property" as

21  required by this element was obtained.  In that instance, you must find Mr. Silver not guilty of

22  Count Six.

1    In order to prove this element, the Government must prove, beyond a reasonable doubt,

2    that Mr. Silver, or a third party at the direction of Mr. Silver, obtained property that was not

3    legitimately owed to Mr. Silver in his official capacity.

4    The Government does not have to prove that the extorted property was of a personal

5    benefit to Mr. Silver or that it was given to him directly.  It is sufficient for this element that the

6    extorted party gave property to another, either to Mr. Silver or to a third party at the direction of

7    Mr. Silver.

8    **3.    Element Three – Misuse of Official Position**

9    The third element that the Government must prove, beyond a reasonable doubt, is that

10   Mr. Silver used the authority of his public office to obtain the extorted property for himself or for

11   a third party and that the extorted property was given at least in part because of Mr. Silver's

12   official position.  In addition, as was the case when I charged you on honest services fraud, the

13   extortion counts require the Government to prove, beyond a reasonable doubt, the existence of a

14   quid pro quo.  As I explained to you earlier, quid pro quo is Latin, and it means "this for that" or

15   "these for those."  To prove a quid pro quo, the Government must prove that property was sought

16   or received by Mr. Silver, directly or indirectly, in exchange for the promise or performance of

17   official action.

18   To satisfy this element, the Government must prove, beyond a reasonable doubt, that Mr.

19   Silver obtained property to which he was not entitled by his public office, knowing that it was

20   given in return for official acts as the opportunities arose, rather than being given voluntarily and

21   unrelated to Mr. Silver's public office.  The Government must also prove, beyond a reasonable

22   doubt, that the extorted party was motivated, at least in part, by the expectation that as a result of

1    the payment, Mr. Silver would exercise official influence or decision making for the benefit of

2    the extorted party, and that Mr. Silver was aware of their motivation.

3         If you find that Mr. Silver understood that the property at issue was given solely to

4    cultivate goodwill or to nurture a relationship with the person or entity who gave the property

5    and not as an exchange for any official action, then this element has not been proven.  On the

6    other hand, if you find that Mr. Silver accepted the property intending, at least in part, to take

7    official action in exchange for those payments as the opportunities arose, then this element has

8    been satisfied.

9         Again, as I charged you earlier, it is not necessary that Mr. Silver or the person giving the

10   property state the quid pro quo in express or explicit terms.  A quid pro quo can be implied from

11   Mr. Silver's words and actions, so long as you find that Mr. Silver intended there to be a quid pro

12   quo.

13        The Government also does not have to prove that the property that was extorted was

14   given directly to Mr. Silver.  It is sufficient for the Government to prove that the property was

15   given to a third party at Mr. Silver's direction.

16        This element can be satisfied even if the extorted party initiated the quid pro quo and

17   even if the extorted party and Mr. Silver had a friendly relationship.  If you find either to be the

18   case, however, each is a factor that you should consider in deciding whether the extorted party

19   was motivated, at least in part, to give property because of a belief that Mr. Silver would take

20   official action in exchange for the property, rather than for some other entirely innocent reason.

21   The Government's burden is to prove that the promise or performance of official action was at

22   least a part of the motivation for the extorted party to give over the property.  Thus, if you find

1   that the transfer of property was for entirely innocent reasons, stemming from friendship or any

2   other innocent reason, then this element will not have been proven.

3          The Government does not need to prove that Mr. Silver could or actually did perform any

4   specific official act on behalf of the extorted party.  If Mr. Silver did take official action on

5   behalf of the extorted party, it does not matter if the actions he took were desirable or beneficial

6   or that he would have taken the same action regardless of the receipt of property from the

7   extorted party.  The extortion laws, like the honest services fraud laws, are concerned with the

8   manner in which public officials take action, not with whether the official's actions are good or

9   bad.

10          **4.      Element Four – Affecting Interstate Commerce**

11          If you decide that Mr. Silver obtained property of another under color of official right,

12   then you must determine whether this action affected interstate commerce in any way or degree.

13   That is, you must determine whether there was an actual or potential effect on commerce

14   between any two or more states.  "Commerce between two states" just means that items are

15   bought and sold by entities located in different states.

16           It is not necessary for the Government to prove that commerce actually was affected by

17   Mr. Silver's conduct or that Mr. Silver intended or anticipated that his actions would affect

18   interstate commerce.  It is sufficient if you find that Mr. Silver's conduct possibly or potentially

19   could have affected interstate or foreign commerce.  The Government only needs to prove a very

20   slight or subtle actual or potential effect on interstate commerce.

21          This element is also proven if the natural consequence of Mr. Silver's actions was an

22   actual or potential effect on interstate or foreign commerce.

1          **D.       Count Seven – Monetary Transactions Involving Crime Proceeds**

2          Count Seven of the indictment charges Mr. Silver with the crime of money laundering.

3    Specifically, Count Seven charges that Mr. Silver knowingly transferred into various investments

4    more than $10,000 received from the criminal schemes alleged in Counts One through Six.  You

5    should only consider this charge if you have first found Mr. Silver guilty of at least one of the

6    offenses in Counts One through Six.

7          To sustain its burden of proof on Count Seven, the Government must prove, beyond a

8    reasonable doubt, each of the following elements.

9          First, that Mr. Silver engaged in a monetary transaction in or affecting interstate

10   commerce;

11         Second, that the monetary transaction involved criminally-derived property worth more

12   than $10,000;

13         Third, that the property came from specified unlawful activity;

14         Fourth, that Mr. Silver acted knowingly, meaning with knowledge that the transaction

15   involved proceeds of a criminal offense; and

16         Fifth, that the transaction took place in the United States or that Mr. Silver is a United

17   States person.

18         **1.       Element One – Engaging in a Monetary Transaction**

19         The first element that the Government must prove, beyond a reasonable doubt, is that Mr.

20   Silver engaged in a monetary transaction in or affecting interstate commerce.  A "monetary

21   transaction" is a deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by,

22   through or to a financial institution.  A "monetary instrument" is anything that represents money,

23   such as coins or currency, personal checks, traveler's checks, cashier's checks, bank checks,

26

1    money orders, investment securities or negotiable instruments.  A "financial institution" is a

2    bank insured by the Federal Deposit Insurance Corporation ("FDIC"), a commercial bank or a

3    trust company.  The transaction must be in or affecting interstate or foreign commerce.  The term

4    "interstate or foreign commerce" means commerce between states, territories or possessions of

5    the United States, or between the United States and a foreign country.

6         To satisfy this element, the Government must prove that the transaction affected

7    interstate or foreign commerce in some way, however minimal.  There are several ways a

8    transaction can affect interstate or foreign commerce.  First, any monetary transaction by or

9    through a financial institution insured by the FDIC affects interstate commerce.  Therefore, if

10   you find that any of the financial institutions involved in the financial transaction at issue was

11   insured by the FDIC, that aspect of this element will have been proven.  Second, if you find that

12   the source of the funds used in the transaction affected interstate or foreign commerce, that is

13   sufficient to satisfy this aspect of the first element as well.  Finally, if you find that the

14   transaction itself involved an interstate transfer of funds, that would also be sufficient.

15        **2.     Element Two – Transaction Involved Criminally-Derived Property**

16        The second element that the Government must prove, beyond a reasonable doubt, is that

17   the monetary transaction involved criminally-derived property having a value in excess of

18   $10,000.

19        Property is criminally-derived if it is the proceeds of, or comes from proceeds obtained

20   from, a criminal offense.  The term "proceeds" means any property obtained, directly or

21   indirectly, through some form of unlawful activity.

22        The Government is not required to prove that all of the property involved in the

23   transaction at issue was criminally-derived property.  The Government must prove, however,

27

1  beyond a reasonable doubt, that more than $10,000 of the property involved was criminally-

2  derived property in order to satisfy this element.

3     **3.**    **Element Three – Property Derived from Specified Unlawful Activity**

4     The third element that the Government must prove, beyond a reasonable doubt, is that the

5  property involved in the financial transaction was the proceeds of "specified unlawful activity."

6  In this case, the Government has charged that the property was derived from Mr. Silver's

7  participation in the honest services fraud and extortion schemes charged in Counts One through

8  Six.  I charge you, as a matter of law, that honest services fraud and extortion under color of

9  official right meet the definition of "specified unlawful activity."  Thus, if you find that the

10  property at issue derived, at least in part, from any of the crimes charged in Counts One through

11  Six, this element will have been proven.

12     **4.**    **Element Four – Knowledge**

13     The fourth element that the Government must prove beyond a reasonable doubt is that

14  Mr. Silver knowingly engaged in an unlawful monetary transaction.

15     As I charged you previously, knowingly means to act voluntarily and deliberately rather

16  than mistakenly or inadvertently.  The Government is not required to prove that Mr. Silver knew

17  the particular offense from which the criminally-derived property came.  The Government must

18  prove, however, beyond a reasonable doubt, that Mr. Silver knew that the transaction involved

19  criminally-derived property – that is property derived from proceeds of a criminal offense.

20     **5.**    **Element Five – Transaction Took Place in the United States**

21     The fifth element that the Government must prove beyond a reasonable doubt is that the

22  transaction took place in the United States or that Mr. Silver is a United States person.  A United

1    States person is a citizen or national of the United States or an alien lawfully admitted to

2    permanently reside in the United States.

3         **E.      Willfully Causing**

4         Each count of the indictment charges Mr. Silver with acting as a principal and as one who

5    caused the commission of the individually-charged crimes.  Under federal law, Mr. Silver can be

6    held liable for the crimes set forth in Counts One through Seven either as a principal or as

7    someone who willfully caused others to commit the acts that constitute the offenses charged.

8         A person willfully causes a crime to be committed if he willfully takes some action that

9    causes another to commit the criminal act and if he intended that the crime actually be

10   committed.  I previously defined "willfully," and that definition applies here as well.  If Mr.

11   Silver did both of those things, then he is guilty just as he would be if he committed the crime

12   himself.

13        To find Mr. Silver liable under this provision of federal law, the Government need not

14   prove that Mr. Silver acted through a guilty intermediary.  That is, Mr. Silver can be found liable

15   even if he acted through someone who is entirely innocent of the crimes charged in the

16   indictment.

17        **F.      Venue**

18        In addition to proving the essential elements of each crime charged beyond a reasonable

19   doubt, the Government must also establish what is called "venue" – that is, that some act

20   pertaining to the charge occurred in the Southern District of New York.  The Southern District of

21   New York includes all of Manhattan and the Bronx, as well as Westchester, Rockland, Putnam,

22   Dutchess, Orange and Sullivan Counties.

1      The Government does not have to prove that the complete crime was committed within

2  the Southern District of New York or that Mr. Silver was ever in the Southern District of New

3  York.  It is sufficient to satisfy the venue requirement if any act in furtherance of the crime

4  charged occurred in this District.  The act itself need not be a criminal act; it could include, for

5  example, meeting with others involved in the criminal scheme within this District.  And the act

6  need not have been taken by Mr. Silver, as long as the act was part of the crime that you find that

7  Mr. Silver committed.

8      Unlike the elements of the offenses that I have just discussed at length, which must be

9  proved beyond a reasonable doubt, the Government is only required to prove venue by a

10  preponderance of the evidence.  A preponderance of the evidence means that it is more probable

11  than not that some act in furtherance of the crime that you are considering occurred in this

12  District.

13      If you find that the Government failed to prove venue by a preponderance of the evidence

14  as to any count, you must return a verdict of not guilty as to that count.

15      **G.      False Exculpatory Statement**

16      You have heard testimony that Mr. Silver made statements outside the courtroom in

17  which he claimed that his conduct was consistent with innocence and not with guilt.  The

18  Government claims that these statements in which Mr. Silver exculpated himself are false.

19      If you find that Mr. Silver gave a false statement in order to divert suspicion from

20  himself, you may, but are not required to, infer that Mr. Silver believed that he was guilty.  You

21  may not, however, infer on the basis of this alone that Mr. Silver is, in fact, guilty of the crimes

22  for which he is charged.

1    Whether the evidence as to Mr. Silver's statements shows that Mr. Silver believed that he

2    was guilty, and the significance, if any, to be attached to any such evidence, are matters for you

3    to decide.

4        **H.    Law Enforcement Techniques**

5        You have heard references in this case to the fact that certain investigative techniques

6    were used by the Government.  While you must carefully consider the evidence adduced by the

7    Government, you should not speculate as to why the Government used the techniques it did.  The

8    Government and its law enforcement techniques are not on trial.  Your responsibility is to

9    determine whether or not, based on the evidence or lack of evidence, the Government has proven

10   Mr. Silver's guilt beyond a reasonable doubt.

11       **I.    Persons Not on Trial**

12       Some of the people who may have been involved in the schemes at issue in this case are

13   not on trial.  There is no requirement that all members of an illegal scheme be charged and

14   prosecuted, or tried together, in the same proceeding.  You may not speculate why other persons

15   who may have been involved in the charged schemes are not on trial.

16       **J.    Financial Disclosure Form**

17       You heard testimony regarding and were shown several years of financial disclosure

18   forms filed by Sheldon Silver pursuant to state law.  Mr. Silver has not been charged with any

19   crime based on the way in which he filled out his financial disclosure forms.  You may not find

20   Mr. Silver guilty on any count merely because you believe he should have disclosed more or

21   different information on those forms.  If, however, you find that Mr. Silver knowingly did not

22   fully disclose information sought on those forms, you may consider that as evidence of Mr.

1    Silver's state of mind or as evidence of an intent to mislead the public or to conceal from the

2    public information regarding the nature and source of his income.

3        **K.        Statute of Limitations**

4            The statute of limitations for each of the charged crimes is five years.  If you find that Mr.

5    Silver engaged in a scheme to commit honest services fraud, extortion or money laundering, but

6    no aspect of the particular scheme occurred after February 19, 2010, then you must acquit on that

7    charge because it is barred by the statute of limitations.  If, on the other hand, you find that any

8    aspect of the crime you are considering continued on or after February 19, 2010, then the statute

9    of limitations as to that charge has been complied with.

10   **IV.    FINAL INSTRUCTIONS**

11       **A.        Right to See Exhibits and Hear Testimony; Communications with Court**

12           You are about to begin your deliberations.

13           We will send all of the exhibits into the jury room for your use during deliberations.  If

14   you want any further explanation of the law or to hear any testimony read back, you may request

15   that.  If you ask for any testimony to be re-read, please be as specific as possible so that we can

16   identify exactly what you want to be read and not waste time reading testimony you do not want

17   read back.  If there is any doubt or question about the meaning of any part of the instructions that

18   I have given you, you should not hesitate to send me a note asking for clarification or for a

19   further explanation.

20           It is very important that you not communicate with anyone outside the jury room about

21   your deliberations or about anything touching on this case.  There is only one exception to this

22   rule.  If it becomes necessary during your deliberations to communicate with me, you should

23   send a note to me, in writing, signed by your foreperson, and give it to the Marshal, who will be

24   available outside the jury room throughout your deliberations.  No member of the jury should

1   ever attempt to communicate with me except by a signed writing, and I will never communicate

2   with a member of the jury on any subject touching on the merits of the case other than in writing

3   or orally here in open court.  If you send any notes to the Court, do not disclose anything about

4   your deliberations.  Specifically, do not disclose to anyone – not even to me – how the jury

5   stands, numerically or otherwise, until after you have reached a unanimous verdict or have been

6   discharged.

7         **B.**     **Notes**

8        Some of you have taken notes throughout this trial.  I want to emphasize to you that notes

9   are simply an aid to memory.  Your notes may not be given any greater weight or influence in

10  the determination of the case than the recollections of other jurors.  Any difference between a

11  juror's recollection and another juror's notes should be settled by asking to have the court

12  reporter read back the transcript, because it is the court record that the jury must rely on when

13  making a determination of the facts and rendering a verdict.

14        **C.**     **Duty to Deliberate / Unanimous Verdict**

15       You will now retire to decide your verdict on each of the seven counts of the indictment.

16  As I have already explained, for the Government to prevail on a particular charge, the

17  Government must prove each essential element of that charge beyond a reasonable doubt.  If the

18  Government carries its burden, you must find Mr. Silver guilty of that charge.  Otherwise, you

19  must find him not guilty and acquit him of that charge.

20       Your verdict on each count must be unanimous.  Each juror is entitled to his or her

21  opinion, but you are also required to exchange views with your fellow jurors.  That is the very

22  essence of jury deliberation.  If you have a point of view and after discussing it with other jurors

23  it appears that your own judgment is open to question, then of course you should not hesitate to

1    yield your original point of view if you are convinced that the other view is one that satisfies

2    your judgment and conscience.  Do not give up a point of view that you conscientiously believe

3    simply because you are outnumbered.  You should vote with the others only if you are convinced

4    – on the evidence, the facts, and the law – that it is the correct way to decide the case.  After any

5    breaks or when you arrive in the morning, if your deliberations last more than one day, do not

6    begin to discuss the case until all jurors are present.

7         **D.      Selecting a Foreperson and the Foreperson's Duties**

8         The first thing you should do when you retire to deliberate is to select one of you to act as

9    your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only tradition.  You are free

10   to select any of your members as your foreperson.

11        **E.      Verdict Form and Return of Verdict**

12        Once you have reached your verdict, you must record it on the verdict form that I have

13   prepared for you.  The foreperson should fill in the verdict sheet, date it, and sign it.  The

14   foreperson should then give a note to the Marshal outside your door stating that you have

15   reached a verdict.  Do not specify what the verdict is in the note.  The foreperson should keep the

16   verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in

17   court.

18        **F.      Exceptions**

19        Please remain seated while I confer with the attorneys.

20                          [Confer at sidebar]

21                          [Swear the Marshal]

1   **G.     Oath**

2        As you know, I moved the trial to a larger courtroom for purposes of the openings and

3   summations.  I did that in order to accommodate the number of people who wanted to hear the

4   jury addresses, because they could not all fit in this courtroom.  I charge you that any public

5   interest that may exist in this trial can play absolutely no role in your decision-making.

6        I remind you that at the very beginning of the case you took an oath.  Your oath sums up

7   your duty.  You must well and truly try the matters in issue and render a true verdict according to

8   the law and the evidence.

9                    #                    #                    #

10       You may now retire to the jury room and begin your deliberations.