

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

April 29, 2018

**By ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re:   *United States v. Sheldon Silver*,
>       S1 15 Cr. 93 (VEC)

Dear Judge Caproni:

The Government respectfully writes in the above-captioned matter in response to the defendant's letter of April 27, 2018 (Dkt. No. 394) ("Def. Ltr."), in which he (a) proposes certain limiting instructions on three evidentiary issues, and (b) seeks a ruling on his prior motion *in limine* to preclude any reference at trial to the Moreland Commission to Investigate Public Corruption (the "Moreland Commission"). The Government does not object to appropriate limiting instructions on the three issues identified by the defendant. However, the defendant's proposed instructions are flawed, and the Government requests that the below revisions be made to render the instructions balanced and consistent with the law. With respect to evidence of efforts to thwart or delay an investigation into outside income by the Moreland Commission, the defendant has not pressed any arguments that call into question the admissibility of this evidence, which, as in the first trial, is expected to be limited (and not to go beyond what was offered at the first trial).

I.     The Government's Proposed Revisions to the Defendant's Limiting Instructions

       Campaign Contributions

Ladies and gentlemen, you will hear testimony in this case about campaign contributions made by Glenwood's LLCs. There is nothing inherently illegal about campaign contributions. The government does not allege that the campaign contributions made by Glenwood's LLCs were part of a quid pro quo agreement with Mr. Silver or that they were in any way unlawful. You may, however, consider evidence of campaign contributions in considering Glenwood's state of mind.

Hon. Valerie E. Caproni
April 29, 2018
Page 2 of 3

<u>Non-Prosecution Agreements or Immunity Orders</u>

Ladies and gentlemen, you will hear testimony from witnesses who have either entered into agreements with the government or who have been granted immunity by the Court to testify at this trial. I instruct you that such agreements and grants of immunity do not <u>necessarily</u> mean that the witnesses have committed a crime or that they have done anything wrong.  Such agreements and grants of immunity are not <u>themselves</u> relevant to the charges against Mr. Silver and I instruct you not to ~~consider them or~~ speculate as to why a witness has entered into such an agreement or received a grant of immunity.  You may, however, consider such agreements and grants of immunity in evaluating a witness's testimony.

<u>Dr. Taub's Termination by Columbia</u>

Ladies and gentlemen, you will hear testimony from Dr. Taub about the fact that he was terminated by Columbia University. I instruct you not to speculate as to why Dr. Taub was terminated by Columbia.  Dr. Taub's termination is not <u>itself</u> relevant to the charges against Mr. Silver ~~and you are instructed not to consider it~~.

II.   <u>Evidence Concerning the Moreland Commission</u>

As the Court is aware, at the first trial, generally without objection, the Government offered evidence concerning efforts, in which the defendant participated, to thwart or delay an investigation into outside income by the Moreland Commission.

In his motions *in limine* filed on March 9, 2018, under the heading "The Government Should Be Limited To Accurate Statements of Evidence In Its Jury Addresses," the defendant asserted that, at the first trial, the Government purportedly failed to describe accurately evidence on a number of topics.  One such topic was the Moreland Commission.  (Dkt No. 360, at 29-33.) In its opposition, the Government responded that this argument, and all others in the same section, were moot to the extent they rested on evidence presented at the first trial, premature to the extent they rested on speculation as to evidence to be presented at the retrial, and, in any event, were based on the defendant's view—which is by no means the only view—of what the evidence did and is expected to show, and the reasonable inferences therefrom.  (Dkt. No. 370, at 46.)  At the final pretrial conference held on April 10, 2018, the Court appeared to agree:

> Much of your to[m]e was not actually a motion *in limine*.  Let me say unless there is any doubt the government has to make accurate statements of law and they can't misstate the evidence.  That's not an *in limine* motion.  That is just what it is.  [M]uch of what you were objecting to in my view was fair argument based on the evidence that was presented in the first trial. I don't know what's going to be presented in the second trial, so I don't know it would be fair argument or not.

Hon. Valerie E. Caproni
April 29, 2018
Page 3 of 3

(4/10/2018 Pretrial Conference Tr. 56-57.)  The defendant did not mention the Moreland Commission in response to the Court's comments, or at any other time, including when the Court asked the parties whether they had anything else to raise.  (*See id.* 98.)

Now, in a letter filed one business day before trial, the defendant "ask[]s the Court to rule" on his prior motion *in limine* concerning the Moreland Commission.  (Def. Ltr. 2.)  This is effectively a motion for reconsideration.  The defendant does not explain why he waited more than two weeks—from the final pretrial conference until the business day before trial—to make such a request, nor does the defendant acknowledge what the Court said at the conference, or explain why, in his view, the Court was incorrect.  The Court was not.  The defendant's assertion that "there is no basis to conclude that the lawsuit [against the Moreland Commission] was anything other than a proper exercise of the Legislature's rights under the Petition Clause of the First Amendment" (*id.*) is a red herring.  The pertinent question is not whether the Legislature— as an entity—had a right to file a lawsuit.  The pertinent question is whether *the defendant* promoted and participated in that lawsuit, at least in part, because he wanted to shield the truth about his outside income.  Given evidence of the defendant's extensive and repeated efforts to lie about and conceal the truth on that subject, a reasonable jury could indeed so conclude.  It is no more "improper" (*id.*) for the Government to make this argument based on such evidence than it is for the defendant to make the opposite argument.  Nor does the defendant explain how the evidence he seeks to preclude is "unfairly prejudicial" (*id.*), when he is able to make the same argument at the retrial that he made at the first trial and makes in his letter.  Whether the jury *accepts* the argument is, of course, another matter.  But that is not a basis for preclusion.  The defendant's belated request accordingly should be denied.[1]

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By: _____
Tatiana R. Martins
Daniel C. Richenthal
Damian Williams
Assistant United States Attorneys
(212) 637-2215/2109/2298

cc:     (by ECF)

        Counsel of Record

---

[1]     As it informed the defendant on Friday, while the Government does intend to introduce evidence concerning the Moreland Commission, the Government does not intend to reference the Moreland Commission in its opening statement.  The defendant has also represented to the Government that he also does not intend to do so.