USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___5/10/18___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

UNITED STATES OF AMERICA,                :
                                         :                JURY  INSTRUCTIONS
          -v-                            :                15-CR-93 (VEC)
                                         :
SHELDON SILVER,                          :
                         Defendant.      :
------------------------------------------------------------------ X

**VALERIE CAPRONI, UNITED STATES DISTRICT JUDGE:**

## Table of Contents

1   I.    INTRODUCTION..................................................................................3
2   II.   GENERAL INSTRUCTIONS ..............................................................3
3       A.   ROLE OF THE COURT ................................................................ 3
4       B.   ROLE OF THE JURY ................................................................... 4
5       C.   ROLE OF COUNSEL / OBJECTIONS ........................................... 4
6       D.   SYMPATHY, BIAS, AND POTENTIAL PUNISHMENT ..................... 5
7       E.   PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF............. 5
8       G.   WHAT IS AND IS NOT EVIDENCE .............................................. 7
9       H.   DIRECT AND CIRCUMSTANTIAL EVIDENCE ............................... 8
10      I.   WITNESS CREDIBILITY ............................................................. 9
11      J.   UNCALLED WITNESSES ........................................................... 11
12      K.   SUMMARY CHARTS ................................................................. 12
13      L.   DEFENDANT'S RIGHT NOT TO TESTIFY .................................. 12
14  III. SUBSTANTIVE INSTRUCTIONS ................................................... 13
15      A.   SUMMARY OF THE INDICTMENT / MULTIPLE COUNTS ............. 13
16      B.   THEORIES OF THE DEFENSE .................................................... 14
17      C.   COUNTS ONE THROUGH FOUR – HONEST SERVICES MAIL AND WIRE FRAUD.................. 14
18          1.   Element One – A Scheme to Defraud the Public of Honest Services ......................... 15
19          2.   Element Two – Knowing and Willful Participation in the Scheme........................... 16
20          3.   Element Three – Receipt of Bribes ........................................... 17
21          4.   Element Four – Use of Mails or Interstate Wire Communications ............................ 21
22      D.   COUNTS FIVE AND SIX – EXTORTION UNDER COLOR OF OFFICIAL RIGHT........................ 22
23          1.   Element One – Defendant was Public Official ................................................ 23
24          2.   Element Two – Property Not Due That Office ................................................ 23
25          3.   Element Three – Misuse of Official Position ................................................. 25
26          4.   Element Four – Affecting Interstate Commerce ............................................. 27
27      E.   COUNT SEVEN – MONETARY TRANSACTIONS INVOLVING PROCEEDS OF UNLAWFUL
28      ACTIVITY ................................................................................. 28
29          1.   Element One – Engaging in a Monetary Transaction.......................................... 28
30          2.   Element Two – Transaction Involved Criminally-Derived Property .......................... 29

| | | | | |
|---|---|---|---|---|
| 1 | | 3. | Element Three – Property Derived from Specified Unlawful Activity | 30 |
| 2 | | 4. | Element Four – Knowledge | 30 |
| 3 | | 5. | Element Five – Transaction Took Place in the United States | 30 |
| 4 | F. | | WILLFULLY CAUSING | 31 |
| 5 | G. | | PERSONS NOT ON TRIAL | 31 |
| 6 | H. | | FINANCIAL DISCLOSURE FORM | 32 |
| 7 | I. | | STATUTE OF LIMITATIONS | 32 |
| 8 | **IV.** | | **FINAL INSTRUCTIONS** | **33** |
| 9 | A. | | RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT | 33 |
| 10 | B. | | NOTES | 34 |
| 11 | C. | | DUTY TO DELIBERATE / UNANIMOUS VERDICT | 34 |
| 12 | D. | | SELECTING A FOREPERSON AND THE FOREPERSON'S DUTIES | 35 |
| 13 | E. | | VERDICT FORM AND RETURN OF VERDICT | 35 |
| 14 | F. | | EXCEPTIONS | 35 |
| 15 | G. | | OATH | 36 |
| 16 | | | | |

1 **I.      INTRODUCTION**

2          Members of the jury, you have heard all of the evidence.  I am now going to instruct you

3  on the law that governs the case.  There are three parts to these instructions:

4          *First*, I will provide you with some general instructions about your role and about how

5  you are to decide the facts of the case.  These instructions would apply to just about any trial.

6          *Second*, I will give specific instructions about the legal rules applicable to this particular

7  case.

8          *Third*, I will give you instructions on the general rules governing your deliberations.

9          I will read most of this.  It's not my favorite way to communicate with a jury, but because

10  there is a need for precision, it's important that I get the words just right, and so that's why I will

11  be reading.

12          I have provided each of you with a copy of this charge.  If you find it easier to listen and

13  understand while you are reading along, please do so.  If you would prefer, you can just listen.

14  Either way, you will have a copy of the charge with you in the jury room so you can consult it if

15  you want to re-read any portion to facilitate your deliberations.  You will also have in the jury

16  room a verdict form on which to record your verdict.

17 **II.     GENERAL INSTRUCTIONS**

18          **A.      Role of the Court**

19          It is my duty to instruct you on the law, just as it has been my duty to preside over the

20  trial and decide what testimony and evidence is relevant for your consideration.  It is your duty to

21  accept my instructions on the law and to apply them to the facts as you determine them.

22          On legal matters, you must take the law as I give it to you.  You may not substitute your

23  own notions or opinions of what the law is or ought to be.  You should not be concerned about

1    the wisdom of any rule that I state.  Regardless of any opinion that you may have as to what the

2    law may be – or should be – it would violate your sworn duty to base a verdict upon any view of

3    the law other than that which I give you.

4          If any attorney has stated a legal principle different from what I tell you, you must follow

5    my instructions.  You should not single out any particular instruction as alone stating the law.

6    You should consider my instructions as a whole as you deliberate.

7          You should not infer from anything I have said or done during this trial that I have any

8    view on the credibility of the witnesses or any view about how you should decide the case.  I

9    have no opinion as to the facts or the verdict that you should render in this case.

10   **B.      Role of the Jury**

11         You are the sole and exclusive judges of the facts.  You determine the credibility of the

12   witnesses.  You resolve any conflicts that might exist in the evidence.  You draw whatever

13   reasonable inferences you decide to draw from the facts as you have determined them, and you

14   determine the weight to give the various pieces of evidence.

15         You must base your discussions and decisions solely on the evidence presented to you

16   during the trial and that evidence alone.  You may not consider or speculate on matters not in

17   evidence or matters outside the case.

18   **C.      Role of Counsel / Objections**

19         As I told you at the outset of the case, it is the duty of the attorneys to object when the

20   other side offers testimony or evidence that the attorney believes is not properly admissible.

21   Therefore, you should draw no inference if an attorney objected to evidence.  Nor should you

22   draw any inference from the fact that I might have sustained or overruled an objection.

1       **D.**     **Sympathy, Bias, and Potential Punishment**

2       You are required to evaluate the evidence calmly and objectively, and you must be

3 completely fair and impartial.  Your verdict must be based solely on the evidence introduced at

4 this trial, or the lack of evidence.  The parties in this case are entitled to a trial free from

5 prejudice or bias for or against either side.  Our judicial system only works if you reach your

6 verdict through a completely fair and impartial consideration of the evidence.

7       You cannot consider in any way the punishment that may be imposed on the Defendant,

8 if he is convicted.  It is exclusively the duty of the Court to impose a sentence. Your function is

9 to weigh the evidence and determine, based solely on that evidence, whether, as to each charge,

10 the Government has satisfied its burden of proof.

11       In deciding the facts of the case, it would be improper for you to consider any personal

12 feelings you may have about any party or any witness, or any other such irrelevant factor.  This

13 case must be decided by you as an action between parties of equal standing in the community

14 and of equal worth.  All parties are entitled to the same fair trial.  All parties stand equal before

15 the law and are to be dealt with as equals in this Court.

16       **E.**     **Presumption of Innocence and Burden of Proof**

17       The Defendant, Sheldon Silver, is charged with several federal crimes about which I will

18 instruct you shortly.  Please bear in mind, however, that a charge is not evidence of anything, and

19 Mr. Silver is presumed innocent.

20       Mr. Silver has pled not guilty.  To prevail against the Defendant on a given charge, the

21 Government must prove each essential element of that charge beyond a reasonable doubt.  If the

22 Government succeeds in meeting its burden, your verdict must be guilty on that charge; if it fails,

23 your verdict must be not guilty on that charge.  The burden of proof never shifts to the

1    Defendant.  The law presumes a defendant to be innocent and therefore never imposes upon a

2    defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

3         In other words, as to each charge, Mr. Silver starts with a clean slate and is presumed

4    innocent until such time, if ever, that you as a jury are satisfied that the Government has proven

5    each essential element of that charge beyond a reasonable doubt.

6    **F.    Reasonable Doubt**

7         The question then becomes: what is a reasonable doubt?

8         The words almost define themselves.  It is a doubt based upon reason and common sense.

9    It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a

10   doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or

11   her personal life.  Proof beyond a reasonable doubt must, therefore, be proof that is so

12   convincing that a reasonable person would not hesitate to rely upon it in making an important

13   decision.

14        Proof beyond a reasonable doubt is not, however, proof beyond all possible doubt.  A

15   reasonable doubt is not a doubt based on caprice or whim.  Nor is it a doubt based on speculation

16   or suspicion.  Reasonable doubt is also not an excuse to avoid the performance of an unpleasant

17   duty.

18        If, after fair and impartial consideration of the evidence, you have a reasonable doubt as

19   to Mr. Silver's guilt with respect to a particular charge against him, then you must find Mr.

20   Silver not guilty of that charge.  On the other hand, if after fair and impartial consideration of all

21   the evidence, you are satisfied beyond a reasonable doubt of Mr. Silver's guilt with respect to a

22   particular charge against him, you must find Mr. Silver guilty of that charge.

1    **G.      What Is and Is Not Evidence**

2          I want to take a moment to describe to you what is and is not evidence in this case.  As I

3    have said, you may rely only on evidence in your deliberations.  The evidence in this case is the

4    sworn testimony of the witnesses, the exhibits, and the stipulations that were received in

5    evidence.  Other things are not evidence.

6          1.      A question is not evidence.  The witnesses' answers are evidence, not the

7                  questions.  Similarly, documents that lawyers provided to witnesses to refresh

8                  their recollection are not evidence; only the witnesses' answers are evidence.

9          2.      Arguments by lawyers are not evidence.  What the attorneys said in their

10                 opening statements and in their summations was intended to help you

11                 understand the evidence and to reach a verdict.  If your recollection of the

12                 facts differs from the lawyers' statements, it is your recollection that

13                 controls.

14         3.      Statements that I may have made concerning the evidence are not

15                 evidence.

16         4.      Testimony that has been stricken or excluded is not evidence, and it may

17                 not be considered by you in rendering your verdict.

18         5.      Anything you may have seen or heard outside the courtroom is not

19                 evidence.

20    Now I will discuss what is evidence.  Evidence may come in several forms:

21         1.      The sworn testimony of witnesses, regardless of who called the witness,

22                 is evidence.  This is true of the witnesses' answers on both direct and

23                 cross examination.

7

1   2.   The exhibits that were admitted during the trial are evidence.

2   3.   The stipulations of the parties are evidence.  You must accept as true the facts to

3        which the parties stipulated.  Some of the stipulations were about what witnesses

4        would have said if they had been called to testify.  You must accept as true the

5        fact that those witnesses would have given that testimony, but it is up to you to

6        determine the weight or importance of that testimony.

7   **H.**   **Direct and Circumstantial Evidence**

8   Generally, there are two types of evidence that you may consider in reaching your verdict

9 – direct and circumstantial.

10   Direct evidence is testimony by a witness about something he or she knows by virtue of

11 his or her own senses – something that he or she has done, seen, felt, touched or heard.  For

12 example, if a witness testified that on the day in question she was in her office and she could see

13 that it was raining all day, that would be direct evidence about the weather on that day.

14   Circumstantial evidence is evidence of one fact from which you may infer the existence

15 of other facts.  For example, assume that a witness testified that his office does not have a

16 window.  On the day in question, however, he saw numerous people coming into the office with

17 wet raincoats and carrying dripping umbrellas.  That testimony about the wet raincoats and

18 dripping umbrellas is circumstantial evidence that it was raining that day.  So even though you

19 have no direct evidence regarding the weather, you have circumstantial evidence that it was

20 raining.

21   With circumstantial evidence, you must be careful to draw reasonable inferences that

22 reflect all of the evidence.  For example, if you live in the city and wake up in the morning and

23 see that the sidewalk is wet but the street is dry, it is not reasonable to infer that it rained last

1    night.  Instead, a more reasonable inference is that the building staff has hosed down the

2    sidewalk.

3         That is all there is to circumstantial evidence.  You infer on the basis of reason and

4    common sense from one fact (in my first example, dripping rain coats and umbrellas) the

5    existence or non-existence of some other fact (in that case, rainy weather).  When circumstantial

6    evidence is presented, it is of no less weight than direct evidence.

7    **I.     Witness Credibility**

8         You have had the opportunity to observe the witnesses.  You are the sole judges of the

9    credibility of each witness and of the importance of his or her testimony.  Decide what testimony

10   to believe and what not to believe.  Consider: each witness's demeanor and manner of testifying;

11   the witness's opportunity to see, hear, and know about the events described; the witness's ability

12   to recall and describe those things; and the reasonableness of the testimony in light of all the

13   other evidence in the case.  Consider whether part of a witness's testimony was contradicted or

14   supported by other testimony, by what the witness said or did on a prior occasion, or by the

15   testimony of other witnesses or by other evidence.

16        If you find that a witness has willfully testified falsely as to an important matter, you may

17   disregard the witness's entire testimony, or you may accept as much of the testimony as you find

18   to be true and disregard what you find to be false.  A witness may have been mistaken or may

19   have lied in part of his or her testimony while having been accurate and truthful in other parts.

20        You have heard from two cooperating witnesses and one immunized witness.  The

21   cooperating witnesses, Dr. Taub and Mr. Meara, have been promised by the Government that, in

22   exchange for testifying, they will not be prosecuted for certain crimes that they may have

23   admitted either here in court or in interviews with the Government.  This promise was not a

1    formal order of immunity by the Court but was arranged directly between the witness and the

2    Government.  The Government is permitted to make these kinds of promises and is entitled to

3    call cooperating witnesses.  You are instructed that you may convict the Defendant on the basis

4    of such a witness's testimony alone, if you find that his testimony proves the Defendant's guilt

5    beyond a reasonable doubt.

6           The immunized witness, Jay Goldberg, testified under a grant of immunity from this

7    Court.  As I explained when he testified, Mr. Goldberg was ordered to testify notwithstanding his

8    invocation of his Fifth Amendment right not to be required to incriminate himself.  Because I

9    ordered him to testify, his testimony cannot be used against him in any criminal case, except in a

10   prosecution for perjury, giving a false statement, or otherwise failing to comply with the order to

11   testify.  The Government is entitled to call as a witness a person who has been granted immunity

12   by order of this Court, and you may convict the Defendant on the basis of such a witness's

13   testimony alone, if you find that the testimony proves the Defendant's guilt beyond a reasonable

14   doubt.

15          I have already given you some general considerations on credibility, and I will not repeat

16   them all here.  Nor will I repeat all of the arguments made on both sides.  Nevertheless, let me

17   say a few things that you may want to consider during your deliberations on the subject of

18   cooperating and immunized witnesses.

19          The testimony of cooperating and immunized witnesses should be examined by you with

20   great care and caution.  You should ask yourselves whether the witness would benefit more by

21   lying or by telling the truth.  If you believe that the witness was motivated by hopes of personal

22   gain, was the motivation one that would cause the witness to lie, or was it one that would cause

23   the witness to tell the truth?  Did this motivation color the witness's testimony?

10

1    In sum, you should look at all of the evidence and decide what credence and what weight,

2    if any, you give to the testimony of the cooperating and immunized witnesses.

3    You have also heard the testimony of a law enforcement witness.  The fact that a witness

4    may be employed as a law enforcement official or employee does not mean that her testimony is

5    deserving of more or less consideration or greater or lesser weight than that of a witness who is

6    not employed by law enforcement.

7    You have heard evidence during the trial that witnesses have discussed the facts of the

8    case and their testimony with the Government lawyers before the witnesses appeared in court.

9    Although you may consider that fact when you are evaluating a witness's credibility, there is

10    nothing unusual or improper about a witness meeting with lawyers before testifying so that the

11    witness can be aware of the subjects he will be questioned about, focus on those subjects, and

12    have the opportunity to review relevant exhibits before being questioned about them.  Such

13    consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a

14    lawyer to call a witness without such consultations.

15    Going back to witnesses generally, you should consider whether a witness had an

16    opportunity to observe the facts he or she testified about.  You should also consider whether the

17    witness's recollection of the facts stands up in light of the other evidence in the case.  In other

18    words, what you must try to do in deciding credibility is to size up a person just as you would in

19    any important matter in your own life where you are trying to decide if a person is truthful,

20    straightforward, and accurate in his or her recollection.

21    **J.**    **Uncalled Witnesses**

22    There are several persons whose names you have heard during the course of the trial who

23    did not testify.  I instruct you that each party had an equal opportunity or lack of opportunity to

1   call those witnesses.  Therefore, you should not draw any inferences or reach any conclusions as

2   to what such witnesses would have said had they been called.  Their absence should not affect

3   your judgment in any way.

4        You should, however, remember my instruction that the law does not impose on a

5   defendant in a criminal case the burden or duty of calling any witnesses or producing any

6   evidence.

7        **K.        Summary Charts**

8        The parties have presented exhibits in the form of charts and summaries.  These exhibits

9   purport to summarize the underlying evidence that was used to prepare them.  I decided to admit

10  these charts and summaries in order to save time and avoid unnecessary inconvenience.  You

11  should consider these charts and summaries as you would any other evidence.

12       **L.        Defendant's Right Not to Testify**

13       Mr. Silver did not testify in this case.  Under our Constitution, a defendant has no

14  obligation to testify or to present any evidence, because it is the Government's burden to prove a

15  defendant's guilt beyond a reasonable doubt.  A defendant is never required to prove that he is

16  innocent.  Therefore, you must not attach any significance to the fact that Mr. Silver did not

17  testify.  You may not draw any adverse inference against Mr. Silver because he did not testify,

18  and you may not consider it against Mr. Silver in any way during your deliberations.

1    **III.    SUBSTANTIVE INSTRUCTIONS**

2         **A.    Summary of the Indictment / Multiple Counts**

3         Let us now turn to the specific charges against Mr. Silver.  I will, at times, refer to each

4    count by the number assigned to it in the indictment.  You should know that there is no

5    significance to the order of the counts or the specific number of counts charged.

6         Counts One and Two charge that from approximately 2000 through approximately

7    January 2015, Mr. Silver committed honest services fraud by engaging in a scheme in which he

8    received referral fees from the law firm Weitz & Luxenberg for Mesothelioma cases, the leads

9    for which were given to Mr. Silver by Dr. Taub in exchange for official acts by Mr. Silver as the

10   opportunity arose.  Count One charges that the scheme was committed through the use of the

11   mails; Count Two charges that the scheme was committed through the use of interstate wire

12   communications.

13        Counts Three and Four charge that, starting in approximately 2000 through

14   approximately January 2015, Mr. Silver committed honest services fraud by engaging in a

15   scheme in which he received referral fees from the law firm Goldberg & Iryami for tax certiorari

16   business, which business was given to Goldberg & Iryami by Glenwood and Witkoff in

17   exchange for Mr. Silver's official acts as the opportunity arose.  As with Counts One and Two,

18   Count Three charges that the tax certiorari scheme was committed through the use of the mails,

19   whereas Count Four charges that the scheme was committed through the use of interstate wire

20   communications.

21        Counts Five and Six charge that Mr. Silver committed extortion under color of official

22   right by engaging in the Mesothelioma and tax certiorari schemes.

23        Finally, Count Seven charges that Mr. Silver engaged in unlawful monetary transactions.

1      In a moment, I will instruct you on each of these charges in more detail.  You must

2   consider each charge separately and evaluate each on the evidence or lack of evidence that

3   relates to that charge.  Although the indictment will be sent into the jury room, the indictment is

4   not evidence.  It is merely an accusation, and it cannot be used by you as proof of anything.

5          **B.     Theories of the Defense**

6      It is Mr. Silver's position that he acted at all times in good faith.  He asserts that he did

7   not have a quid pro quo arrangement with Dr. Taub, with Glenwood, or with Witkoff to

8   exchange official acts for corrupt payments.  Specifically, he contends that the referral fees he

9   received for referring work to Weitz & Luxenberg and Goldberg & Iryami were not part of a

10  quid pro quo arrangement and that he disclosed to the public all of the outside income he

11  received.  He contends that he did not agree to perform, nor did he perform, any official acts to

12  benefit Dr. Taub, Glenwood, or Witkoff in exchange for the referral fees he received.  It is Mr.

13  Silver's position that while Dr. Taub may have referred cases to Weitz & Luxenberg, where Mr.

14  Silver was of counsel, in the hope of cultivating goodwill with Mr. Silver, Mr. Silver did not

15  understand there to have been a quid pro quo.  It is Mr. Silver's theory that at the time the

16  government alleges that there was a quid pro quo with Glenwood and Witkoff and continuing

17  until early 2012 as to Glenwood and June 2014 as to Witkoff, Glenwood and Witkoff did not

18  know that Mr. Silver was receiving referral fees from Goldberg & Iryami, and therefore there

19  was no quid pro quo arrangement pursuant to which Glenwood and Witkoff exchanged referral

20  fees for official acts.

21         **C.     Counts One through Four – Honest Services Mail and Wire Fraud**

22     Counts One and Three of the indictment charge Mr. Silver with honest services mail

23  fraud, and Counts Two and Four charge Mr. Silver with honest services wire fraud.

14

1    Honest services fraud involves a scheme to defraud the public of its right to a public official's

2    honest services through bribery.  Honest services mail and wire fraud are similar but distinct

3    offenses.

4          In order to sustain its burden of proof with respect to the honest services mail fraud

5    charged in Counts One and Three, the Government must prove four elements beyond a

6    reasonable doubt:

7          <u>First</u>, that there was a scheme to defraud the State of New York and its citizens of their

8    intangible right to Mr. Silver's honest services as an elected legislator and Speaker of the

9    Assembly;

10         <u>Second</u>, that Mr. Silver knowingly and willfully participated in the scheme to defraud

11    with knowledge of its fraudulent nature and with a specific intent to defraud;

12         <u>Third</u>, that the scheme involved the receipt of bribes; and

13         <u>Fourth</u>, that in executing the scheme, Mr. Silver used or caused the use of the mails.

14         In order to sustain its burden of proof with respect to the honest services wire fraud

15    charged in Counts Two and Four, the Government must prove the same first three elements as

16    for honest services mail fraud.  The fourth element, however, is different.  As to the wire fraud

17    charges, the Government must prove as a fourth element that in executing the scheme Mr. Silver

18    used or caused the use of interstate wire communications.

19        **1.**      **Element One – A Scheme to Defraud the Public of Honest Services**

20         The first element that the Government must prove beyond a reasonable doubt is that there

21    was a scheme or artifice to defraud the State of New York and its citizens of their intangible right

22    to Mr. Silver's honest services through bribery.

1    A "scheme or artifice" is simply a plan to accomplish some goal.  For ease of reference, I

2    am going to just use the term "scheme."

3    A scheme to defraud is a scheme that makes false representations regarding material

4    facts, if the falsity is reasonably calculated to deceive persons of average prudence.  A

5    representation is false if it is untrue when made and was known at the time to be untrue by the

6    person making the representation or causing it to be made.  A fact is material if it would

7    reasonably be expected to be of concern to a reasonable and prudent person in making a

8    decision.  Deceitful statements of half-truths or the omission of material facts may also constitute

9    false representations under the statute.

10   The Government must prove that the goal of the scheme was to deprive the State of New

11   York and its citizens of their right to Mr. Silver's honest services.  A public official owes a duty

12   of honest and faithful service to the public he serves and to his public employer.  When a public

13   official obtains a corrupt payment in exchange for official actions taken or to be taken—that is,

14   by accepting a bribe—the official has breached his duty of honest services.

15   It is not necessary that the Government prove that Mr. Silver realized any gain from the

16   scheme or that the State of New York and its citizens actually suffered any pecuniary loss.  It is

17   sufficient for the Government to prove that the State of New York and its citizens did not receive

18   the honest and faithful services of Mr. Silver.

19       **2.        Element Two – Knowing and Willful Participation in the Scheme**

20   The second element that the Government must prove, beyond a reasonable doubt, is that

21   Mr. Silver participated in the scheme to defraud knowingly, willfully and with a specific intent to

22   defraud.  This element involves Mr. Silver's state of mind, which is a question of fact for you to

23   determine, like any other fact question.  "Knowingly" means to act voluntarily and deliberately,

1  rather than mistakenly or inadvertently.  "Willfully" means to act knowingly and purposely, with

2  an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or

3  to disregard the law.  "Intent to defraud" means to act knowingly and with the specific intent to

4  deceive for the purpose of depriving another of the intangible right of honest services.

5        Because direct proof of knowledge and fraudulent intent is rarely available, they are

6  frequently established by circumstantial evidence, based upon what a person does and says, what

7  he does not say and does not do, all the surrounding circumstances, and the rational or logical

8  inferences that may be drawn from them.  As I charged previously, circumstantial evidence is of

9  no less value than direct evidence.   That said, your determination on this element, like all

10  elements, must be based on evidence—direct, circumstantial, or both—and the logical inferences

11  that may be drawn from that evidence, and not based on speculation.

12        Because intent to defraud is an element of the crime, it follows that good faith on the part

13  of Mr. Silver is a complete defense to a charge of honest services mail or wire fraud.  Mr. Silver

14  has no burden to establish good faith.  The burden is on the Government to prove fraudulent

15  intent beyond a reasonable doubt.  In this regard, it is not necessary for the Government to prove

16  that Mr. Silver was motivated solely by improper considerations.  A defendant may be found to

17  have an intent to defraud even if he also has other intents.  The Government will have satisfied

18  its burden of proof on this element if you find that Mr. Silver had an intent to defraud, even if he

19  also had other proper or neutral intents for his actions.

20        **3.**      **Element Three – Receipt of Bribes**

21        The third element that the Government must prove, beyond a reasonable doubt, is that

22  Mr. Silver received bribes as part of the scheme to defraud.

1    A bribe occurs when a public official corruptly seeks or accepts, directly or indirectly,

2    something of value from another person with the intent to be influenced in the performance of

3    his public duties.

4    To satisfy this element, the Government must prove that there was a quid pro quo.  Quid

5    pro quo is Latin, and it means "this for that" or "these for those."  The Government must prove

6    that a bribe was sought or received by Mr. Silver, directly or indirectly, in exchange for the

7    promise or performance of official action.  The Government does not have to prove that there

8    was an express or explicit agreement that official actions would be taken or that any particular

9    action would be taken in exchange for the bribe.

10   Although I will refer to Mr. Silver "taking official action," this element can also be

11   satisfied if the bribe was sought or received by Mr. Silver to refrain from taking official action.

12   Put differently, a quid pro quo can involve either taking an official act that is beneficial to the

13   payor, or refraining from taking official action that would be detrimental to the payor.  For ease

14   of reference, I will refer to both as "official action."

15   The payment and the receipt of a bribe are not interdependent offenses because the intent

16   of the party giving the thing of value may be different from the intent of the party receiving the

17   thing of value.  Therefore, the Government only has to prove that Mr. Silver—not the bribe

18   giver—understood that, as a result of the bribe, he was expected to exercise official influence or

19   take official action for the benefit of the payor and, at the time the bribe was accepted, intended

20   to do so as specific opportunities arose.

21   If you find that Mr. Silver understood that the benefits were provided solely to cultivate

22   goodwill or to nurture a relationship with the person or entity who provided the benefit, and not

23   in exchange for any official action, then this element will not have been proven, even if Mr.

18

1    Silver later performed some act that was beneficial to the payor.  On the other hand, if you find

2    that the Government has proven that Mr. Silver accepted payments or things of value intending,

3    at least in part, to take official action in return for those payments as the opportunity arose, then

4    this element will have been proven.

5         It does not matter who initiated the quid pro quo, or whether Mr. Silver ever actually

6    performed his part of the quid pro quo.  If Mr. Silver did perform his part of the quid pro quo, it

7    does not matter whether the actions he took were desirable or beneficial to the public or that his

8    action was only one in an otherwise lawful process.  This element can be proven if you find that

9    Mr. Silver would have taken the same action even if no bribe or had been paid.  The honest

10   services fraud laws are concerned with the manner in which public officials take action, not with

11   whether the official's actions are good or bad or beneficial or detrimental to the public good.

12        I have mentioned several times that honest services fraud involves payments in exchange

13   for "official action."  The natural question then arises, what is "official action"?  An "official

14   act" or "official action" is a decision or action on a specific matter that may be pending or may

15   by law be brought before a public official.

16        An official act must involve a decision, an action, or an agreement to make a decision or

17   to take action.  The decision or action may include using one's official position to exert pressure

18   on or to order another to perform an official act.  It may also include using one's official position

19   to provide advice to another, knowing or intending that such advice will form the basis for an

20   official act by another.

21        The decision or action must be made on a question or matter that involves a formal

22   exercise of governmental power.  That means that the question or matter must be specific,

23   focused, and concrete—for example, the kind of thing that could be put on an agenda and then

1  checked off as complete.  It must be something that may by law be brought before a public

2  official or may, at some time, be pending before a public official.

3        In order to be "official action," the decision or action must be more than just setting up a

4  meeting, consulting with a lobbyist or official, organizing an event, or expressing support for an

5  idea.  Without more, those activities do not constitute "official action."  That is not to say that

6  sort of activity is not relevant.  Such activity may be evidence of an agreement to take official

7  action or of using one's official position to exert pressure on or to order another to take official

8  action.  Such activity could also be evidence of an agreement to provide advice to another,

9  knowing or intending that such advice will form the basis for an official act by someone else.

10  Standing alone, however, setting up a meeting, consulting with a lobbyist or official, organizing

11  an event, or expressing support for an idea does not constitute "official action."

12        You heard testimony about campaign contributions that were given to Mr. Silver and to

13  political campaign organizations associated with Mr. Silver.  A person, including a company, has

14  the Constitutional right to make campaign contributions to political candidates and political

15  organizations.  Contributors have the right to make contributions with the hope that the candidate

16  will support legislation or produce political outcomes that benefit the contributor.  Similarly,

17  politicians have the right to receive contributions, including from people or entities that hope the

18  politicians will enact laws helpful to them.  The Government does not allege that the campaign

19  contributions made by Glenwood were part of a quid pro quo with Mr. Silver or were in any way

20  unlawful, but you can consider Glenwood's contributions if you find those contributions are

21  relevant to its state of mind.

1        **4.        Element Four – Use of Mails or Interstate Wire Communications**

2        For Counts One and Three, the mail fraud counts, the final element that the Government

3    must prove, beyond a reasonable doubt, is the use of the mails to further the scheme to defraud.

4    Use of the mails includes material sent through the United States Postal Service or through a

5    private or commercial interstate carrier, like Federal Express.  To satisfy this element, it does not

6    matter if the mail travelled only within one state.

7        For Counts Two and Four, the wire fraud counts, the final element that the Government

8    must prove, beyond a reasonable doubt, is the use of interstate wire communications to further

9    the scheme to defraud.  The wire communication, such as a telephone call or an e-mail

10   transmission, must pass between two or more states.

11       The mailing or wire communication need not itself be fraudulent, but the Government

12   must prove that the mailing or wire communication was used in some way to further or advance

13   the scheme to defraud.

14       The Government has provided Mr. Silver with a Bill of Particulars specifying particular

15   mailings and wire communications that it alleges satisfy the fourth element of Counts One

16   through Four.  The Bill of Particulars will be provided to you in the jury room.  As to Counts

17   One and Three, in order to find this element satisfied, you must unanimously agree that at least

18   one specific mailing that is set forth in the Bill of Particulars occurred for each count.  You must

19   be unanimous on which mailing you find satisfies this element, but you need only agree on one

20   mailing for each count to find this element satisfied.  Similarly, as to Counts Two and Four, in

21   order to find this element satisfied, you must unanimously agree that at least one particular wire

22   communication set forth in the Bill of Particulars satisfies this element for that count.  As with

1    mailings, you must be unanimous on which wire communication the Government has proven,

2    beyond a reasonable doubt, but you only need to find one wire communication for each count.

3            As long as a mailing or wire communication was made after February 19, 2010, the

4    Government does not need to prove that the mailing or wire communication was made on the

5    exact date listed in the Bill of Particulars; it is sufficient if the evidence establishes, beyond a

6    reasonable doubt, that the mailing or wire communication was made on a date substantially

7    similar to the date listed in the Bill of Particulars.

8            If you find that all of the required elements of honest services mail fraud or wire fraud

9    have been proven, beyond a reasonable doubt, then you must find that Defendant guilty of that

10    charge.  On the other hand, if you find that any element has not been proven as to a particular

11    count, then you must find that Defendant not guilty of that charge.

12    **D.        Counts Five and Six – Extortion under Color of Official Right**

13            Counts Five and Six charge Mr. Silver with extortion under color of official right.  As

14    commonly used, the term "extortion" means coercing someone to give up property as the result

15    of threats of force or violence.  Extortion under color of official right is a little different.

16    Extortion under color of official right occurs when a person uses his position as a public official

17    to obtain property from another that is not legitimately due to him.

18            Counts Five and Six allege that from approximately 2000 to January 2015, Mr. Silver

19    used his position as Speaker of the Assembly and as an elected legislator to obtain things of

20    value not due to him as a public official – specifically, valuable leads for Mesothelioma lawsuits

21    and tax certiorari business – in exchange for official action as the opportunity arose.

22            To sustain its burden of proof on Counts Five and Six, the Government must prove,

23    beyond a reasonable doubt, each of the following four elements:

22

1        <u>First</u>, that Mr. Silver was a public official or held public office;

2        <u>Second</u>, that Mr. Silver obtained property not due to him as a public official;

3        <u>Third</u>, that the property was given to Mr. Silver with the consent of the giver because of

4  Mr. Silver's official position and that Mr. Silver knew that the property was given because of his

5  official position; and

6        <u>Fourth</u>, that interstate commerce or an item moving in interstate commerce was delayed,

7  obstructed or affected in some way or degree.

8        **1.     Element One – Defendant was Public Official**

9        The first element the Government must prove beyond a reasonable doubt is that, at the

10  time of the events charged in the indictment, Mr. Silver was a public official or held public

11  office.

12        **2.     Element Two – Property Not Due That Office**

13        The second element the Government must prove, beyond a reasonable doubt, is that Mr.

14  Silver obtained property that was not legitimately owed to the public office Mr. Silver occupied.

15  The term "property" includes money and tangible and intangible things of value that are capable

16  of being transferred or given from one person to another.

17        In Count Five, the Government alleges that the property that was given was leads for

18  Mesothelioma cases.  Leads are information about the Mesothelioma patients that can be used by

19  attorneys to make contact with and possibly obtain the patients as clients of the firm.  If you find

20  (i) that Dr. Taub gave such information to Mr. Silver; and (ii) that the information had value; and

21  (iii) that such information can be transferred from one person to another, then you should

22  proceed to consider this element.  On the other hand, if you conclude (i) that Dr. Taub just

23  recommended Mr. Silver at Weitz & Luxenberg to his patients, or (ii) that Dr. Taub did not

1    provide leads regarding his Mesothelioma patients to Mr. Silver, or (iii) that the leads did not

2    have value, or (iv) that such leads are not transferrable from one person to another, then the

3    Government has not proven that "property" as required by this element was obtained.  In that

4    instance, you must find that Mr. Silver is not guilty of Count Five.

5            In Count Six, the Government alleges that the property was Glenwood and Witkoff's tax

6    certiorari business that was given to Jay Arthur Goldberg or Goldberg & Iryami.  If you find that

7    (i) Glenwood or Witkoff gave some of its tax certiorari business to Jay Arthur Goldberg or

8    Goldberg & Iryami; and (ii) that the developer's tax certiorari business had value; and (iii) that

9    such business could be transferred from one person to another, then you should proceed to

10   consider this element.  On the other hand, if you determine that (i) neither Glenwood nor Witkoff

11   gave any of their tax certiorari business to Jay Arthur Goldberg or Goldberg & Iryami; or (ii)

12   neither of the developer's tax certiorari business had value; or (iii) such business could not be

13   transferred from one person to another, then the Government has not proven that "property" as

14   required by this element was obtained.  In that instance, you must find Mr. Silver not guilty of

15   Count Six.

16           In order to prove this element, the Government must prove, beyond a reasonable doubt,

17   that Mr. Silver or, at the direction of Mr. Silver, a third party obtained property that was not

18   legitimately owed to Mr. Silver in his official capacity.

19            The Government does not have to prove that the extorted property was of a personal

20   benefit to Mr. Silver or that it was given to him.  It is sufficient for this element that the extorted

21   party gave property to another, either to Mr. Silver or, at the direction of Mr. Silver, to a third

22   party.

1          **3.      Element Three – Misuse of Official Position**

2          The third element that the Government must prove, beyond a reasonable doubt, is that

3  Mr. Silver used the authority of his public office to obtain the extorted property for himself or for

4  a third party and that the extorted property was given at least in part because of Mr. Silver's

5  official position.  In addition, as was the case when I charged you on honest services fraud, the

6  extortion counts require the Government to prove, beyond a reasonable doubt, the existence of a

7  quid pro quo.  As I explained to you earlier, quid pro quo is Latin, and it means "this for that" or

8  "these for those."  To prove a quid pro quo, the Government must prove that Mr. Silver

9  knowingly and intentionally sought or received property, directly or indirectly, in exchange for

10  the promise or performance of official action.  An act is done "knowingly and intentionally" if it

11  is done deliberately and purposefully; that is, the defendant's actions were his conscious

12  objective rather than the product of a mistake or accident, mere negligence or some other

13  innocent reason.  As with honest services fraud, the term "official action" includes taking official

14  action that would benefit the payor and refraining to take official action that would be to the

15  detriment of the payor.  As before, I will use the term "take official action" to include both.

16          To satisfy this element, the Government must prove, beyond a reasonable doubt, that Mr.

17  Silver obtained property to which he was not entitled by his public office, knowing that it was

18  given in return for official acts as the opportunity arose, rather than being given voluntarily and

19  unrelated to Mr. Silver's public office.  The Government must also prove, beyond a reasonable

20  doubt, that the extorted party was motivated, at least in part, by the expectation that as a result of

21  the payment, Mr. Silver would exercise official influence or decision making for the benefit of

22  the extorted party (or would refrain from taking action to the detriment of the extorted party),

23  and that Mr. Silver was aware of their motivation.

1    If you find that Mr. Silver understood that the property at issue was given solely to

2  cultivate goodwill or to nurture a relationship with the person or entity who gave the property

3  and not as an exchange for any official action, then this element has not been proven, even if Mr.

4  Silver later performed some act that was beneficial to the payor or refrained from taking some

5  official action that would have been to the detriment of the payor.  On the other hand, if you find

6  that Mr. Silver accepted the property intending, at least in part, to take official action in exchange

7  for those payments as the opportunity arose, then this element has been satisfied.

8    Again, as I charged you earlier, it is not necessary that Mr. Silver or the person giving the

9  property state the quid pro quo in express or explicit terms.  A quid pro quo can be implied from

10  words and actions, so long as you find that Mr. Silver intended there to be a quid pro quo.

11    The Government also does not have to prove that the property that was extorted was

12  given to Mr. Silver.  It is sufficient for the Government to prove that the property was given, at

13  Mr. Silver's direction, to a third party.

14    This element can be satisfied even if the extorted party initiated the quid pro quo and

15  even if the extorted party and Mr. Silver had a friendly relationship.  If you find either to be the

16  case, however, each is a factor that you should consider in deciding whether the extorted party

17  was motivated, at least in part, to give property because of a belief that Mr. Silver would take

18  official action in exchange for the property.  The Government's burden is to prove that the

19  promise or performance of official action was at least a part of the motivation for the extorted

20  party to give over the property.

21    The Government does not need to prove that Mr. Silver could or actually did perform any

22  specific official act on behalf of the extorted party.  If Mr. Silver did take official action on

23  behalf of the extorted party, it does not matter if the actions he took were desirable or beneficial

1    or that he would have taken the same action regardless of the receipt of property from the

2    extorted party.  The extortion laws, like the honest services fraud laws, are concerned with the

3    manner in which public officials take action, not with whether the official's actions are good or

4    bad.

5           I have previously defined "official action," and that definition applies here as well to

6    Counts Five and Six.

7           **4.**        **Element Four – Affecting Interstate Commerce**

8           If you decide that Mr. Silver obtained property of another under color of official right,

9    then you must determine whether this action affected interstate commerce in any way or degree.

10    That is, you must determine whether there was an actual or potential effect on commerce

11    between any two or more states.  "Commerce between two states" just means that items are

12    bought and sold by entities located in different states.

13         It is not necessary for the Government to prove that commerce actually was affected by

14    Mr. Silver's conduct or that Mr. Silver intended or anticipated that his actions would affect

15    interstate commerce.  It is sufficient if you find that Mr. Silver's conduct possibly or potentially

16    could have affected interstate or foreign commerce.  The Government only needs to prove a very

17    slight or subtle actual or potential effect on interstate commerce.

18           This element is also proven if the natural consequence of Mr. Silver's actions was an

19    actual or potential effect on interstate or foreign commerce.

20           If you find that all of the required elements of extortion have been proven, beyond a

21    reasonable doubt, then you must find that Defendant guilty of that charge.  On the other hand, if

22    you find that any element has not been proven, then you must find the Defendant not guilty of

23    that charge.

1    **E.       Count Seven – Monetary Transactions Involving Proceeds of Unlawful**

2    **Activity**

3    Count Seven of the indictment charges Mr. Silver with the crime of engaging in monetary

4    transactions involving the proceeds of specified unlawful activity.  Specifically, Count Seven

5    charges that Mr. Silver knowingly transferred into various investments more than $10,000

6    received from the crimes charged in Counts One through Six.

7    To sustain its burden of proof on Count Seven, the Government must prove, beyond a

8    reasonable doubt, each of the following elements.

9    First, that Mr. Silver engaged in a monetary transaction in or affecting interstate

10   commerce;

11   Second, that the monetary transaction involved criminally-derived property worth more

12   than $10,000;

13   Third, that the property came from specified unlawful activity;

14   Fourth, that Mr. Silver acted knowingly, meaning with knowledge that the transaction

15   involved proceeds of a criminal offense; and

16   Fifth, that the transaction took place in the United States or that Mr. Silver is a United

17   States person.

18   **1.       Element One – Engaging in a Monetary Transaction**

19   The first element that the Government must prove, beyond a reasonable doubt, is that Mr.

20   Silver engaged in a monetary transaction in or affecting interstate commerce.  A "monetary

21   transaction" is a deposit, withdrawal, transfer, or exchange of funds or a monetary instrument by,

22   through or to a financial institution.  A "monetary instrument" is anything that represents money,

23   such as coins or currency, personal checks, traveler's checks, cashier's checks, bank checks,

1    money orders, investment securities or negotiable instruments.  A "financial institution" is a

2    bank insured by the Federal Deposit Insurance Corporation ("FDIC"), a commercial bank or a

3    trust company.  The transaction must be in or affecting interstate or foreign commerce.  The term

4    "interstate or foreign commerce" means commerce between states, territories or possessions of

5    the United States, or between the United States and a foreign country.

6           To satisfy this element, the Government must prove that the transaction affected

7    interstate or foreign commerce in some way, however minimal.  There are several ways a

8    transaction can affect interstate or foreign commerce.  First, any monetary transaction by or

9    through a financial institution insured by the FDIC affects interstate commerce.  Therefore, if

10    you find that any of the financial institutions involved in the financial transaction at issue was

11    insured by the FDIC, that aspect of this element will have been proven.  Second, if you find that

12    the source of the funds used in the transaction affected interstate or foreign commerce, that is

13    sufficient to satisfy this aspect of the first element as well.  Finally, if you find that the

14    transaction itself involved an interstate transfer of funds, that would also be sufficient.

15          **2.**        **Element Two – Transaction Involved Criminally-Derived Property**

16           The second element that the Government must prove, beyond a reasonable doubt, is that

17    the monetary transaction involved criminally-derived property having a value in excess of

18    $10,000.

19           Property is criminally-derived if it is the proceeds of, or comes from proceeds obtained

20    from, a criminal offense.  The term "proceeds" means any property obtained, directly or

21    indirectly, through some form of unlawful activity.

22           The Government is not required to prove that all of the property involved in the

23    transaction at issue was criminally-derived property.  The Government must prove, however,

1    beyond a reasonable doubt, that more than $10,000 of the property involved was criminally-

2    derived property in order to satisfy this element.

3           **3.     Element Three – Property Derived from Specified Unlawful Activity**

4           The third element that the Government must prove, beyond a reasonable doubt, is that the

5    property involved in the financial transaction was the proceeds of "specified unlawful activity."

6    In this case, the Government has charged that the property was the proceeds of the honest

7    services fraud and extortion charged in Counts One through Six.  I charge you, as a matter of

8    law, that honest services fraud and extortion under color of official right meet the definition of

9    "specified unlawful activity."  Thus, if you find that the property at issue derived, at least in part,

10   from any of the crimes charged in Counts One through Six, this element will have been proven.

11          **4.     Element Four – Knowledge**

12          The fourth element that the Government must prove beyond a reasonable doubt is that

13   Mr. Silver knowingly engaged in an unlawful monetary transaction.

14          As I charged you previously, "knowingly" means to act voluntarily and deliberately

15   rather than mistakenly or inadvertently.  The Government is not required to prove that Mr. Silver

16   knew the particular offense from which the criminally-derived property came.  The Government

17   must prove, however, beyond a reasonable doubt, that Mr. Silver knew that the transaction

18   involved criminally-derived property – that is property derived from proceeds of a criminal

19   offense.

20          **5.     Element Five – Transaction Took Place in the United States**

21          The fifth element that the Government must prove beyond a reasonable doubt is that the

22   transaction took place in the United States or that Mr. Silver is a United States person.  A United

1    States person is a citizen or national of the United States or an alien lawfully admitted to

2    permanently reside in the United States.

3            If you find that all of the required elements of this charge have been proven, beyond a

4    reasonable doubt, then you must find that Defendant guilty of Count Seven.  On the other hand,

5    if you find that any element has not been proven, then you must find that Defendant not guilty of

6    Count Seven.

7            **F.      Willfully Causing**

8            Each count of the indictment charges Mr. Silver with acting as a principal and as one who

9    caused the commission of the individually-charged crimes.  Under federal law, Mr. Silver can be

10   held liable for the crimes set forth in Counts One through Seven either as a principal or as

11   someone who willfully caused others to commit the acts that constitute the offenses charged.

12           A person willfully causes a crime to be committed if he willfully takes some action that

13   causes another to commit the criminal act and if he intended that the crime actually be

14   committed.  I previously defined "willfully," and that definition applies here as well.  If Mr.

15   Silver did both of those things, then he is guilty just as he would be if he committed the crime

16   himself.

17           To find Mr. Silver liable under this provision of federal law, the Government need not

18   prove that Mr. Silver acted through a guilty intermediary.  That is, Mr. Silver can be found liable

19   even if he acted through someone who is entirely innocent of the crimes charged in the

20   indictment.

21           **G.      Persons Not on Trial**

22           Some of the people who may have been involved in the schemes alleged in the

23   indictment are not on trial.  You may not draw any inference, favorable or unfavorable, toward

31

1  the Government or Mr. Silver from the fact that persons other than Mr. Silver were not named as

2  defendants in the Indictment.  In addition, you may not speculate as to the reasons why such

3  persons are not defendants in this trial.  Those matters are wholly outside your concern and have

4  no bearing on your function as jurors.

5       **H.**     **Financial Disclosure Form**

6       You heard testimony regarding and were shown several years of financial disclosure

7  forms filed by Sheldon Silver pursuant to state law.  Mr. Silver has not been charged with any

8  crime based on the way in which he filled out his financial disclosure forms.  You may not find

9  Mr. Silver guilty on any count merely because you believe he should have disclosed more or

10  different information on those forms.  If, however, you find that Mr. Silver knowingly did not

11  fully disclose information sought on those forms, you may consider that as evidence of Mr.

12  Silver's state of mind or as evidence of an intent to mislead the public or to conceal from the

13  public information regarding the nature and source of his income.

14       **I.**     **Statute of Limitations**

15       The statute of limitations for each of the charged crimes is five years.  If you find that Mr.

16  Silver committed honest services fraud or extortion, or engaged in illegal monetary transactions,

17  but no aspect of the particular crime occurred after February 19, 2010, then you must acquit on

18  that charge because it is barred by the statute of limitations.  If, on the other hand, you find that

19  any aspect of the crime you are considering continued on or after February 19, 2010, then the

20  statute of limitations as to that charge has been complied with.

21       More specifically, as to each count of wire or mail fraud, you must find that a wire

22  communication or mailing, respectively, was made after February 19, 2010 in furtherance of that

23  crime.  As to each extortion count, you must find that Mr. Silver or, at the direction of Mr.

1   Silver, a third party obtained property or money from the scheme after February 19, 2010.

2   Finally, as to the illegal monetary transactions count, you must find that Mr. Silver engaged in an

3   illegal monetary transaction after February 19, 2010.

4   **IV.    FINAL INSTRUCTIONS**

5       **A.      Right to See Exhibits and Hear Testimony; Communications with Court**

6       You are about to begin your deliberations.

7       We will send all of the exhibits into the jury room for your use during deliberations.  If

8   you want any further explanation of the law or to hear any testimony read back, you may request

9   that.  If you ask for any testimony to be re-read, please be as specific as possible so that we can

10  identify exactly what you want to be read and not waste time reading testimony you do not want

11  read back.  If there is any doubt or question about the meaning of any part of the instructions that

12  I have given you, you should not hesitate to send me a note asking for clarification or for a

13  further explanation.

14      It is very important that you not communicate with anyone outside the jury room about

15  your deliberations or about anything touching on this case.  There is only one exception to this

16  rule.  If it becomes necessary during your deliberations to communicate with me, you should

17  send a note to me, in writing, signed by your foreperson, and give it to the Marshal, who will be

18  available outside the jury room throughout your deliberations.  No member of the jury should

19  ever attempt to communicate with me except by a signed writing, and I will never communicate

20  with a member of the jury on any subject touching on the merits of the case other than in writing

21  or orally here in open court.  If you send any notes to the Court, do not disclose anything about

22  your deliberations.  Specifically, do not disclose to anyone – not even to me – how the jury

23  stands, numerically or otherwise, until after you have reached a unanimous verdict or have been

24  discharged.

1      **B.      Notes**

2            Some of you have taken notes throughout this trial.  I want to emphasize to you that notes

3      are simply an aid to memory.  Your notes may not be given any greater weight or influence in

4      the determination of the case than the recollections of other jurors.  Any difference between a

5      juror's recollection and another juror's notes should be settled by asking to have the court

6      reporter read back the transcript, because it is the court record that the jury must rely on when

7      making a determination of the facts and rendering a verdict.

8      **C.      Duty to Deliberate / Unanimous Verdict**

9            You will now retire to decide your verdict on each of the seven counts of the indictment.

10     As I have already explained, for the Government to prevail on a particular charge, the

11     Government must prove each essential element of that charge beyond a reasonable doubt.  If the

12     Government carries its burden, you must find Mr. Silver guilty of that charge.  Otherwise, you

13     must find him not guilty of that charge.

14           Your verdict on each count must be unanimous.  As I instructed you earlier, as to Counts

15     One, Two, Three, and Four, you cannot convict unless you are unanimous on at least one mailing

16     or wire communication that appears in the Bill of Particulars to satisfy the fourth element for

17     each of those counts.  Additionally, as to Count 6, you cannot convict unless you are unanimous

18     as to which developer was extorted—Glenwood, Witkoff, or both.

19           Each juror is entitled to his or her opinion, but you are also required to exchange views

20     with your fellow jurors.  That is the very essence of jury deliberation.  If you have a point of

21     view and after discussing it with other jurors it appears that your own judgment is open to

22     question, then of course you should not hesitate to yield your original point of view if you are

23     convinced that the other view is one that satisfies your judgment and conscience.  Do not give up

1    a point of view that you conscientiously believe simply because you are outnumbered.  You

2    should vote with the others only if you are convinced – on the evidence, the facts, and the law –

3    that it is the correct way to decide the case.  After any breaks or when you arrive in the morning,

4    if your deliberations last more than one day, do not begin to discuss the case until all jurors are

5    present.

6         **D.**      **Selecting a Foreperson and the Foreperson's Duties**

7         The first thing you should do when you retire to deliberate is to select one of you to act as

8    your foreperson.  Traditionally, Juror #1 is the foreperson, but that is only tradition.  You are free

9    to select any of your members as your foreperson.

10        **E.**      **Verdict Form and Return of Verdict**

11        Once you have reached your verdict, you must record it on the verdict form that I have

12    prepared for you.  The foreperson should fill in the verdict sheet, date it, and sign it.  The

13    foreperson should then give a note to the Marshal outside your door stating that you have

14    reached a verdict.  Do not specify what the verdict is in the note.  The foreperson should keep the

15    verdict sheet until I ask for it.  You must all be in agreement with the verdict that is announced in

16    court.

17        **F.**      **Exceptions**

18        Please remain seated while I confer with the attorneys.

19                             [Confer at sidebar]

20                             [Swear the Marshal]

1      **G.    Oath**

2      I remind you that at the very beginning of the case you took an oath.  Your oath sums up

3      your duty.  You must well and truly try the matters in issue and render a true verdict according to

4      the law and the evidence.

5                #                #                #

6      You may now retire to the jury room and begin your deliberations.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

UNITED STATES OF AMERICA,   :

             :    VERDICT SHEET

     -v-       :    15-CR-93 (VEC)

             :

SHELDON SILVER,      :

        Defendant.  :

------------------------------------------------------------------------X

All jurors must agree on the answers to all of the questions.  Please indicate your verdict with a check mark (✔).

## COUNT ONE:
## Honest Services Mail Fraud

On the charge of honest services mail fraud as to the Mesothelioma scheme, we the jury find the Defendant, SHELDON SILVER:

   Guilty_____     Not Guilty_____

## COUNT TWO:
## Honest Services Wire Fraud

On the charge of honest services wire fraud as to the Mesothelioma scheme, we the jury find the Defendant, SHELDON SILVER:

   Guilty_____     Not Guilty_____

## COUNT THREE:
## Honest Services Mail Fraud

On the charge of honest services mail fraud as to the tax certiorari scheme, we the jury find the Defendant, SHELDON SILVER:

   Guilty_____     Not Guilty_____

## COUNT FOUR:
## Honest Services Wire Fraud

On the charge of honest services wire fraud as to the tax certiorari scheme, we the jury find the Defendant, SHELDON SILVER:

   Guilty_____     Not Guilty_____

[1]

## COUNT FIVE:
## Extortion under Color of Official Right

On the charge of extortion under color of official right as to the Mesothelioma scheme, we the jury find the Defendant, SHELDON SILVER:

      Guilty_____           Not Guilty_____

## COUNT SIX:
## Extortion under Color of Official Right

On the charge of extortion under color of official right as to the tax certiorari scheme, we the jury find the Defendant, SHELDON SILVER:

      Guilty_____           Not Guilty_____

## COUNT SEVEN:
## Monetary Transactions Involving Crime Proceeds

On the charge of monetary transactions involving crime proceeds, we the jury find the Defendant, SHELDON SILVER:

      Guilty_____           Not Guilty_____

*You are finished.  The foreperson should ensure that each juror agrees with the answer to each question.  If so, the foreperson should date and sign below.*

Dated:  _____, 2018

_____
Foreperson

[2]