Case 1:15-cr-00093-VEC   Document 508   Filed 06/17/20   Page 1 of 2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

June 17, 2020

**By ECF**

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *United States v. Sheldon Silver*,
                S1 15 Cr. 93 (VEC)

Dear Judge Caproni:

      The Government respectfully writes in advance of defendant Sheldon Silver's resentencing, which is scheduled for July 20, 2020, at 2:00 p.m. The evidence at both the defendant's initial trial and his retrial demonstrated that he repeatedly corrupted the power of his office for personal profit and caused severe damage to the public trust. As the United States Probation Office explained in connection with his most recent sentencing:

> . . . We believe that the defendant was motivated by greed.
>
> Silver is an example of why the public has lost faith in their elected officials. . . . To restore the faith in the public who believe in our political system and to make an example for our elected officials who are tempted to dip into the pool of corruption, we believe that a significant sentence to a term of imprisonment is warranted.

(Presentence Investigation Report, dated July 5, 2018, at 37.)

      While the Government continues to believe, as it has at each of the defendant's prior sentencings, that a sentence substantially in excess of 10 years' imprisonment would be appropriate given the brazenness and gravity of the defendant's crimes, and the need for general deterrence, the Government acknowledges that, at the last sentencing proceeding, this Court evaluated the evidence, with which it was and remains intimately familiar, and the factors set forth in 18 U.S.C. § 3553(a), and concluded that a term of 84 months' imprisonment was sufficient but not greater than necessary to promote the legitimate ends of sentencing. Nothing about the evidence or those factors has materially changed since that proceeding,

Hon. Valerie E. Caproni
June 17, 2020
Page 2

notwithstanding the Second Circuit's partial vacatur. *See United States v. Silver*, 948 F.3d 538, 577 (2d Cir. 2020) ("With respect to the HCRA grants, Silver received a thing of value in return for exerting official influence on a particular matter. This is a classic example of bribery, and, but for the statute of limitations, Silver's conviction for the Mesothelioma Scheme would stand, regardless of the jury instructions."). The Government accordingly respectfully requests that the Court reimpose that sentence or a substantially similar one, and also reorder a substantial fine.[1]

                        Respectfully submitted,

                        GEOFFREY S. BERMAN
                        United States Attorney

                By: s/ Daniel C. Richenthal
                    Daniel C. Richenthal
                    Damian Williams
                    Assistant United States Attorneys
                    (212) 637-2109/2298

cc:    (by ECF)

       Counsel of Record

---

[1] To the extent that the defendant may advance new arguments in favor of leniency, the Government reserves the right to respond.