# JONES DAY

250 VESEY STREET • NEW YORK, NEW YORK 10281.1047

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3808
Jloonam@jonesday.com

July 20, 2020

BY ECF

The Honorable Valerie E. Caproni
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>United States v. Sheldon Silver, 15 Cr. 093 (VEC)</u>

Dear Judge Caproni:

    We respectfully submit this letter on behalf of Mr. Silver pursuant to the Court's Order of July 17, 2020, which directed the defendant to file a letter regarding (1) Mr. Silver's financial condition in light of the proposed Consent Preliminary Order of Forfeiture, submitted by the government on July 16, 2020 (ECF No. 521) ("Consent Order"), (2) the status of any litigation concerning his pension, and (3) collateral consequences that will result from a term of incarceration.

    Mr. Silver's financial condition will have improved under the Consent Forfeiture Order, when compared to his financial condition at the time of his first re-sentencing on July 27, 2018. As noted by the government, the Second Circuit's vacatur of Counts One, Two and Five substantially reduced the amount of criminally derived proceeds and gain therefrom that are subject to forfeiture.[1] As we noted during the recent teleconference, however, Mr. Silver has additional tax obligations that will flow from the payment of fines and forfeitures in this case that are not reflected in the Consent Order or Presentence Investigation Report. We respectfully submit that these tax obligations, which will have to be paid out of any remaining funds after forfeitures and fines, should be considered by the Court in assessing Mr. Silver's financial condition.

---

[1] The previous preliminary order of forfeiture contemplated a monetary judgment in the amount of $3,737,808.53 plus forfeiture of unvalued specific assets. (ECF No. 482). The current proposed preliminary order of forfeiture contemplates a monetary judgment of $1,355,927.10 plus forfeiture of unvalued specific assets (ECF 521), which is approximately 64% less than the prior preliminary order. As explained by the government during the recent teleconference, the current monetary judgment amount undervalues the amount of cash forfeited because some, if not all, of the unvalued specific assets have now been liquidated for a substantial amount of cash. At present, neither the government nor the defendant has clarity on the total cash value of the liquidated assets.

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SAUDI ARABIA • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

The Honorable Valerie E. Caproni
July 20, 2020
Page 2

      As noted during the teleconference, it is our understanding that Mr. Silver will owe taxes on all gains and income from the Seized Funds, as that term is defined in the Consent Order. *See Carione v. Comm'r of IRS*, TC Memo. 2008-262 (2008) (holding that criminal defendant's seized assets held in escrow with court became taxable gain to defendant when the court ordered those assets to be paid on the forfeiture judgment against him); *Carione v. United States*, 368 F. Supp. 2d 186 (E.D.N.Y. 2005) (holding that proceeds of sale of S corporation's business assets, held in escrow and then directly transferred to the Government to satisfy an outstanding criminal forfeiture judgment, produced taxable income in year proceeds were released from escrow).

      We do not have a complete accounting of all of the assets restrained under the Post Indictment Restraining Order (ECF No. 30). Based on the information available to us, we understand that Mr. Silver's interests in Clover Communities Fund I, LP and Clover Communities Fund II LP have been liquidated with an approximate net taxable gain (after deducting cost basis) of $240,570,[2] and $150,149 respectively. We also understand that Mr. Silver's interest in Clover-Brighton Square was liquidated, but we do not have information regarding the cash value of the investment. The entirety of these interests will be forfeited to the government pursuant to the Consent Order and Mr. Silver will be taxed on these gains. In addition, the United States Marshals Service liquidated Mr. Silver's investment and retirement accounts, which will also result in substantial tax obligations regardless of whether the funds are used to pay forfeitures or fines, or are returned to Mr. Silver as remaining assets. We understand that the Fidelity investment account, with account number 613438626, resulted in a net taxable gain of $125,528, and that the Morgan Stanley investment account, with account number 901010095, resulted in a net taxable gain of $127,950. We further understand that the Marshals liquidated Mr. Silver's tax-deferred retirement account at Fidelity, with account number 614856932, which will be taxed in its entirety as both ordinary income (for contributions) and capital gains (for gains), for which we do not have a break down. Furthermore, the $153,408.26 in fees held by Goldberg & Iryami PC will be taxed as ordinary income.

      Regarding Mr. Silver's pension, we are not aware of any litigation concerning his pension.[3]

      Regarding financial collateral consequences of a term of imprisonment, like all incarcerated defendants who are otherwise eligible for Social Security benefits, Mr. Silver will

---

[2] We have received information from JoRon Management LLC ("JoRon") that Mr. Silver's 5% interest in Clover Communities Fund 1, LP ("Clover I") held through JoRon has a net gain of $120,285.09. Mr. Silver holds another 5% interest in Clover I through Michael Joseph, which we understand to have resulted in an equal net gain for a total net taxable gain of $240,570.18.

[3] We are aware of the reference to such litigation in the Presentence Report revised on August 1, 2018. We speculate that this may be the result of a miscommunication regarding proposed legislation to claw-back pensions of convicted state elected officials.

JONES DAY

The Honorable Valerie E. Caproni
July 20, 2020
Page 3

lose his benefits should the Court sentence him to a term of incarceration.  *See* 42 U.S.C. § 402(x); 20 C.F.R. § 404.468.[4]

                    Respectfully submitted,

                    /s/ James P. Loonam
                    James P. Loonam
                    Meir Feder
                    Colleen Noonan Ryan
                    Abigael Bosch

cc: Counsel of record (ECF)

---

[4] After further investigation, we determined that there will be no collateral consequence to Ms. Rosa Silver's health insurance coverage.