```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/20/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                 :
UNITED STATES OF AMERICA                                         :     CONSENT PRELIMINARY
                                                                 :     ORDER OF
          -v.-                                                   :     FORFEITURE AS TO SPECIFIC
                                                                 :     PROPERTY/MONEY
SHELDON SILVER,                                                  :     JUDGMENT
                                                                 :
          Defendant.                                             :     S1 15 Cr. 93 (VEC)
                                                                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 23, 2015, SHELDON SILVER (the "defendant"), was charged in a seven-count superseding Indictment, S1 15 Cr. 93 (VEC) (the "Indictment"), with honest services mail fraud, in violation of Title 18, United States Code, Sections 1341, 1346, and 2 (Counts One and Three); honest services wire fraud, in violation of Title 18, United States Code, Sections 1343, 1346, and 2 (Counts Two and Four); extortion under color of official right, in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Five and Six); and engaging in monetary transactions involving criminal proceeds, in violation of Title 18, United States Code, Sections 1957 and 2 (Count Seven);

WHEREAS, the Indictment included a forfeiture allegation with respect to Counts One through Six of the Indictment providing notice that, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, the United States seeks the forfeiture of all property, real and personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses alleged in Counts One through Six of the Indictment, including, but not limited to, all of the defendant's right, title, and interest in:

    a.    Any and all funds on deposit in HSBC Bank, Account Number 646014943, held in the name of Sheldon Silver, Counselor at Law;

b. $368,000 on deposit in HSBC Bank, Account Number 761883860, held in the name of JoRon Management LLC;

c. $100,000 on deposit in Bank of America, Account Number 483025986924, held in the name of Counsel Financial Holdings LLC;

d. Any and all funds on deposit in Synchrony Bank, Account Number 5005138390, held in the name of Sheldon Silver;

e. Any and all funds and assets on deposit in Fidelity Investments, Account Number 614856932, held in the name of Sheldon Silver;

f. Any and all funds and assets on deposit in Fidelity Investments, Account Number 613438626, held in the name of Sheldon Silver;

g. Any and all funds and assets on deposit in Bank of New York Mellon, Account Number 980215084245, held in the name of Sheldon Silver;

h. Any and all funds and assets on deposit in Morgan Stanley Smith Barney, Account Number 901010095, held in the name of Sheldon Silver;

i. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of: JoRon Management LLC; Counsel Financial Services LLC and/or Counsel Financial Holdings LLC; Alpha Orbit LLC; Clover Communities Fund I, L.P.; Clover Communities Fund II L.P.; Clover Communities Fund III, L.P.; Clover-Brighton Square; Lerer Ventures II, L.P.; and NewSat; and

j. All right, title, and interest in the real property and appurtenances known and described as 32 Mountain Drive, Woodridge, New York,

and all property traceable thereto (a through j, collectively, the "Indictment Assets");

WHEREAS, the Indictment included a second forfeiture allegation with respect to Count Seven of the Indictment, providing notice that, pursuant to Title 18, United States Code, Section 982, the United States seeks the forfeiture of, all property, real and personal, involved in the offense and all property traceable to such property, including but not limited to all of the defendant's right, title, and interest in the Indictment Assets;

WHEREAS, on or about May 11, 2018, the defendant was found guilty as to Counts One through Seven of the Indictment;

WHEREAS, on or about October 22, 2018, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "First Forfeiture Order") (Dkt. No. 482) imposing a forfeiture money judgment in the amount of $3,739,808.53 and forfeiting all of the defendant's right, title, and interest in the following assets (subject to the defendant's appeal of his conviction):

    a. $429,155.98 formerly on deposit at HSBC Bank, in account number 646014943, held in the name of Sheldon Silver, Counselor at Law (the "HSBC Funds");

    b. $1,453,591.99 formerly held by Counsel Financial Holdings LLC in the names of Rosa Silver and/or Sheldon Silver (the "Counsel Funds");

    c. $227,046.69 formerly on deposit at Synchrony Bank in account number 5005138390, held in the name of Sheldon Silver (the "Synchrony Funds");

    d. $733,837.01 formerly on deposit in Fidelity Investments, account number 614856932, held in the name of Sheldon Silver (the "Fidelity Funds-1");

    e. $169,221.18 formerly on deposit in Fidelity Investments, account number 613438626, held in the name of Sheldon Silver (the "Fidelity Funds-2");

    f. $136,748.18 formerly on deposit in Bank of New York Mellon, account number 980215084245, held in the name of Sheldon Silver (the "Mellon Funds");

    g. $339,928.70 formerly on deposit in Morgan Stanley Smith Barney, account number 901010095, held in the name of Sheldon Silver (the "Smith Barney Funds");

    h. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at JoRon Management LLC, including, but not limited to, distributions totaling at least $43,935.17 currently held by the United States Marshals Service;

    i. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Alpha Orbit LLC;

j. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover Communities Fund I, L.P., including, but not limited to, distributions totaling at least $52,280.83 currently held by the United States Marshals Service;

k. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover Communities Fund II L.P.;

l. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover Communities Fund III, L.P.;

m. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover-Brighton Square;

n. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Lerer Ventures II, L.P.;

o. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at NewSat;

p. All right, title, and interest in any fees paid or to be paid to Sheldon Silver by Goldberg & Iryami, P.C., including but not limited to $153,408.26 currently held by the United States Marshals Service (the "Goldberg & Iryami Fees");

q. All right, title, and interest in any fees paid or to be paid to Sheldon Silver by Weitz & Luxenberg related to any referrals from Robert Taub, including, but not limited to, $109,069.25 currently being held by Weitz & Luxenberg (the "W&L Fees"); and

r. Any and all share certificates or other ownership interest held by Sheldon Silver in Synacor Inc.;

WHEREAS, following the entry of the First Forfeiture Order, the Government seized the HSBC Funds, the Mellon Funds, the Synchrony Funds, the Counsel Funds, the Fidelity Funds-1, the Fidelity Funds-2, and the Smith Barney Funds (collectively, with the Goldberg & Iryami Fees, the "Seized Funds");

WHEREAS, on or about January 21, 2020, the United States Court of Appeals for the Second Circuit vacated the defendant's convictions on Counts One, Two and Five of the

4

Indictment, affirmed the defendant's convictions on the other counts of the Indictment, and remanded this matter for resentencing;

WHEREAS, the defendant consents to the entry of a money judgment in the amount of $1,355,927.10 in United States currency, representing (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C), proceeds traceable to Counts Three, Four, and Six of the Indictment that the defendant personally obtained and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), property involved in the offense charged in Count Seven of the Indictment that the defendant personally obtained;

WHEREAS, the defendant and the United States agree that (1) $1,355,927.10 of the Seized Funds shall be applied as a payment in full satisfaction of the Money Judgment; (2) the remainder of the Seized Funds shall be applied to any fine imposed by the Court (the "Fine Payment"); and (3) any of the Seized Funds remaining after the Money Judgment Payment and the Fine Payment shall be transferred to the defendant;

WHEREAS, the defendant and the United States further agree that the W&L Fees currently held by Weitz & Luxenberg, as of the date of this Order, no longer need be restrained by Weitz & Luxenberg and may be transferred to the defendant;

WHEREAS, the defendant and the United States further agree that any future fees paid or to be paid to Sheldon Silver by Weitz & Luxenberg may also be transferred to the defendant, provided that such fees do not relate to referrals from Robert Taub made prior to 2008;

WHEREAS, the defendant agrees that any future fees to be paid to Sheldon Silver by Weitz & Luxenberg to the extent those fees relate to referrals from Robert Taub made prior to 2008 (the "Pre-2008 Taub Referrals W&L Fees") are subject to forfeiture to the United States

5

pursuant to Title 18, United States Code, Section 981(a)(1)(C); the defendant consents to the administrative or civil forfeiture of the Pre-2008 Taub Referrals W&L Fees, and agrees that he will not file a claim or a petition for remission or mitigation or otherwise contest the civil or administrative forfeiture of the Pre-2008 Taub Referrals W&L Fees, and will not assist anyone else in doing so; and the defendant also waives all rights to service or notice of the any administrative or civil forfeiture proceeding with respect to the Pre-2008 Taub Referrals W&L Fees;

WHEREAS, the defendant additionally consents to the forfeiture of all his right, title, and interest in the following property which constitute proceeds traceable to the offenses charged in Counts Three, Four and Six of the Indictment that the defendant personally obtained and/or property involved in the offense charged in Count Seven of the Indictment that the defendant personally obtained:

   a. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at JoRon Management LLC, including, but not limited to, distributions totaling at least $43,935.17 currently held by the United States Marshals Service;

   b. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Alpha Orbit LLC;

   c. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover Communities Fund I, L.P., including, but not limited to, distributions totaling at least $250,661.02 currently held by the United States Marshals Service;

   d. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover Communities Fund II L.P.;

   e. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover Communities Fund III, L.P.;

    f. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Clover-Brighton Square;

    g. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at Lerer Ventures II, L.P.;

    h. Any and all funds, assets, accounts, or notes held by, in the name of, as nominee for, and/or for the benefit of Sheldon Silver at NewSat;

(a through h, collectively, the "Specific Property"); and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Geoffrey S. Berman, United States Attorney, Assistant United States Attorneys Daniel C. Richenthal and Damian Williams, of counsel, and the defendant, and his counsel, James P. Loonam, Esq., that:

1. As a result of the offenses charged in Counts Three, Four, Six, and Seven of the Indictment, to which the defendant was found guilty, a money judgment in the amount of $1,355,927.10 in United States currency (the "Money Judgment") shall be entered against the defendant.

2. $1,355,927.10 of the Seized Funds shall be applied as a payment in full satisfaction of the Money Judgment (the "Money Judgment Payment"). The remainder of the Seized Funds shall be applied to any fine imposed by the Court at sentencing, and any Seized Funds remaining

after the Money Judgment Payment and the Fine Payment (the "Remaining Funds") shall be transferred to the defendant.

3. The Remaining Funds, to the extent any exist, shall be transferred to the defendant in a manner consistent with the UFMS Vendor Request Form to be completed by defendant through his attorney James P. Loonam, Esq.

4. As a result of the offenses charged in Counts Three, Four, Six and Seven of the Indictment, to which the defendant was found guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States.

5. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, SHELDON SILVER, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

6. The United States Marshals Service is authorized to deposit the Money Judgment Payment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

7. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

8. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States

is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

9. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

10. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

11. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

12. The defendant shall not file a claim or a petition for remission or mitigation or otherwise contest the civil or administrative forfeiture of the Pre-2008 Taub Referrals W&L Fees,

and will not assist anyone else in doing so. The defendant has waived all rights to service or notice of the any administrative or civil forfeiture proceeding with respect to the Pre-2008 Taub Referrals W&L Fees.

13. The Post-Indictment Restraining Order, dated April 2, 2015 (Dkt. No. 30), to the extent it otherwise remains in force, is hereby vacated.

14. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

16. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which

will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____     7/20/20
DANIEL C. RICHENTHAL                     DATE
DAMIAN WILLIAMS
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2109/2298


SHELDON SILVER

By: _____     7/20/20
SHELDON SILVER                           DATE

By: _____     7/20/20
JAMES P. LOONAM, Esq.                    DATE
Attorney for Defendant
Jones Day
250 Vesey Street
New York, NY 10281
(212) 326-3808


SO ORDERED:

_____          7·20·20
HONORABLE VALERIE E. CAPRONI             DATE
UNITED STATES DISTRICT JUDGE

11